Lara L. DeCaro (State Bar No. 226037)
**LELAND, PARACHINI, STEINBERG,**
**MATZGER & MELNICK, L.L.P.**
199 Fremont St., 21st Floor
San Francisco, CA 94105
Telephone: (415) 957-1800
Facsimile: (415) 974-1520

Henry G. Wykowski (State Bar No. 068255)
**HENRY G. WYKOWSKI & ASSOCIATES**
235 Montgomery Street, Suite 657
San Francisco, CA 94104
Telephone: (415) 788-4545
Facsimile: (415) 788-4546

*Attorneys for Claimant*
BERKELEY PATIENTS GROUP, INC.

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>REAL PROPERTY AND IMPROVEMENTS LOCATED AT 2366 SAN PABLO AVE., BERKELEY, CALIFORNIA<br><br>  Defendant. | No. CV 13-2027 JST<br><br>**NOTICE OF MOTION AND MOTION BY CLAIMANT BERKELEY PATIENTS GROUP, INC. FOR AN ORDER STRIKING PORTIONS OF COMPLAINT (F.R.C.P. Rule 12(f).); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION**<br><br>**Date: August 29, 2013**<br>**Time: 2:00 p.m.**<br>**Court Room No. 9**<br><br>**The Honorable Jon S. Tigar** |

HENRY G.
WYKOWSKI &
ASSOCIATES
ATTORNEYS AT LAW

CLAIMANT BPG'S MOTION FOR ORDER STRIKING PORTIONS OF COMPLAINT
*United States v. Real Property Improvements., CV 13-2027 JST*

1

TO ALL INTERESTED PARTIES AND CLAIMANTS AND THEIR ATTORNEYS OF RECORD:

NOTICE IS HEREBY GIVEN that on August 29, 2013 at 2:00 p.m., or as soon thereafter as the matter may be heard, claimant Berkeley Patients Group ("BPG") will move the above mentioned Court, located at 450 Golden Gate Ave., Courtroom No. 9, San Francisco, CA 94102 for an order pursuant to Federal Rules of Civil Procedure, Rule 12(f), striking the following allegations of plaintiff's complaint on the grounds that they are improper as they are "redundant, immaterial, impertinent, or scandalous" matter that serve no proper purpose in the complaint:

1. The allegation that "Color Me Children Preschool is located on Bancroft Way, in Berkeley, California. BPG, which is located at 2366 San Pablo Avenue, Berkeley, California, is within 1000 feet of Color Me Children Preschool." (Complaint, ¶11.)

2. The allegation that "The Nia House Learning Center, a Montessori toddler and preschool program is located in 9th Street, in Berkeley, California. The defendant real property is within 1000 feet of the Nia House Learning Center." (Complaint, ¶12.)

3. The allegation that "According to BPG's website (www.mybpg.com), BPG is open seven days a week – from 9:00 a.m. to 9:00 p.m." (Complaint, ¶13.)

4. The portion of the allegation in paragraph 16 reading "… and that the dispensary would be operating within 1000 feet of two pre-schools." (Complaint, ¶16.)

This motion is based upon this Notice, the records and papers on file herein, the attached

//

//

CLAIMANT BPG'S MOTION FOR ORDER STRIKING PORTIONS OF COMPLAINT
*United States v. Real Property Improvements., CV 13-2027 JST*

HENRY G.
WYKOWSKI &
ASSOCIATES
ATTORNEYS AT LAW

2

Memorandum of Points and Authorities, and on such other evidence as may be presented at the hearing of this motion.

Dated: June 25, 2013                  HENRY G. WYKOWSKI & ASSOCIATES

By:    /s/ Henry G. Wykowski
HENRY G. WYKOWSKI
*Attorneys for Claimant*
BERKELEY PATIENTS GROUP, INC.

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR ORDER STRIKING PORTIONS OF COMPLAINT
### (F.R.C.P. Rule 12(f).)

### I.     STATEMENT OF FACTS

This is an *in rem* forfeiture action against the property at which Claimant Berkeley Patients Group ("BPG") operates a medical cannabis dispensary pursuant to the law of the state of California. The dispensary is fully permitted and licensed by the City of Berkeley. It has served the people of Berkeley, with the full support of the city government, since 1999.

The sole basis on which the United States seeks to forfeit the subject property is that it allegedly "was used or intended to be used, to commit or facilitate the commission of the distribution, cultivation and possession with the intent to distribute and cultivate marijuana" pursuant to Title 21, United States Code, Section 881(a)(7). *See* Complaint for Forfeiture, ¶ 22.

"Proximity to a school" is *not* an element of any offense alleged in the Complaint. Nevertheless, the Complaint contains the following curious, out-of-place, verbiage:

CLAIMANT BPG'S MOTION FOR ORDER STRIKING PORTIONS OF COMPLAINT
*United States v. Real Property Improvements., CV 13-2027 JST*

3

HENRY G.
WYKOWSKI &
ASSOCIATES
ATTORNEYS AT LAW

"11.     Color Me Children Preschool is located on Bancroft Way, in Berkeley, California. BPG, which is located at 2366 San Pablo Avenue, Berkeley, California, is within 1000 feet of Color Me Children Preschool.

12.     The Nia House Learning Center, a Montessori toddler and preschool program is located in 9th Street, in Berkeley, California. The defendant real property is within 1000 feet of the Nia House Learning Center.

13.     According to BPG's website (www.mybpg.com), BPG is open seven days a week – from 9:00 a.m. to 9:00 p.m."

These allegations regarding "proximity to a school" are "immaterial" and "impertinent" matter with respect to the lawsuit. Simply put, they are not relevant whatsoever to the pleaded Claim for Relief. Accordingly, these allegations are subject to a motion to strike brought under F.R.C.P. Rule 12(f).

## II.     STATEMENT OF LAW

A motion to strike may be used to strike improper matters contained in a pleading. F.R.C.P. Rule 12(f). Any matter that is "redundant, immaterial, impertinent, or scandalous" is subject to being stricken. Here, the portions of the complaint which refer to the defendant property allegedly being less than 1000 feet from a school are "immaterial" and "impertinent" matter. They should be stricken on this ground.

CLAIMANT BPG'S MOTION FOR ORDER STRIKING PORTIONS OF COMPLAINT
*United States v. Real Property Improvements., CV 13-2027 JST*

HENRY G. WYKOWSKI & ASSOCIATES
ATTORNEYS AT LAW

4

### III. ARGUMENT: THE COURT MAY STRIKE OUT ALLEGATIONS IN A PLEADING THAT ARE IMPROPER IN THAT THEY ARE "IMMATERIAL" OR "IMPERTINENT".

The motion to strike may be used to strike out improper matter inserted in a pleading. *Wilkerson v. Butler*, 229 F.R.D. 166, 170-171 (E.D. Cal. 2005) (immaterial allegations were stricken from the complaint); *Gleason v. Chain Service Restaurant*, 300 F.Supp. 1241, 1259-1260 (S.D.N.Y. 1969), aff'd 422 F.2d 342 (2nd Cir. 1970) (irrelevant allegations were stricken from the complaint). Prejudicial and inflammatory matter is also subject to being stricken from a complaint. *Bureerong v. Uvawas*, 922 F.Supp. 1450, 1479 (C.D. Cal. 1996).

Here, the language regarding BPG being less than 1000 feet from a school (or preschool) should be stricken from the complaint because it is entirely irrelevant to the claim for relief. BPG's distance from a school makes it no more and no less likely that a violation of 21 U.S.C. §881 has occurred. It simply is not an element of the claim.

Moreover, the presence of these allegations in the complaint could be prejudicial and inflammatory. For example, obviously the United States stands to gain an advantage from the perception that they filed this lawsuit in order to protect the young attendees of an institution named "Color Me Children Preschool". But the reality is that the *claim for relief* does not involve Color Me Children at all, and the name was inserted in the complaint solely for purposes of window dressing. The matter should properly be stricken on these grounds.

### IV. CONCLUSION

The allegations of paragraphs 11, 12 and 13 of the Complaint, which make reference to BPG allegedly being located less than 1000 feet from a school, serve no legitimate purpose in the action. Moreover, they are prejudicial to BPG. These allegations are pure editorializing and

CLAIMANT BPG'S MOTION FOR ORDER STRIKING PORTIONS OF COMPLAINT
*United States v. Real Property Improvements., CV 13-2027 JST*

5

HENRY G.
WYKOWSKI &
ASSOCIATES
ATTORNEYS AT LAW

1  therefore they should be stricken.  BPG respectfully requests that its Rule 12(f) motion be granted
2  on these grounds.

Dated: June 25, 2013                                    HENRY G. WYKOWSKI & ASSOCIATES


                                          By:    /s/ Henry G. Wykowski
                                                 HENRY G. WYKOWSKI
                                                 *Attorneys for Claimant*
                                                 BERKELEY PATIENTS GROUP, INC.

HENRY G.
WYKOWSKI &
ASSOCIATES
ATTORNEYS AT LAW

CLAIMANT BPG'S MOTION FOR ORDER STRIKING PORTIONS OF COMPLAINT
*United States v. Real Property Improvements., CV  13-2027 JST*

6

## CERTIFICATE OF SERVICE

I certify that copies of the above document was served electronically on June 25, 2013 on counsel of record in compliance with Federal Rule of Civil Procedure 5 and the local rules of the Northern District, by use of the Court's ECF system.

/s/ Henry G. Wykowski
Henry G. Wykowski

HENRY G. WYKOWSKI & ASSOCIATES
ATTORNEYS AT LAW

CLAIMANT BPG'S MOTION FOR ORDER STRIKING PORTIONS OF COMPLAINT
*United States v. Real Property Improvements., CV 13-2027 JST*