MELINDA HAAG (CABN 132612)
United States Attorney

J. DOUG WILSON (DCBN 412811)
Chief, Criminal Division

ARVON J. PERTEET (CABN 242828)
Assistant United States Attorney

    450 Golden Gate Avenue, 11th Floor
    San Francisco, CA 94102
    Telephone: 415.436.7200
    Facsimile: 415.436.7234
    Email: arvon.perteet@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>REAL PROPERTY AND IMPROVEMENTS LOCATED AT 2366 SAN PABLO AVENUE, BERKELEY, CALIFORNIA,<br><br>    Defendant. | No.  CV 13-2027 JST<br><br>**UNITED STATES' RESPONSE TO BERKELEY PATIENTS GROUP'S MOTION TO STRIKE PORTIONS OF THE COMPLAINT**<br><br>Date: August 29, 2013<br>Time: 2:00 p.m.<br>Court Room No. 9 |

**I.    STATEMENT OF FACTS AND PROCEDURAL HISTORY**

The United States filed a Verified Complaint for Forfeiture ("Complaint") against defendant real property located at 2366 San Pablo Avenue, Berkeley, California, ("defendant real property") on May 2, 2013. (See Doc. #1).  The Complaint against the defendant real property alleges that the defendant real property is the business location for Berkeley Patients Group ("BPG") which is open seven days a week - from 9:00 a.m. to 9:00 p.m. according to BPG's website (www.mybpg.com), and the defendant real property is being used to facilitate the

distribution of a controlled substance, to wit: marijuana. The Complaint further alleged that the defendant real property is within 1,000 feet of the Nia House Learning Center and the Color Me Blind Preschool, both located in Berkeley. Additionally, the Complaint alleges that the use of defendant real property is being used in violation of 21 U.S.C. § 856, and the actions of BPG at the defendant real property are in violation of 21 U.S.C. §§ 841 and 856.

On June 4, 2013, BPG filed a Claim Asserting Interest in Property and Contesting Forfeiture, stating that BPG "is the leaseholder, and has a possessory interest in the property." The claim filed by BPG was verified by Chief Executive Officer, Tim Schick.  (See Doc. #12). However, BPG has yet to file the Certification of Interested Entities or Person as required by Civil L.R. 3-16, nor has BPG filed a Disclosure Statement pursuant to F.R.C.P. Rule 7.1(b) which states "a party must: (1) file the disclosure statement with its first appearance, pleading, petition, motion, response or other request addressed to the court . . . "

On June 25, 2013, BPG filed its Motion to Strike Portions of the Complaint ("Motion to Strike") but failed to follow Civil L.R. 7-5(a) by failing to attach an affidavit or declaration to its Motion to Strike.  The Motion to Strike should be stricken.

BPG alleges that the portions of the complaint to be stricken are "immaterial" and "impertinent." The United States disagrees and request that the court strike the Motion to Strike on grounds that BPG has failed to comply with Civil L.R. 7-5(a) and the allegations in the Complaint are material and pertinent to the United States' forfeiture action.

## II.     ARGUMENT

### A.     THE ALLEGATIONS IN THE COMPLAINT ARE MATERIAL AND PERTINENT TO THE FORFEITURE OF THE DEFENDANT REAL PROPERTY

BPG's motion to strike is based on upon its assertion a factual allegation that the operation of a marijuana dispensary within 1,000 feet of two preschools is immaterial and impertinent to the forfeiture of the defendant real property in violation of 21 U.S.C. §§ 841 and 846.  Additionally, BPG asserts that the factual allegation of BPG's drug trafficking activities occur seven days a week, from 9:00 a.m. to 9:00 p.m. are also immaterial and impertinent to the alleged federal law violations.  However, "The function of a 12(f) motion to strike is to avoid the

expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial ..." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (quotations omitted; citations omitted). However, motions to strike are generally disfavored. 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1380 (3d ed. 2004). Immaterial matter is defined as matter that "has no essential or important relationship to the claim for relief or the defenses being pleaded." *Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527* (9th Cir. 1993) (quotations omitted; citations omitted). Impertinent matter is defined as "statements that do not pertain, and are not necessary, to the issues in question." Id.  A Rule 12(f) motion is not a proper method to procure dismissal of all or part of a complaint or counterclaim. *Whittlestone*, 618 F.3d at 973-975; see also Consumer Solutions *REO, LLC v. Hillery, 658 F. Supp. 2d 1002, 1020-1021* (N.D. Cal. 2009) (the proper medium for challenging the sufficiency of factual allegations in a complaint is through Rule 12(b)(6), not Rule 12(f))." *Missud v. Oakland Coliseum Joint Venture*, 2013 U.S. Dist. LEXIS 29915, 71-73 (N.D. Cal. Mar. 5, 2013).

      Here, the language regarding BPG's hours of operation is directly related to the defendant real property's use and involvement in the facilitation of the distribution of marijuana.  The United States is required to prove that the property is being used or intended to be used to facilitate the cultivation, sale, or distribution of marijuana.  21 U.S.C. § 881(a)(7).  Therefore, evidence related to the hours of operation of the marijuana dispensary will show a direct link to marijuana being distributed at the defendant real property.

      Additionally, striking of the allegation of BPG's hours of operation would not prevent the Government from seeking discovery related to this allegation as it is directly related to the violations of federal law that the Government has alleged in regards to illicit activity BPG is involved in at the defendant real property.

      BPG has also requested that the Court strike the allegations regarding the locations of the Color Me Blind Preschool and the Nia Learning House in relation to the defendant real property. (See Doc. #14 at pg. 4).  However, Congress clearly intended to keep illicit drugs out of the easy reach of school-age children by subjecting drug dealers to enhanced penalties where sales of

controlled substances are within 1,000 feet of places where children congregate. *United States v. Nieves*, 608 F. Supp. 1147, 1149 (S.D.N.Y. 1985).  Here, BPG operates within 1000 feet of two preschools.  This fact is directly relevant to the forfeiture of the defendant real property as the gravity of the offense related to the use of the defendant real property is a factor the Court may consider when considering an excessive fines defense asserted by the claimants.  *United States v. $100,348 in U.S. Currency*, 157 F. Supp. 2d 1110, 1119 (C.D. Cal., 2001).  This request should also be denied as (1) this issue is not time consuming for the parties with respect to litigation and discovery and (2) evidence related to this matter will germane to the Government the likelihood of an allegation of an excessive fines defense by any of the claimants.

### B. BPG FAILED TO FOLLOW THE CIVIL LOCAL RULES

BPG filed its Motion to Strike and included factual statements.  More specifically, BPG included a "STATEMENT OF FACTS", but did not attach either a declaration or an affidavit in support of the factual statements included in the Motion to Strike.  Motions presenting issues of fact shall be supported by affidavits or declarations. Civil L.R. 7-5(a) goes on to state "Factual contentions made in support or in opposition to any motion must be supported by an affidavit or declaration and by appropriate records."  Here, BPG asserts in its Motion to Strike that ""BPG" operates a medical cannabis dispensary pursuant to the law of the state of California.  The dispensary is fully permitted and licensed by the City of Berkeley. It has served the people of Berkeley, with full support of the city of government, since 1999."   (See Doc. #14. page 3.) It is apparent that this statement is important to BPG in its effort to voice its alleged compliance with state law to the Court.  However, BPG has not provided the necessary declaration or affidavit to support these "factual" statements.  Therefore, the Court should strike the Motion to Strike in its entirety. Civil L.R. 7-5(b).

### III. CONCLUSION

BPG has alleged that the allegations contained in paragraphs 11, 12 and 13 of the Complaint for Forfeiture are immaterial and impertinent.  In reality, the Government's allegation are directly material to the illicit activity taking place as the defendant real property, and highlight the gravity of the illegal activity in connection to the defendant real property.  Even

USA OPP. CLAIMANT'S MOT. TO STRIKE
No. CV 13- 2027 JST                       4

improperly asserted fact that BPG is a "cannabis dispensary" and has operated as such since 1999 further supports the allegations made in the Complaint for Forfeiture. Thus, the Court should deny BPG's motion to strike without oral argument and order BPG to file an answer within seven days of the Court's ruling.

>                                  Respectfully submitted,
>                                  MELINDA HAAG
>                                  United States Attorney

Dated: July 9, 2013                /S/ *Arvon J. Perteet*
                                   ARVON J. PERTEET
                                   Assistant United States Attorney