DANIEL ABRAHAMSON (BAR NO. 158668)
DAbrahamson@drugpolicy.org
TAMAR TODD (BAR NO. 211865)
TTodd@drugpolicy.org
THESHIA NAIDOO (BAR NO. 209108)
TNaidoo@drugpolicy.org
LINDSAY LASALLE (BAR NO. 267072)
LLaSalle@drugpolicy.org
DRUG POLICY ALLIANCE
918 Parker Street, Building A21
Berkeley, California 94710
Telephone:  510.229.5211
Facsimile:   510.295.2810

Attorneys for Claimant CITY OF BERKELEY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>           Plaintiff,<br><br>     v.<br><br>REAL PROPERTY AND IMPROVEMENTS LOCATED AT 2366 SAN PABLO AVENUE, BERKELEY, CALIFORNIA,<br><br>           Defendant. | Case No. 13-cv-02027-JST<br><br>**CLAIMANT CITY OF BERKELEY'S ANSWER TO PLAINTIFF'S COMPLAINT FOR FORFEITURE**<br><br>**DEMAND FOR JURY TRIAL**<br><br>Complaint Filed: May 2, 2013 |

Claimant City of Berkeley ("Berkeley") hereby answers Plaintiff United States of America's Complaint for Forfeiture.

**JURISDICTION AND VENUE**

1. Responding to paragraph 1, Berkeley admits that Plaintiff purports to bring this in rem forfeiture action pursuant to Title 21, United States Code, Section 881(a)(7).

2. Responding to paragraph 2, Berkeley states that insofar as the paragraph states conclusions of law, no response thereto is required.

3. Responding to paragraph 3, Berkeley states that insofar as the paragraph states conclusions of law, no response thereto is required. To the extent that this paragraph contains allegations that are not conclusions of law, Berkeley admits that the defendant real property is located in this District. Berkeley denies the remaining allegations.

4. Responding to paragraph 4, Berkeley states that insofar as the paragraph states conclusions of law, no response thereto is required.

**PARTIES**

5. Responding to paragraph 5, Berkeley admits that Plaintiff is the United States of America.

6. Responding to paragraph 6, Berkeley admits that defendant is real property and improvements located at 2366 San Pablo Avenue, Berkeley, California, Alameda County. Berkeley lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations, and on that basis denies them.

7. Responding to paragraph 7, Berkeley lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained therein, and on that basis denies them.

8. Responding to paragraph 8, Berkeley admits that Plaintiff believes that BPG has a leasehold interested in the defendant property.

**FACTS**

9. Berkeley incorporates by reference the allegations of paragraphs one through eight as though fully set forth herein.

10. Responding to paragraph 10, Berkeley admits that the defendant real property was the location of BPG and that BPG operates out of the defendant real property, and that a portion of BPG's operations involve the distribution of medical cannabis in compliance with state and local law. Berkeley denies the remaining allegations.

11. Responding to paragraph 11, Berkeley lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained therein, and on that basis denies them.

12. Responding to paragraph 12, Berkeley lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained therein, and on that basis denies them.

13. Responding to paragraph 13, Berkeley admits that according to BPG's website (www.mybpg.com), BPG is open seven days a week—from 9:00 a.m. to 9:00 p.m.

14. Responding to paragraph 14, Berkeley admits that a portion of BPG's operations involve the distribution of medical cannabis in compliance with state and local law. Berkeley denies the remaining allegations.

15. Responding to paragraph 15, Berkeley admits that defendant real property is owned by Nahla Droubi.

16. Responding to paragraph 16, Berkeley lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained therein, and on that basis denies them.

17. Responding to paragraph 17, Berkeley lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained therein, and on that basis denies them.

**CLAIM FOR RELIEF**

18. Berkeley incorporates by reference the allegations of paragraphs one through 17 as though fully set forth herein.

19. Responding to paragraph 19, Berkeley states that insofar as the paragraph states conclusions of law, no response thereto is required.

20. Responding to paragraph 20, Berkeley states that insofar as the paragraph states conclusions of law, no response thereto is required.

21. Responding to paragraph 21, Berkeley states that insofar as the paragraph states conclusions of law, no response thereto is required.

22. Responding to paragraph 22, Berkeley states that insofar as the paragraph states conclusions of law, no response thereto is required. To the extent that this paragraph contains allegations that are not conclusions of law, those allegations are denied.

23. Responding to paragraph 23, Berkeley states that insofar as the paragraph states the future intent of Plaintiff, no response thereto is required.

## AFFIRMATIVE DEFENSES

As to affirmative defenses to the Complaint for Forfeiture, Berkeley does not by stating the matters set forth in these defenses allege or admit that it has the burden of proof and/or persuasion with respect to any of these matters, and does not assume the burden of proof or persuasion as to any matters as to which Plaintiff has the burden of proof or persuasion. As separate and affirmative defenses to each claim in the Complaint for Forfeiture, Berkeley alleges as follows:

### FIRST AFFIRMATIVE DEFENSE

**(Failure to State a Claim)**

1. Plaintiff fails to state facts sufficient to constitute a claim.

### SECOND AFFIRMATIVE DEFENSE

**(Statute of Limitations)**

2. Plaintiff's claims are barred by the applicable statutes of limitations, including, but not limited to, 19 U.S.C. Section 1621.

### THIRD AFFIRMATIVE DEFENSE

**(Unclean Hands)**

3. Plaintiff is barred by the doctrine of unclean hands from asserting any of the claims in the Complaint for Forfeiture.

### FOURTH AFFIRMATIVE DEFENSE

**(Laches)**

4. The Complaint for Forfeiture and each of its purported claims are barred, in whole or in part, by the doctrine of laches.

**FIFTH AFFIRMATIVE DEFENSE**

**(Waiver)**

5. The Complaint for Forfeiture and each of its purported claims are barred, in whole or in part, by the doctrine of waiver.

**SIXTH AFFIRMATIVE DEFENSE**

**(Estoppel)**

6. The Complaint for Forfeiture and each of its purported claims are barred, in whole or in part, by the equitable doctrine of estoppel.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Excessive Fines)**

7. The Complaint for Forfeiture and each of its purported claims are barred, in whole or in part, by the excessive fines clause of the Eighth Amendment to the United States Constitution.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Vindictive Prosecution)**

8. The Complaint for Forfeiture and each of its purported claims are barred, in whole or in part, by the doctrine of vindictive prosecution in violation of the equal protection and due process guarantees of the United States Constitution.

**NINTH AFFIRMATIVE DEFENSE**

**(Selective Prosecution)**

9. The Complaint for Forfeiture and each of its purported claims are barred, in whole or in part, by the doctrine of selective prosecution in violation of the equal protection and due process guarantees of the United States Constitution.

**TENTH AFFIRMATIVE DEFENSE**

**(Violation of Due Process)**

10. The Complaint for Forfeiture and each of its purported claims are barred, in whole or in part, by violation of the due process guarantees of the Fifth and Fourteenth Amendments to the United States Constitution.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Violation of Equal Protection)

11. The Complaint for Forfeiture and each of its purported claims are barred, in whole or in part, by violation of the equal protection guarantees of the Fifth and Fourteenth Amendments to the United States Constitution.

## TWELFTH AFFIRMATIVE DEFENSE

### (Unconstitutional Taking)

12. The Complaint for Forfeiture and each of its purported claims are barred, in whole or in part, by the takings clause of the Fifth Amendment to the United States Constitution.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Violation of Tenth Amendment—Commandeering State Officials to Enforce Federal Law)

13. The Complaint for Forfeiture and each of its purported claims are barred, in whole or in part, by violations of the Tenth Amendment to the United States Constitution.

## RESERVATION OF RIGHTS

Berkeley hereby gives notice that it intends to rely upon such other further affirmative defenses as may become available during discovery in this action and reserves the right to amend its Answer to assert any such defenses as necessary.

## PRAYER FOR RELIEF

WHEREFORE, Berkeley prays for the order and judgment of this Court in its favor against Plaintiff as follows:

1. Dismissing this action with prejudice on the merits;
2. Awarding Berkeley its reasonable costs as may be allowed by law; and
3. Awarding Berkeley such other relief as the Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure and Rule 3-6(a) of the Local Civil Rules, Berkeley hereby demands a trial by jury on all issues.

Dated: July 24, 2013 DRUG POLICY ALLIANCE


By: /s/ Lindsay LaSalle
Lindsay LaSalle

Attorneys for Claimant
CITY OF BERKELEY

# CERTIFICATE OF SERVICE

Pursuant to Rule 5 of the Federal Rules of Civil Procedure and Rule 5.1 of the Local Civil Rules, the undersigned certifies that copies of the above document were served this date on the following via the Court's ECF system:

Melinda Haag
Miranda Kane
Arvon Perteet
United States Attorney's Office
450 Golden Gate Avenue, 11th Floor
San Francisco, CA 94102
Telephone: 415.436.7200
Facsimile: 415.436.7234
Email: arvon.perteet@usdoj.gov; alicia.chin@usdoj.gov; carolyn.jusay@usdoj.gov; hector.lopez2@usdoj.gov; leslie.cook@usdoj.gov

*Attorneys for United States of America*

Henry Wykowski
Henry G. Wykowski & Associates
235 Montgomery Street, Suite 657
San Francisco, CA 94104
Telephone: 415.788.4545
Facsimile: 415.788.4546
Email: hgw@wykowskilaw.com

Lara L. DeCaro, Esq.
Leland, Parachini, Steinberg, Matzger & Melnick LLP
199 Fremont Street, 21st Floor
San Francisco, CA 94105
Telephone: 415.957.1800
Direct: 415.243.2215
Email: LDeCaro@lpslaw.com

*Attorneys for Claimant Berkeley Patients Group*

13-CV-02027-JST    7
CLAIMANT CITY OF BERKELEY'S ANSWER TO COMPLAINT FOR FORFEITURE

David B. Tillotson
Flynn Riley Bailey & Pasek LLP
1010 B Street, Suite 200
San Rafael, CA 94901
Telephone: (415) 461-1000
Facsimile: (415) 482-9939
Email: dtillotson@flynnriley.com; vfedoroff@flynnriley.com

*Attorneys for Claimant Nahla Droubi*

Sara M. Taylor (State Bar No. 231857)
Attorney at Law
235 Montgomery Street, Suite 400
San Francisco, CA 94104
Telephone: (415) 395-9315
Facsimile: (415) 288-9755
Email: staylor@sarataylorlaw.com

*Attorney for Claimants Etienne Fontan, Jeffrey Bishop, Robin Bishop, Mary Davis, Gwendolyn McCalope, and Cindy Smith*

                                                                 /s/ Lindsay LaSalle

                                                                   Lindsay LaSalle