UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>     v.<br><br>REAL PROPERTY AND IMPROVEMENTS LOCATED AT 2366 SAN PABLO AVENUE, BERKELEY, CALIFORNIA,<br><br>            Defendant. | Case No.  13-cv-02027-JST<br><br>**ORDER TO SHOW CAUSE AND SCHEDULING ORDER** |

Civil Local Rule 3-16 (a) requires that parties other than governmental entities file certificates of interested entities or persons "[s]o that Judges of this Court may evaluate any need for disqualification or recusal." Subsection (b) provides that "[u]pon making a first appearance in any proceeding in this Court, a party *must* file"such a certificate. Civil L.R. 3-16(b) (emphasis added). "The Certification must disclose any persons, associations of persons, firms, partnerships, corporations (including parent corporations), or other entities other than the parties themselves known by the party to have either: (i) a financial interest (of any kind) in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding." Id. 3-16(b)(1) (citing 28 U.S.C. § 455(d). "If a party has no disclosure to make pursuant to subparagraph (b)(1), that party must make a certification stating that no such interest is known other than that of the named parties to the action." Civil L.R. 3-16(b)(3). The purpose of the rule is to enable "Judges of this Court [to] evaluate any need for disqualification or recusal early in the course of any case." Civil L.R. 3-16(a); see also In re Cement Antitrust Litig. (MDL No. 296), 688 F.2d 1297, 1313 (9th Cir. 1982) (the purpose of the recusal and disqualification rules is "to promote public confidence in the

impartiality of the judiciary"),aff'd sub nom. Arizona v. U.S. Dist. Court for Dist. of Arizona, 459 U.S. 1191, 103 S. Ct. 1173, 75 L. Ed. 2d 425 (1983) and supplemented sub nom. State of Ariz. v. U.S. Dist. Court for Dist. of Ariz., 709 F.2d 521 (9th Cir. 1983).

Claimant Berkely Patients Group, Inc. ("BPG") filed a claim asserting an interest in the Defendant property and contesting forfeiture on June 4, 2013. ECF No. 12. To date, BPG has not filed a ceritificate of interested entities or persons.

When a party violates local rules or a court order, courts may impose a number of different sanctions. For example, the Ninth Circuit has "repeatedly upheld the imposition of the sanction of dismissal for failure to comply with pretrial procedures mandated by local rules and court orders." Thompson v. Hous. Auth. of City of Los Angeles, 782 F.2d 829, 831 (9th Cir. 1986)(citing cases).

In addition, Federal Rule of Civil Procedure 16(f)(1) "expressly provides for imposing sanctions on disobedient or recalcitrant parties, their attorneys, or both." Adv. Cttee. Notes, 1983 Amendments, Fed. R. Civ. P. 16(f). Such sanctions may be imposed *sua sponte* or upon motion, if a party or its attorney fails to comply with a pretrial order. Civil Local Rule 1-4 provides: "Failure by counsel or a party to comply with any duly promulgated local rule or any Federal Rule may be a ground for imposition of any authorized sanction."

Violation of a local rule, as BPG has done here, constitutes violation of a pretrial order subject to the sanctions discussed above, particularly where there is "a close connection between the sanctionable conduct and the need to preserve the integrity of the court docket or the sanctity of the federal rules." Zambrano v. City of Tustin, 885 F.2d 1473, 1480 (9th Cir. 1989) (citing Frazier v. Heebe, 482 U.S. 641 (1987)).

For all the foregoing reasons, BPG is hereby ORDERED to file by September 5, 2103 a Certificate of Interested Entities that complies with Rule 3-16. If it does not comply with this order, then BPG is ORDERED TO SHOW CAUSE in writing by September 6, 2013 why the Court should not impose sanctions against it, including monetary sanctions, dismissal, or any other authorized sanction as set forth above.

Any party wishing to provide additional authority to the Court regarding BPG's response to the Order to Show Cause may do so by September 19, 2013. BPG may file a reply in support of

1  its response to this Order by October 3, 2013.  The Court will hold a hearing on this Order to
2  Show Cause on October 29, 2013, at 9:30 p.m. in Courtroom 9, 19th Floor, 450 Golden Gate Ave.,
3  San Francisco, California.
4      The Court will also conduct a case management conference concurrently with the hearing
5  on October 29, 2013, at 9:30 a.m.  All parties are ordered to appear at that time.
6  **IT IS SO ORDERED.**
7  Dated: August 22, 2013

_____
JON S. TIGAR
United States District Judge