UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>REAL PROPERTY AND IMPROVEMENTS LOCATED AT 2366 SAN PABLO AVENUE, BERKELEY, CALIFORNIA,<br><br>Defendant. | Case No.  13-cv-02027-JST<br><br>**ORDER DENYING MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br>Re: ECF No. 54 |

In this *in rem* forfeiture action brought pursuant to 21 U.S.C. § 881(a)(7), the Government alleges that Defendant 2366 San Pablo Avenue, Berkeley, California is the business location of Berkeley Patients Group ("BPG"), a store that distributes marijuana in violation of 21 U.S.C. § 841(a) and § 856.  Compl., ECF No. 1 ¶¶ 6, 10.  The Government now moves for judgment on the pleadings "on the issue of forfeitability."  Mot., ECF No. 54 at 1; Pursuant to Fed. R. Civ. Proc. 12(c).  Claimants BPG, the City of Berkeley, Robin Bishop, Jeffrey Bishop, Mary Davis, Etienne Fontan, Gwendolyn McCalope, and Cindy Smith, and owner of record Nahal Droubi, oppose the motion.

"After the pleadings are closed — but early enough not to delay trial — a party may move for judgment on the pleadings."  Fed. R. Civ. P. 12(c).  The analysis for Rule 12(c) motions for judgment on the pleadings is "substantially identical to [the] analysis under Rule 12(b)(6) because, under both rules, a court must determine whether the facts alleged in the complaint, taken as true, entitle the plaintiff to a legal remedy."  Chavez v. United States, 683 F.3d 1102, 1108 (9th Cir. 2012) (quotation omitted).

In a forfeiture case, the Government has the initial burden of proving by a preponderance

of the evidence that the property is subject to forfeiture.  18 U.S.C. § 983(c)(1).  Where the "Government's theory of forfeiture is that the property was used to commit or facilitate the commission of a criminal offense, or was involved in the commission of a criminal offense," the Government must establish that there was a "substantial connection" between the property and the offense.  18 U.S.C. § 983(c)(3).

Here, the Government moves for *partial* judgment on the pleadings on the issue of "forfeitability."  Claimants oppose on the grounds that the Federal Rules do not contemplate nor permit such a motion.  The Court agrees.

As an initial matter, the Court notes that the Government has not requested – and is not entitled to – a final judgment on the pleadings.  Nor can one be entered now, because Claimants assert various affirmative defenses that, taken as true, preclude entry of judgment in favor of the Government.[1]  Gen. Conference Corp. of Seventh-Day Adventists v. Seventh-Day Adventist Congregational Church, 887 F.2d 228, 230 (9th Cir. 1989).  The present motion thus may only be characterized as a motion for partial judgment on the pleadings, as to part of a cause of action.

Rule 12(c) does not authorize a motion for partial judgment on the pleadings.  Though courts have often entertained motions for partial judgment on the pleadings with respect to a particular cause of action or affirmative defense, the Court is aware of no case in which a court has granted partial judgment on the pleadings with respect to less than a full cause of action.  Cf. Strigliabotti v. Franklin Res., Inc., 398 F. Supp. 2d 1094, 1097 (N.D. Cal. 2005) ("While Rule 12(c) of the Federal Rules of Civil Procedure does not expressly provide for partial judgment on the pleadings, neither does it bar such a procedure; it is common to apply Rule 12(c) to *individual causes of action*.") (emphasis added).

Moreover, the Supreme Court specifically provided for partial summary judgment on less than an entire cause of action or defense in Rule 56; that it did not do so in Rule 12(c) suggests the

---

[1] In its reply brief, the Government, for the first time, argues that certain of Claimants' affirmative defenses are legally insufficient.  "It is inappropriate to consider arguments raised for the first time in a reply brief."  Ass'n of Irritated Residents v. C & R Vanderham Dairy, 435 F. Supp. 2d 1078, 1089 (E.D. Cal. 2006).  The Court declines to consider the argument.

United States District Court
Northern District of California

same device is not available on a motion for judgment on the pleadings.[2]  <u>See</u> Fed. R. Civ. P. 56(a)

("A party may move for summary judgment, identifying each claim or defense — or the part of

each claim or defense — on which summary judgment is sought.").

      The Government relies on four inapposite decisions for the proposition that its motion for

partial judgment on the pleadings is permissible.  <u>See</u> <u>United States v. $41,580.00 in U.S.</u>

<u>Currency</u>, 253 F. App'x 880, 881–82 (11th Cir. 2007) (unpublished; not for citation) (granting

final judgment on the pleadings where *pro se* claimant failed to deny allegations or assert legally

sufficient defenses); <u>United States v. Parcels of Prop. Located at 14 Leon Drive, Houston Cnty.,</u>

<u>Ala.</u>, No. 04-cv-8-MEF, 2006 WL 2239231 (M.D. Ala. Aug. 4, 2006) <u>aff'd</u> <u>sub</u> <u>nom.</u> 225 F. App'x

825 (11th Cir. 2007) (designated not for publication) (granting summary judgment in forfeiture

case); <u>United States v. One Parcel of Prop. Located at 1515 15th Place, Clanton, Chilton Cnty.,</u>

<u>Alabama</u>, No. 05-cv-301-MEF, 2006 WL 1731170 (M.D. Ala. June 23, 2006) (granting partial

summary judgment on issue of forfeitability); <u>United States v. One Parcel of Prop. Located at</u>

<u>1515 15th Place, Clanton, Chilton Cnty., Alabama</u>, No. 05-cv-301-MEF, 2006 WL 1731170

(M.D. Ala. June 23, 2006) (same).  None of these cases address the facts before the Court, much

less support the  Government's position.

      Because the Government has not cited, and the Court has not located, any authority

entitling the Government to move for judgment on the pleadings on less than a full cause of action

or defense, and because the allegations of Claimants' answers, taken as true, preclude entry of

final judgment in favor of the Government, the Government's Rule 12(c) motion is hereby

DENIED.

      **IT IS SO ORDERED.**

Dated: December 23, 2013



                JON S. TIGAR
          United States District Judge

---

[2] "[T]he Rule 12(c) motion is little more than a relic of the common law and code eras.  Its preservation in the original federal rules undoubtedly was due to the undeveloped character of the summary judgment procedure and the uncertain scope of the Rule 12(b)(6) motion."  5C <u>Fed. Prac. & Proc.</u>, Civ. § 1369 (3d ed.).