UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>REAL PROPERTY AND IMPROVEMENTS LOCATED AT 2366 SAN PABLO AVENUE, BERKELEY, CALIFORNIA,<br><br>　　　　　Defendant. | Case No. 13-cv-02027-JST   (MEJ)<br><br>**DISCOVERY ORDER**<br><br>Re: Dkt. No. 69 |

On December 13, 2013, Plaintiff United States of America (the "Government") and Claimant Berkeley Patients Group ("BPG") filed a joint discovery letter regarding a dispute over a subpoena served by the Government on the California State Board of Equalization ("BOE") seeking production of "all records" pertaining to BPG. Jt. Ltr, Dkt. No. 69. In particular, the Government is seeking production of BPG's sales tax records, tax returns, sales tax permits, Officer in Compromise ("OIC") and other correspondence from the BOE relating to BPG. *Id*. at 4. On November 22, 2013, the BOE responded to the Government asserting objections to production of BPG's records relating to the OIC program, and indicating that, absent a motion for protective order by BPG or a motion to compel by the Government, it would produce "copies of the responsive and non-privileged documents from its files pursuant to Revenue and Taxation Code section 7056, subdivision (a)(3), and the Governor's Order, to the extent that such materials are not related to the OIC program (except for any otherwise public records maintained by the OIC program referred to above)." *Id*, Ex. D.

As an initial matter, the Court notes that there is a disconnect between the Government and BPG as to the scope of documents that are at issue in their joint letter. The Government appears to take the position that the BOE has only objected to production of the OIC documents; BPG's

argument, however, challenges BOE's production of any tax documents sought in the subpoena. Although the Court agrees with the Government's reading of the BOE's letter as indicating that it only objects to production of the OIC documents, BPG's challenge and requested relief relate to any and all documents sought by the subpoena. As that is the issue raised in the joint letter, that is the issue the Court addresses here.

Generally, a party seeking production of tax returns must show: (1) they are relevant to the action; and (2) there is a compelling need for the documents because the information sought is not readily available from another source. *Advante Int'l Corp. v. Mintel Learning Tech.*, 2006 WL 3511956, at *1 (N.D. Cal. Dec. 6, 2006) (citing *Aliotti v. Senora*, 217 F.R.D. 496, 497-98 (N.D. Cal. 2003). Considering the parties' arguments against this standard, the Court finds that even assuming the Government has made a sufficient showing that the documents are relevant, it has failed to demonstrate that there is a compelling need for production of the documents because the information sought is not readily available from another source. According to BPG, at the time of the joint letter, the Government had not propounded any other written discovery in the case. Jt. Ltr. at 6. Thus, it is seeking tax documents relating to BPG without first exhausting other available discovery mechanisms to obtain the information it seeks in the tax records. While this may be the most objectively efficient approach, the established public policy protecting tax records from unnecessary public disclosure requires the Government to utilize and exhaust other less intrusive discovery avenues *before* it is entitled to overcome the privilege and obtain the documents.

Accordingly, the Court **GRANTS** BPG's request to quash the subpoena served on the BOE at this juncture. As indicated above, the Court makes no finding as to whether the materials sought in the subpoena are relevant and this ruling does not preclude the Government from re-serving the subpoena at a later time.

**IT IS SO ORDERED.**

Dated: January 13, 2014

_____
MARIA-ELENA JAMES
United States Magistrate Judge