1    Lara L. DeCaro (State Bar No. 226037)
**LELAND, PARACHINI, STEINBERG,**
2    **MATZGER & MELNICK, L.L.P.**
199 Fremont St., 21st Floor
3    San Francisco, CA 94105
Telephone: (415) 957-1800
4    Facsimile: (415) 974-1520

5    Henry G. Wykowski (State Bar No. 068255)
**HENRY G. WYKOWSKI & ASSOCIATES**
6    235 Montgomery Street, Suite 657
San Francisco, CA 94104
7    Telephone: (415) 788-4545
Facsimile: (415) 788-4546
8

9    *Attorneys for Claimant*
BERKELEY PATIENTS GROUP, INC.

10

11             **UNITED STATES DISTRICT COURT**

12        **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

13             **SAN FRANCISCO DIVISION**

14

15    UNITED STATES OF AMERICA,      **No. CV 13-2027 JST**

16                                 **JOINT DISCOVERY LETTER BRIEF RE.**
**BERKELEY PATIENTS GROUP'S**
17           Plaintiff,           **MOTION TO COMPEL ANSWERS TO**
**INTERROGATORIES**
          v.
18

19    REAL PROPERTY AND IMPROVEMENTS    **Date: TBD**
LOCATED AT 2366 SAN PABLO AVE.,    **Time: TBD**
20    BERKELEY, CALIFORNIA           **Courtroom: TBD**

21           Defendant.        **The Honorable Maria Elena James**

22

23

24

25

26

27

28

HENRY G.
WYKOWSKI &
ASSOCIATES
ATTORNEYS AT LAW

The undersigned attests that he has met and conferred <u>in person</u> in a good faith attempt to resolve this dispute prior to the filing of this letter.

<u>   /s/ Henry G. Wykowski         </u>

Henry G. Wykowski

**Attorney for Claimant Berkeley Patients Group**

The undersigned attests that he has met and conferred <u>in person</u> in a good faith attempt to resolve this dispute prior to the filing of this letter.

<u>   /s/ Arvon J. Perteet     </u> <u>        </u>

Arvon J. Perteet

**Attorney for Plaintiff United States of America**

JOINT DISCOVERY LETTER BRIEF RE BERKELEY PATIENTS GROUP'S MOTION TO COMPEL ANSWERS TO INTERROGATORIES
*United States of America v. Real Property and Improvements Located at 2366 San Pablo Ave., Berkeley, California*

2

**JOINT DISCOVERY LETTER BRIEF RE. BERKELEY PATIENTS GROUP'S MOTION TO COMPEL ANSWERS TO INTERROGATORIES**

Your Honor:

This joint discovery letter brief is filed pursuant to the Court's January 14, 2013 "Discovery Standing Order", which was filed in this case on December 23, 2013.

1. **BPG'S MOTION TO COMPEL ANSWERS TO INTERROGATORIES**

   a. **Background Facts Pertinent to This Discovery**

   Claimant Berkeley Patients Group (BPG) is a licensed medical cannabis dispensary that has operated with the full support of the City of Berkeley and its citizenry since 1999. BPG has operated openly and the federal government ("Government") has known about its operations in Berkeley for many years. *See* Response to Request for Admission no. 11.

   The Government commenced its efforts to force closure of BPG in late 2011 or early 2012, by sending a "landlord letter" to BPG's former landlord at its former location at 2747 San Pablo Ave., Berkeley. The former landlord was represented by attorneys Ramsey & Ehrlich. Representations were made at that time that a primary reason for the Government's actions was the proximity of BPG to schools in Berkeley. In May 2012, BPG agreed to close its former location as a result of the federal government's pressure and its representations. In November 2012, BPG reopened at its present location, but only *after* extensive vetting by Berkeley officials to ensure it was located outside the vicinity of any schools. Despite this, on April 30, 2013, the Government commenced this action seeking to forfeit BPG's new location. The Government alleged in its Complaint that BPG was located within 1000 feet of Nia House Learning Center and Color Me Children Preschool. However, these are not schools; they are daycare facilities for toddlers and preschoolers.

   The United States Attorney for the Northern District, Melinda Haag, has made various statements, and given various interviews, to the press regarding her office's policies with respect to medical cannabis dispensaries. In August 2013, the Department of Justice issued the "Cole Memorandum", which sought to clarify and place limits on Department of Justice enforcement actions against medical cannabis dispensaries. Judge Tigar has stated on the record in this case that "the United States Attorney for the Northern District of California has said to a meeting of judges what [the Cole Memorandum] means."

   b. **Facts Regarding Meet and Confer**

   This discovery dispute concerns three sets of written discovery propounded by BPG: 1) First Set of Requests for Production of Documents, Nos. 1-30; 2) First Set of Requests for Admissions, Nos. 1-13; and 3) First Set of Interrogatories, Nos. 1-20. (Copy of each set of Requests and Responses attached to corresponding Joint Letter, as Exhibits "A" and "B" thereto.)

JOINT DISCOVERY LETTER BRIEF RE BERKELEY PATIENTS GROUP'S MOTION TO COMPEL ANSWERS TO INTERROGATORIES
*United States of America v. Real Property and Improvements Located at 2366 San Pablo Ave., Berkeley, California*

3

It is BPG's position that the Government has neither responded to discovery in good faith nor met and conferred in good faith for the purpose of resolving all disputes.

BPG invited the AUSA to its office for an in person meet and confer on January 15, 2014. Since there was a lot of ground to cover, BPG's counsel proposed tape recording the meet and confer discussion. AUSA declined to consent to tape recording. The participants addressed the Requests for Production first. During the discussion concerning the Requests for Production, AUSA stated that the Government's position was that it had no obligation to participate in discovery concerning BPG's affirmative defenses because, in the opinion of AUSA, each of those affirmative defenses were "insufficient as a matter of law." BPG's counsel pointed out that the "insufficiency" of the affirmative defenses was just AUSA's opinion, and that no Court had ever so determined. AUSA stuck to its position.

After discussing approximately the first eight Requests for Production (and none of the other discovery), AUSA stated that the Government was not going to change its responses to any of the discovery in dispute. BPG's counsel questioned how it was possible to say this before AUSA had heard BPG's position with respect to each issue. AUSA did not answer directly. However, AUSA stated that he believed the purpose of requiring an in person meet and confer was not to achieve a resolution of all pending disputes. Instead, it was for the propounding party to confirm verbally that the other side believed it made its objections "in good faith".

The in person meet and confer ended following this exchange. AUSA offered to hold a second session at a later date. BPG's counsel wrote to AUSA that there was no purpose to continuing to meet and confer if the Government knew in advance it would not compromise on any issue. AUSA did not retract its "no compromise" position. BPG's counsel requested an MS Word version of the Government's discovery responses to facilitate preparation of the joint letters. AUSA refused this request, stating that that he was not required under the rules to provide an MS Word version. The result is the instant motion.

### c.  Relief Requested

Of the 20 interrogatories propounded, the Government answered only a single interrogatory (no. 2). Even for no. 2, it is unclear, because of interspersed objections, whether it is a complete answer. Thus, BPG moves to compel further answer with respect to *every* interrogatory. In that regard, it is the Government's burden to justify its failure to provide complete answers to each interrogatory: "[T]he burden will be on the *responding party* to justify its objections or failure to provide complete answers to the interrogatories. [Adv. Comm. Notes to 1970 Amendment to FRCP 33(a)]" Rutter Group, *Federal Civil Procedure Before Trial, Cal & Ninth Cir. Ed.*, 11:1792.

The Government's primary objection to each interrogatory is that it is "immaterial to the forfeiture of defendant real property or the asserted affirmative defenses and not likely to lead to the discovery of admissible evidence." This objection has no merit, as each interrogatory was

JOINT DISCOVERY LETTER BRIEF RE BERKELEY PATIENTS GROUP'S MOTION TO COMPEL ANSWERS TO INTERROGATORIES
*United States of America v. Real Property and Improvements Located at 2366 San Pablo Ave., Berkeley, California*

4

carefully targeted for relevance to the issues and, in particular, to the Claimants' many affirmative defenses. For example, statute of limitations is an affirmative defense to a forfeiture action and when pleaded, a factual determination must be made as to when the government discovered the underlying offense. *United States v. Kivanc*, 714 F.3d 782, 789 (4th Cir. 2013); *United States v. $515,060.42 in U.S. Currency*, 152 F.3d 491, 502 (6th Cir. 1998). Likewise, the Eighth Amendment Excessive Fines Clause has been pleaded, and it requires the factfinder to balance the "gravity of the harm" posed by Defendant's conduct. *United States v. Ferro*, 681 F.3d 1105, 1115 (9th Cir. 2012). Forfeiture cases also have been defended based on equitable estoppel (*United States v. Parcel of Real Estate*, 715 F.Supp. 360 (S.D.Fla. 1989)), laches and vindictive or selective prosecution. (*United States v. One 1985 Mercedes*, 917 F.2d 415 (9th Cir. 1990)). *BPG has pleaded each of these affirmative defenses in this case and many more*—a total of sixteen (16) affirmative defenses in all.

Furthermore, with respect to nos. 3-10, 19, and 20, these are all contention interrogatories, targeted merely to define the scope of the issues in controversy in this lawsuit. The Government did not answer any of them, asserting a relevancy objection to each one. BPG questions whether "relevance" is ever a valid objection to contention interrogatories. If a matter is not relevant, then it seems the proper answer should be "responding party does not make that contention." Likewise, nos. 11-18 are standard interrogatories designed to elicit the factual basis for each accompanying RFA response that is not an "unqualified admission."[1] BPG is not aware of any reasonable ground for objection to such interrogatories (other than numerical limit, which is not an issue here).

In sum, even a cursory examination of the Interrogatories and Responses demonstrate that they pertain to core issues in the case. The Government's utter failure to provide answers (and its gamesmanship) warrants immediate relief from the Court.

## 2. PLAINTIFF UNITED STATES' OPPOSITION STATEMENT
### a. Uncontested Facts Relevant to This Case in Controversy

The United States commenced this forfeiture action against the defendant real property located 2366 San Pablo Avenue, Berkeley, California, on May 2, 2013. This forfeiture action is based on the defendant real property's use and/or intended use to facilitate the distribution of marijuana in violation of 21 U.S.C. §§ 846 and 856 by BPG starting sometime after May 2012.[2] On November 27, 2013, BPG served United States with Interrogatories, inter alia. United States does not concede or agree to facts stated in BPG's statement of facts or their relevance to request to compel.

---

[1] BPG's counsel sent the Government's counsel an email errata to Interrogatories nos. 11-18 clarifying that each one should read: "If YOUR response to *Request for Admission* No. __, served concurrently herewith, is not an unqualified admission…"

[2] It is uncontested that the defendant real property is being used or was intended to be used to facilitate the distribute marijuana.

JOINT DISCOVERY LETTER BRIEF RE BERKELEY PATIENTS GROUP'S MOTION TO COMPEL ANSWERS TO INTERROGATORIES
*United States of America v. Real Property and Improvements Located at 2366 San Pablo Ave., Berkeley, California*

5

### b.  Meet and Confer

On January 15, 2014, the parties meet and confer at the office of Henry Wykowski, attorney for BPG.  Counsel for BPG began the meet and confer with a request that the United States stipulate that the lead counsel did not have to be present for a meet and confers as required by Civil L.R. 16-3 in the future.  However, the United States declined.  The United States did meet and confer in good faith with the expectation that BPG would explain the admissibility of the evidence that it was seeking.  However, BPG took the position that it was the United States' sole responsibility to justify to BPG each and every response, objection or otherwise.  The United States provide its responses to all the discovery requests timely and provided a CD that included approximately 600 documents.

The United States did offer to continue the meet and confer to another date, as the AUSA had to leave the meet and confer at 4 p.m. due to a family illness related responsibility.  Counsel for BPG declined to continue the meet and confer at United States Attorney's Office at a later date, and BPG now seeks to compel further response to interrogatories, production of documents and request for admissions.   BPG continues to mischaracterize the United States objections based on relevance.  The objections are properly stated as not likely to lead to discovery of admissible evidence which is the standard required for discovery under  F.R.C.P. Rule 26(b)(1).

### c.  Relief Requested

BPG has asserted sixteen affirmative defenses in this matter, all without providing any factual statements to support, and in most cases, defense that insufficient as a matter of law against the United States.  BPG now seeks to take broad, highly immaterial, and harassing discovery against the United States by trying to simply stating that the discovery it seeks is relevant to its defenses without properly identifying the specific defense it is seeking evidence about.  BPG has not once contested that the defendant real property is being used or was intended to be used to facilitate the distribution of marijuana.  BPG simply cannot.  Additionally, BPG cannot take the position that it the United States is estopped from taking this forfeiture action against the defendant real property because, both BPG (Lessee) and Nahla Droubi (Lessor) entered into a commercial lease contract for related to the defendant real property that states:

3.  USE:   The Premises (comprising all land and buildings located thereon) are to be used as a dispensary for medical cannabis and for no other purpose, without prior written consent of the Lessor, which consent shall not be unreasonably withheld, conditioned or delayed ("Lessee's Use").

48. COMPLIANCE:  ……. Lessor acknowledges and recognizes that Lessee's use is not in compliance with federal laws, and Lessee acknowledges and agrees that such non-compliance with federal laws does not abrogate or constitute a waiver of any of Lessor's rights and remedies under this Lease or any applicable laws.

---

JOINT DISCOVERY LETTER BRIEF RE BERKELEY PATIENTS GROUP'S MOTION TO COMPEL ANSWERS TO INTERROGATORIES
*United States of America v. Real Property and Improvements Located at 2366 San Pablo Ave., Berkeley, California*

6

*Nahla Droubi v. BPG, Inc.*, Alameda County Superior Court, (2013) Case Number RG13708023, Exhibit 1 (Commercial Lease and Deposit Receipt).

The United States maintains the position that BPG's affirmative defenses are insufficient as a matter of law as cited in Doc. #62.  For example, BPG's Interrogatory 1 seeks discovery related   2747 San Pablo Avenue, Berkeley, California.  BPG has alleged that it distributed marijuana from this location in 2012 prior to moving to the defendant real property to distribute marijuana.  However, this is a forfeiture action regarding the illegal activities that occurred at the defendant real property.  BPG has asserted a statute of limitations defense 19 U.S.C. § 1621 which states that the time for commencing a forfeiture action is within five years after the time the when the alleged offense was discovered, or in the case of forfeiture, within 2 years after the time when the involvement of the property in the alleged offense was discovered.   BPG has stated that they began operating their marijuana distribution at the defendant real property in November, 2012, even though they entered into the lease with Ms. Droubi in June, 2012.  The United States filed its forfeiture action 11 months after the defendant real property was first involved in violations of 21 U.S.C. §§ 841 and 856.  Thus, the affirmative defense of statute of limitation is not applicable based on the admissions by BPG and the allegations of the United States. *United States v. Kivanc*, 714 F.3d 782, 790 (4th Cir. 2013).  Yet, BPG insist on harassing the United States to seek discovery related to real property not involved in this litigation.

Similarly, BPG is seeking discovery related to vindictive prosecution and selective prosecution.  BPG cites to *United States v. One 1985 Mercedes* support its contention that BPG is entitled to discovery to support this alleged defense.  However, the court in *United States v. One 1985 Mercedes* held that the claimant in a civil for forfeiture action, a claimant may be entitled to discovery if he or she establishes a prima facie showing or a likelihood of vindictiveness by some evidence tending to show the essential elements of the offense.  *Id*. at 421.  However, BPG has not provided any evidence showing the essential elements of this defense or any other defense.

Finally, with respect to BPG's estoppel argument, the 9th Circuit recently upheld a ruling by Judge Armstrong in *Marin Alliance Medical Marijuana et al v. Holder et al*. D.C. No. 4-:11cv-05349 SBA (N.D. Cal. 2011), stating "Estoppel in this case "would compromise a governmental interest in enforcing the law" and would therefore be inappropriate." *Marin Alliance for Medical Marijuana v. Holder et al*., Case No. 12-16710 (9th Cir. Jan. 15, 2014). Additionally, an estoppel defense is "available only when [the] defendant can demonstrate a reasonable belief that his conduct was sanctioned by the government." *United States v. Schafer* 625 F. 3d 629, (9th Cir. 2010).  BPG has not produced a single shred of evidence to demonstrate that its conduct was sanctioned by the United States.  Conversely, the filing of the complaint for forfeiture in this action is evidence that BPG's conduct was not sanctioned by the United States.  Thus, United States request that the motion be denied.

JOINT DISCOVERY LETTER BRIEF RE BERKELEY PATIENTS GROUP'S MOTION TO COMPEL ANSWERS TO INTERROGATORIES
*United States of America v. Real Property and Improvements Located at 2366 San Pablo Ave., Berkeley, California*

7

## 3.  BPG'S REPLY STATEMENT

The Government's Opposition Statement highlights its fundamental misperception that it does not have to provide discovery that relates to BPG's asserted affirmative defenses.  ("The United States maintains the position that BPG's affirmative defenses are insufficient as a matter of law….")  This position flies in the face of the federal rules, which state specifically that discovery must be provided regarding matters that are *"relevant to any party's claim or defense*." FRCP 26(b)(1).  The trial of this action will largely be about Claimants' affirmative defenses, and it is absurd that the Government is trying so blatantly to deny BPG the right to build its case in this regard.

**The parties jointly request a hearing of this matter on or before February 10, 2014, as AUSA will not be available after that date, for the remainder of the month of February.**


Respectfully submitted,                                             Respectfully submitted,

/s/ Arvon J. Perteet                                               /s/ Henry G. Wykowski

Arvon J. Perteet, Esq., AUSA                          Henry G. Wykowski, Esq.


HGW:nc

Exhibits Attached

cc: All Claimants

JOINT DISCOVERY LETTER BRIEF RE BERKELEY PATIENTS GROUP'S MOTION TO COMPEL ANSWERS TO INTERROGATORIES
*United States of America v. Real Property and Improvements Located at 2366 San Pablo Ave., Berkeley, California*

8