UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>REAL PROPERTY AND IMPROVEMENTS LOCATED AT 2366 SAN PABLO AVENUE, BERKELEY, CALIFORNIA,<br><br>  Defendant. | Case No. 13-cv-02027-JST<br><br>**ORDER DENYING MOTION FOR RELIEF FROM PRETRIAL NONDISPOSITIVE ORDER BY MAGISTRATE JUDGE**<br><br>Re: ECF No. 76 |

Before the Court is the Government's "Objection to Magistrate James' Order Granting Berkeley Patients Group, Inc.'s Request to Quash the Subpoena to California State Board of Equalization," ECF No. 76. Despite the title given on the caption, the Court will treat the filing as a motion for relief from nondispositive pretrial order of magistrate judge pursuant to Civil Local Rule 72-2. The motion will be denied.

A district court may modify or set aside a magistrate judge's nondispositive order "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. 636(b)(1)(A). See also Fed. R. Civ. P. 72(a); Bhan v. NME Hospitals, Inc., 929 F.2d 1404, 1414 (9th Cir. 1991). A magistrate judge's resolution of a discovery dispute is "entitled to great deference." Doubt v. NCR Corp., No. 09-cv-5917-SBA, 2011 WL 5914284, at *2 (N.D. Cal. Nov. 28, 2011). "A finding of fact is clearly erroneous" if the court is left with the "definite and firm conviction that a mistake has been committed." Burdick v. C.I.R., 979 F.2d 1369, 1370 (9th Cir. 1992). "A decision is 'contrary to law' if it applies an incorrect legal standard or fails to consider an element of the applicable standard." Conant v. McCoffey, No. 97–0139-FMS, 1998 WL 164946, *2 (N.D. Cal. Mar.16, 1998) (citing Hunt v. National Broadcasting Co., 872 F.2d

1   289, 292 (9th Cir. 1989)).

2     The Government and Claimant Berkeley Patients Group ("BPG") filed a joint discovery
3   letter brief on December 13, 2013 regarding a dispute over a subpoena served by the Government
4   on the California State Board of Equalization seeking production of records, including tax records,
5   pertaining to BPG. Jt. Ltr., ECF No. 69. The Court referred the instant dispute and all further
6   discovery disputes for resolution by a magistrate judge. ECF No. 71. The magistrate assigned to
7   the case issued a "Notice of Referral for Discovery" on December 23, 2013, ECF No. 74, which
8   states, in part: "The parties are advised that they must meet and confer <u>in person</u> before any
9   dispute is considered. Thus, any pending discovery motions are hereby DENIED WITHOUT
10  PREJUDICE to the filing of a joint letter." <u>Id.</u> at 1. This portion of the December 23 Order did
11  not apply to the parties' joint letter brief, as it was not filed as a motion. However, the Order
12  continued: "If the parties submitted a letter to the presiding judge instead of a motion, the letter
13  shall not be considered unless the parties attest that they met and conferred <u>in person</u> prior to filing
14  the letter. Accordingly, within three days from issuance of this notice, the parties shall file a joint
15  statement verifying that they met in person prior to filing the letter." <u>Id.</u>

16    The parties did not file such a joint statement. On January 13, 2014, the magistrate judge
17  issued an order resolving the dispute and quashing the Government's subpoena to the Board of
18  Equalization. ECF No. 75.

19    The Government moves for relief from the magistrate judge's order quashing its subpoena
20  on two grounds. First, the Government argues that the magistrate judge's order was improperly
21  entered prior to the parties' filing of a joint statement verifying an in-person meeting and
22  conferral. That argument is unavailing. Judge James' own order requiring the *parties* to do
23  something did not affect *Judge James'* authority to decide the dispute. Also, even if the parties
24  had filed the letter Judge James ordered them to file, it would not have contained any information
25  that Judge James needed to decide the underlying discovery dispute; it would merely have
26  confirmed that the parties still had a dispute after discussing the issue further. The Court construes
27  the Judge James' order quashing the Government's subpoena as vacating her prior order and
28  deciding the issue on the merits as framed by the parties in their joint letter brief.

2

1    Second, on the merits, the Government moves the Court to vacate the magistrate judge's
2  order based on an alleged misapplication of relevant law. In particular, the Government argues
3  that the magistrate judge improperly placed the burden on the Government to prove the tax records
4  sought were "not readily obtainable from other sources, when actually the burden should have
5  been placed on the BPG, the party opposing the subpoena." ECF No. 76 at 3. According to the
6  Government, once it had established the relevance of BPG's tax records, the magistrate judge
7  should have shifted the burden to BPG to show that other sources exist from which the
8  information is readily obtainable.
9    But that isn't the position the Government took before Judge James. Contrary to the
10 Government's position now, in the joint letter brief before the magistrate judge, the Government
11 assumed the burden it now claims the magistrate judge improperly placed on it. In its opening
12 legal discussion, BPG identified the applicable legal standard as follows: "the Court may only
13 order the production of a litigant's tax returns if they are relevant and when there is a compelling
14 need for them because the information sought is not otherwise available." ECF No. 69 at 3
15 (emphasis omitted) (citing Aliotti v. Vessel Sonora, 217 F.R.D. 496, 498 (N.D. Cal. 2003);
16 Advante Int'l Corp. v. Mintel Learning Tech., 2006 WL 3511956 (N.D. Cal. 2006)). The
17 Government's responding argument expressly accepted that burden:

> [T]he Government has made the showing that the returns are relevant and that there is a compelling interest to obtain the information . . . . The Government has established that the tax returns are relevant to the litigation and that there is a compelling need to obtain the information sought . . . . [I]t is evidence based on BPG's position in their meet and confer letter that the only way for the Government to obtain records is from BOE, as the only other party possibly possessing the records is BPG and they are vehemently contesting the Government obtaining the documents from BOE.

ECF No. 69 at 5. In support, the Government cited only Advante International, which sets forth
the standard as described by BPG. In reply, BPG discussed the facts of Advante International on
this precise question. The magistrate judge also cited Advante International when she identified
the applicable legal standard and placed the burden for showing a "compelling need for the
documents because the information sought is not readily available from another source" on the

1  Government. ECF No. 75 at 2.

2      The Court declines to address the Government's new objection to the magistrate judge's application of the law because its position constitutes a reversal of its position before the magistrate judge. Not only has the Government waived its current objection, it expressly assumed the very burden it now wishes to shift to BPG. District courts need not, and ordinarily should not address arguments raised for the first time in an objection to a magistrate judge's order. See Greenhow v. Sec'y of Health & Human Servs., 863 F.2d 633, 638 (9th Cir. 1988) overruled on other grounds by United States v. Hardesty, 977 F.2d 1347 (9th Cir. 1992) ("[A]llowing parties to litigate fully their case before the magistrate and, if unsuccessful, to change their strategy and present a different theory to the district court would frustrate the purpose of the Magistrates Act. We do not believe that the Magistrates Act was intended to give litigants an opportunity to run one version of their case past the magistrate, then another past the district court."); United States v. Stone, No. 12-cv-0072-JCC, 2013 WL 5934346, at *4 (E.D. Cal. Nov. 5, 2013) (refusing to consider argument raised for the first time in objection to magistrate's nondispositive discovery order).

    The Government's motion is denied.

**IT IS SO ORDERED.**

Dated: January 29, 2014

_____
JON S. TIGAR
United States District Judge