1
2
3
4
5
6                    UNITED STATES DISTRICT COURT
7                    NORTHERN DISTRICT OF CALIFORNIA
8

9  UNITED STATES OF AMERICA,                Case No.  13-cv-02027-JST   (MEJ)
                    Plaintiff,
10                                           **ORDER RE: DISCOVERY LETTERS**
11          v.                               Re: Dkt. Nos. 78, 79, 80

12  REAL PROPERTY AND
    IMPROVEMENTS LOCATED AT 2366
13  SAN PABLO AVENUE, BERKELEY,
    CALIFORNIA,
14                    Defendant.

15

16                          **BACKGROUND**

17          This is an in rem action for forfeiture of real property pursuant to 21 U.S.C. § 881(a)(7),

18  brought by Plaintiff United States of America (the "Government") against the defendant real

19  property located at 2366 San Pablo Avenue, in Berkeley, California (the "Property"), on May 2,

20  2013.  Compl., Dkt. No. 1.  Claimant Berkeley Patients Group ("BPG") is a licensed medical

21  cannabis dispensary that has operated in the City of Berkeley since 1999.  Jt. Ltr. at 3 ("Inter.

22  Ltr."), Dkt. No. 78.  BPG currently operates a medical cannabis dispensary at the Property.

23          The Government first commenced its efforts to force closure of BPG in late 2011 or early

24  2012, by sending a "landlord letter" to BPG's former landlord at its former location at 2747 San

25  Pablo Ave., Berkeley.  Inter. Ltr. at 3.  The former landlord was represented by attorneys Ramsey

26  & Ehrlich.  *Id*.  Representations were made at that time that a primary reason for the

27  Government's actions was the proximity of BPG to schools in Berkeley.  *Id*.  In May 2012, BPG

28  agreed to close its former location as a result of the Government's pressure and its representations.

United States District Court
Northern District of California

1    *Id.* In November 2012, BPG reopened at its present location at the Property, but only after

2    extensive vetting by Berkeley officials to ensure it was located outside the vicinity of any schools.

3    *Id.*

4           On April 30, 2013, the Government commenced this action seeking to forfeit BPG's new

5    location, alleging that BPG was located within 1000 feet of Nia House Learning Center and Color

6    Me Children Preschool, which BPG contends are daycare facilities for toddlers and preschoolers,

7    not schools. *Id.* BPG has filed claims asserting a leasehold interest in the property and contests

8    foreclosure of its interest via the forfeiture action. *Id.*

9           BPG asserted sixteen affirmative defenses to the forfeiture action. These defenses include:

10   (1) failure to state a claim; (2) statute of limitations; (3) laches; (4) estoppel; (5) unclean hands; (6)

11   waiver; (7) excessive fines; (8) vindictive prosecution; (9) selective prosecution; (10

12   unconscionable police conduct; (11) violation of due process; (12) violation of equal protection;

13   (13) another action pending; (14) unconstitutional taking; (15) violation of the Tenth Amendment;

14   and (16) other unknown defenses. Answer, Dkt. No. 42.

15          On November 27, 2013, BPG served the Government with Interrogatories, Requests for

16   Admissions ("RFA"), and Requests for Production ("RFP") relating to each of its affirmative

17   defenses, and on January 29, 2014, the parties filed three joint discovery letters regarding the

18   Government's responses. Dkt. Nos. 78-80. The Court will consider each in turn.

                                      **DISCUSSION**

20   **A.     Dkt. No. 78: Interrogatories Nos. 1-20**

21          On November 27, 2013, BPG served a set of 20 interrogatories aimed at discovering

22   information relevant to the 16 affirmative defenses it asserted to the forfeiture action. Inter. Ltr.,

23   Ex. 1. The Government objected to the entire set of Interrogatories on the basis of relevance,

24   arguing that it need not provide discovery related to affirmative defenses that are insufficient as a

25   matter of law. Inter. Ltr. at 7. The Government further maintains that in order to overcome its

26   objection, BPG must prove that the requested discovery is relevant by making a plausible showing

27   that it can prove each defense, which BPG cannot do. *Id.* BPG maintains that the Government's

28   relevance objection is improper because the discovery it seeks pertains to its affirmative defenses.

United States District Court
Northern District of California

2

1    *Id.* at 5.

2          The Federal Rules generally allow for broad discovery in civil actions: "Parties may obtain

3    discovery regarding any matter, not privileged, that is relevant to the claim or defense of any

4    party....  Relevant information need not be admissible at trial if the discovery appears reasonably

5    calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1).  This

6    provision is liberally construed to provide wide-ranging discovery of information necessary for

7    parties to evaluate and resolve their dispute.  *Flintkote Co. v. General Acc. Assur. Co. of Canada*,

8    2009 WL 1457974, at *2 (N.D. Cal. May 26, 2009) (citing *Oakes v. Halvorsen Marine Ltd.*, 179

9    F.R.D. 281, 283 (C.D. Cal. 1995)).  "The party who resists discovery has the burden to show that

10   discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its

11   objections."  *Oakes*, 179 F.R.D. at 283.

12         Here, the Government argues that BPG is not entitled to discovery because it will not be

13   able to establish any of its affirmative defenses at trial.  However, BPG's ability to prove its

14   defenses is not the standard against which relevance is determined.  A relevant matter is "any

15   matter that bears on, or that reasonably could lead to other matters that could bear on, any issue

16   that is or may be in the case.*"  Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).

17   Accordingly, the Court finds that BPG has made a sufficient showing that the discovery it seeks is

18   relevant, as it pertains to each of its affirmative defenses, and is thus entitled to relief.  *See*

19   *Oppenheimer Fund*, 437 U.S. at 351-52; Fed. R. Civ. P. 26(b)(1).  These affirmative defenses

20   pertain to the core issues in the case and represent BPG's only avenue to challenge the forfeiture

21   action.  Given the importance of these issues to BPG's ability to maintain a defense, and

22   considering the lack of any burden to the Government[1], the Court GRANTS BPG's request to

23   compel responses to these interrogatories.

24   **B.     Dkt. No. 79: RFAs Nos. 6-9**

25         RFAs Nos. 6-9 seek admissions regarding whether the Government received any

26   _____

27   [1] The Government objected to each Interrogatory on the grounds it was "burdensome," but did not
     elaborate on this objection in its Joint Letter.  Ex.2 to Jt. Ltr., Dkt. No. 78.  Based on the

28   information sought by these Interrogatories, an objection based on burden would likely be entitled
     to little weight.

United States District Court
Northern District of California

complaints from parents or administrators of the Color Me Children Preschool or Nia House

Learning Center about the location of BPG in relation to their facilities.  Dkt. No. 79 ("RFA Ltr."),

Ex. 2.  The Government objected to these requests as "immaterial to the forfeiture of the defendant

real property or the asserted affirmative defenses and not likely to lead to the discovery of

admissible evidence in this matter.  RFA Ltr. at 7.  Specifically, the Government argues that these

requests are not relevant because they relate only to the issue of harm, which is not an element of a

complaint for forfeiture based on violations of 21 U.S.C. §§ 841[2] and 856[3].  *Id*.  Nor is harm an

element to prove a violation of 21 U.S.C. § 860[4], because there is an irrebuttable presumption that

drug sales harm children.  *Id*. (citing *United States v. Niev*es, 608 F. Supp. 1147, 1149 (S.D.N.Y.

1985)).  Based on this narrow interpretation, the Government contends that BPG has failed to

establish that these requests could relate to any other affirmative defense, and on this basis refuse

to answer.  *Id*. at 7.

        BPG argues that the Government's objections are improper because BPG is entitled to

discovery that is relevant to its affirmative defenses, regardless of whether the Government

believes these defenses have merit.  *Id*. at 6.  The Court agrees that BPG has advanced a number of

---

[2] 21 U.S.C. § 841 provides that it is "…unlawful for any person knowingly or intentionally:  (1) to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance; or (2) to create, distribute, or dispense, or possess with intent to distribute or dispense, a counterfeit substance."

[3] 21 U.S.C. § 856 provides that it is unlawful to:

> (1) knowingly open, lease, rent, use, or maintain any place, whether permanently or temporarily, for the purpose of manufacturing, distributing, or using any controlled substance;

> (2) manage or control any place, whether permanently or temporarily, either as an owner, lessee, agent, employee, occupant, or mortgagee, and knowingly and intentionally rent, lease, profit from, or make available for use, with or without compensation, the place for the purpose of unlawfully manufacturing, storing, distributing, or using a controlled substance.

[4] 21 U.S.C. § 860 provides that a person may violate section 841(a)(1) or section 856 by: "distributing, possessing with intent to distribute, or manufacturing a controlled substance in or on, or within one thousand feet of, the real property comprising a public or private elementary, vocational, or secondary school or a public or private college, junior college, or university, or a playground, or housing facility owned by a public housing authority, or within 100 feet of a public or private youth center, public swimming pool, or video arcade facility."

United States District Court
Northern District of California

United States District Court
Northern District of California

other issues and defenses to which this information is relevant, such as whether these two facilities are actually "schools" as defined by 21 U.S.C. § 860.  At a minimum, an admission that the Government did not consider these facilities to be "schools" within the meaning of 21 U.S.C. § 860 would tend to establish that BPG did not violate this section.  Accordingly, the Court disagrees with the Government's narrow interpretation of the information sought by these requests.  The admissions sought by BPG may lead to the discovery or evidence relevant to other defenses, for instance whether BPG actually operated its dispensary within 1,000 feet of a school.  Accordingly, the Court GRANTS BPG's motion to compel responses to RFAs Nos. 6-9.

**C.      Dkt. No. 80: RFPs Nos. 6-15 and 17-29**

BPG served a set of 30 RFPs on the Government, seeking production of a number of documents regarding medicinal cannabis dispensary policies, including: communications with law enforcement, policies and investigations of dispensaries within the Northern District California (RFPs Nos. 6-10); any files or information regarding criminal charges or evidence against BPG (RFPs Nos. 11-15); any information relating to the Government's interpretation of the definition of "school" as set forth in 21 U.S.C. § 860 or documents relating to those two facilities (RFPs Nos. 17-23); manuals, interviews or statements regarding medicinal cannabis dispensary policies since 2009 (RFPs Nos. 24-26); references to the Cole Memorandum (RFPs Nos. 27-29).  Dkt. No. 80 ("RFP Ltr."), Ex. 1.  BPG also requested the production of documents specific to the Government's prosecution of this forfeiture action, including: communications between the Government and BPG's landlord (RFPs Nos. 1-3); communications with the landlord's counsel (RFP No. 4); and any property occupied by BPG (RFP No. 5).  *Id.*

The Government asserted general objections based on attorney-client privilege and attorney work product privilege to the entire set of requests, as well as specific objections to each request based on law enforcement privilege and deliberative process privilege.  *Id.*  The Government also objected to RFPs Nos. 1-3 on the basis that they were privileged settlement agreements pursuant to Rule Federal Rule of Evidence ("FRE") 408(a).  *Id.*  In the parties' letter, the Government argues that RFPs Nos. 18-19 and 22-23 are not relevant to any viable defense because they relate only to the issue of harm, which is not an element of a complaint for forfeiture

United States District Court
Northern District of California

1   based on violations of 21 U.S.C. §§ 841 and 856.  RFP Ltr. at 7.

2          BPG asks the Court to strike the Government's general objections to the requests, overrule

3   the relevance objections, require the Government to submit a privilege log to test its claims of

4   privilege, and order the Government to produce all documents responsive to RFPs Nos. 1-3, 18-

5   19, and 22-23.  *Id.* at 4-5.  Specifically, BPG contends that the Government may not impose a

6   blanket privilege objection, but must respond to each RFP.  *Id.* at 4.  Moreover, BPG contends that

7   the Government has not met its burden of establishing privilege in any of its specific objections.

8   *Id.* at 5  Further, BPG contends that the Government's relevance objections are insufficient

9   because BPG need not make a factual showing that it can establish its affirmative defenses in

10  order to obtain discovery.  *Id.*

11         With respect to RFPs Nos. 1-3, the Court finds that the Government's claim of privilege is

12  not adequately supported.  FRE 408(a) provides that evidence of settlement negotiations is not

13  admissible to "prove or disprove the validity or amount of a disputed claim or to impeach by a

14  prior inconsistent statement or a contradiction."  However, subdivision (b) of the rule provides that

15  "[t]his rule does not require exclusion if the evidence is offered for purposes not prohibited by

16  subdivision (a)."  Accordingly, correspondence regarding settlement negotiations between the

17  landlord and the Government is discoverable, notwithstanding the provisions of FRE 408(a), if it

18  is reasonably calculated to lead to the discovery of relevant, admissible evidence, subject to any

19  claim of privilege.  *Phoenix Solutions, Inc. v. Wells Fargo Bank, N.A.*, 254 F.R.D. 568, 581-82

20  (N.D. Cal. 2008).  As the Court found with respect to the Government's identical argument

21  regarding BPG's Requests for Admissions, these requests may lead to the discovery of evidence

22  relevant to other issues or defenses, for instance whether BPG actually operated its dispensary

23  within 1,000 feet of a school in violation of 21 U.S.C. § 860.  Accordingly, the Court GRANTS

24  the motion to compel further responses to these RFPs.

25         As to the Government's relevance objections, the Court finds, as it did above, that these

26  RFPs are relevant to BPG's affirmative defenses.  BPG need not make an additional showing of a

27  prima facie defense in order to be entitled to discovery.  Specifically, the Court finds that BPG has

28  met the burden of establishing that RFPs Nos. 1-3, which request documents relating to

6

communications between the Government and BPG's former landlord, are relevant to BPG's affirmative defenses, such as vindictive or selective prosecution, because BPG will have to establish that others similarly situated have not been prosecuted and that the allegedly discriminatory prosecution was based on an impermissible motive. *United States v. One 1985 Mercedes,* 917 F.2d 415, 420 (9th Cir. 1990). The Court also finds that BPG has met its burden of establishing that RFPs Nos. 18-19 and 22-23, which request documents relating to whether Nia House Learning Center and Color Me Children Preschool are "schools" within the meaning of 21 U.S.C. § 860, are relevant. Accordingly, the Court GRANTS BPG's motion to compel responses to RFPs Nos. 1-3, 18-19, and 22-23, subject to any claims of privilege the Government may assert.

Finally, with respect to the Government's assertion of privilege in response to RFPs Nos. 5-17, 20-21, and 24-29, the Court ORDERS the Government to produce a privilege log within 15 days of this Order to enable BPG to evaluate the applicability of the claimed privilege or protection. Fed. R. Civ. P. 26(b)(5); *see also Caudle v. District of Columbia,* 263 F.R.D 29, 35 (D.D.C. 2009). If the parties are unable to resolve their dispute after review of the privilege log, they shall meet and confer in compliance with the undersigned's Discovery Standing Order.

## CONCLUSION

Based on the analysis above, the Court: (1) GRANTS BGP's Motion to Compel responses to  Interrogatories Nos. 1-20; (2) GRANTS BGP's Motion to Compel responses to RFAs Nos. 6-9; and (3) GRANTS BGP's Motion to Compel responses to RFPs Nos. 1-3; 18-19, and 22-23. The Government shall provide further responses by June 12, 2014. To the extent that the Government objects to RFPs Nos. 5-17, 20-21, and 24-29 based on privilege, it shall specifically object to each RFP, and provide a privilege log describing each document and the basis for the claim of privilege.

**IT IS SO ORDERED.**

Dated: May 22, 2014

_____
MARIA-ELENA JAMES
United States Magistrate Judge

United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California