1

2

3

4                              UNITED STATES DISTRICT COURT

5                            NORTHERN DISTRICT OF CALIFORNIA

6

7    UNITED STATES OF AMERICA,                 Case No.  13-cv-02027-JST   (MEJ)

          Plaintiff,
8                                              **AMENDED ORDER GRANTING
                                               MOTION TO QUASH SUBPOENA**
9         v.
                                               Re: Dkt. No. 91
10   REAL PROPERTY AND
     IMPROVEMENTS LOCATED AT 2366
11   SAN PABLO AVENUE, BERKELEY,
     CALIFORNIA,
12
          Defendant.
13
                                       **INTRODUCTION**
14
            By the present joint letter, Claimant Berkeley Patient's Group ("BPG") moves to quash a
15
     subpoena that was served by plaintiff United States (the "Government") on the California State
16
     Board of Equalization ("BOE").  Jt. Ltr., Dkt. No. 91.  For the reasons discussed below, the Court
17
     GRANTS BPG's request.
18
                                        **BACKGROUND**
19
            This is an in rem action for forfeiture of real property pursuant to 21 U.S.C. § 881(a)(7).
20
     The United States alleges that since May 2012, BPG has operated a medicinal marijuana
21
     dispensary on the real property located at 2366 San Pablo Avenue, in Berkeley, California, in
22
     violation of 21 U.S.C. §§ 846 and 856.  Jt. Ltr., at 5.  The United States commenced this action
23
     against the defendant real property on May 2, 2013.  *Id.*  Thereafter, BPG, filed claims asserting an
24
     interest in the property and contesting the forfeiture.  Dkt. No. 12.
25
            On November 18, 2013, the Government issued a subpoena to the BOE seeking production
26
     of all records pertaining to BPG.  Dkt. No. 69.  On January 13, 2014, this Court quashed the
27
     subpoena because the Government failed to demonstrate a compelling need for the documents
28
     "without first exhausting other available discovery mechanisms to obtain the information it seeks

United States District Court
Northern District of California

in the tax records."  Order, Dkt. No. 75, at 2.

Thereafter, the Government served a Request for Production ("RFP") on BPG, seeking production of all tax documents, including tax returns, from January 1, 1999 to the present.  Jt. Ltr., Ex. 2 at 3.  BPG objected to the request on the basis of relevance, taxpayer privilege and right to privacy, public policy against disclosure of tax documents, and the Fifth Amendment.  *Id*. at 4.  The RFP also sought production of "all documents that reflect BPG's cannabis-related sales at the defendant real property."  *Id*. at 6.  BPG objected to the request on the basis of relevance, and on the grounds that the request violated the right to privacy of third parties, including the right to patient privacy under federal and state laws.  *Id*. at 7.  BPG also objected to this RFP based on the Fifth Amendment.  *Id*.

Thereafter, on February 25, 2014, the Government served a third subpoena seeking production of "all records" pertaining to BPG.  *Id*. at 3.  On March 3, 2014, the BOE partially objected to the subpoena and advised that "it was prepared to produce documents 'other than document related to the Board's Offers in Compromise Program,' unless it received a motion to quash" filed by BPG.  *Id*.  On March 13, 2014, BPG filed a motion to quash the subpoena.  *Id*.

The parties met and conferred on March 7, 2014.  *Id*.  At that session, BPG advised the Government that it would provide BPG's total sales figures, but not its "marijuana sales" figures, if asked in interrogatory form.  *Id*.  BPG maintains that these figures would provide the same information as the Government seeks from the BOE, as the BOE does not break down a taxpayer's sales figures into the types of products sold.  *Id*., fn 2.

## DISCUSSION

The Government argues that it has demonstrated a compelling need for the tax returns because it cannot get the information it seeks from any other source, and thus the subpoena should not be quashed.  *Id*. at 5.  Specifically, the Government states that prior to serving the subpoena on the BOE, it attempted to get this information directly from BPG via three targeted RFPs seeking (1) "All documents that reflect marijuana (aka cannabis) related sales at the defendant real property";  (2) "All documents that reflect marijuana (aka cannabis) related purchases from 'vendors,' customers, and patients by BPG at the defendant real property"; in addition to a focused

1   request for BOE tax records related to the sales reported to BOE, which the Government believes

2   will identify the products that BPG is authorized to sell.  *Id*.  The Government does not address

3   BPG's offer to provide alternate information via interrogatories, or whether the BOE records

4   actually contain the more detailed information it seeks.

5        BPG argues that even though it declined to produce any alternative documents, the

6   subpoena should be quashed because it can supply the Government with the information it

7   requires by providing BPG's total sales figures if asked to do so in an interrogatory.  *Id*. at 3.  BPG

8   further argues that the Government has not established that it could obtain BPG's marijuana sales

9   figures from their tax returns because it has not shown that BOE records contain a breakdown of

10  the types of products a business sells.  *Id*., fn 2.

11       "Tax returns do not enjoy an absolute privilege from discovery."  *Premium Service Corp.*

12  *v. Sperry & Hutchinson Co*., 511 F.2d 225, 229 (9th Cir. 1975).  Nevertheless, there is a public

13  policy against the unnecessary public disclosure of tax records.  *Id*.  "Accordingly, the Court may

14  only order the production of [a party's] tax returns if they are relevant and when there is a

15  compelling need for them because the information sought is not otherwise available."  *Aliotti v.*

16  *Vessel Senora*, 217 F.R.D. 496, 497–98 (N.D. Cal. 2003).  "The party seeking production [of the

17  tax returns] 'has the burden of showing relevancy, and once that burden is met, the burden shifts to

18  the party opposing production to show that other sources exist from which the information is

19  readily obtainable.'"  *A. Farber and Partners, Inc. v. Garber*, 234 F.R.D. 186, 191 (C.D. Cal.

20  2006) (quoting *Hilt v. SFC, Inc*., 170 F.R.D. 182, 189 (D. Kan. 1997)).

21       Considering the parties' arguments against this standard, the Court finds that even

22  assuming the Government has made a sufficient showing that the documents are relevant, BPG

23  has demonstrated that the information sought is readily available from another source.  At the time

24  of the joint letter, BPG averred that it was willing to provide its total sales figures at the defendant

25  property if the Government served an interrogatory seeking that information.  Jt. Ltr. at 3.  BPG

26  explained that it could not provide this information through the Government's document requests

27  due to several privilege issues, including the Fifth Amendment and the right to patient privacy.  *Id*.

28  at 4.  Further, BPG maintains that its total sales figures will provide the same information as the

tax records, which do not provide a breakdown of BPG's sales by type.  *Id*. at 3.  Under these circumstances, the Court finds that the Government is again seeking tax documents relating to BPG without first exhausting other available discovery mechanisms to obtain the information it seeks in the tax records.  The established public policy protecting tax records from unnecessary public disclosure requires the Government to utilize and exhaust other less intrusive discovery avenues before it is entitled to obtain the documents.

**CONCLUSION**

Based on the analysis above, the Court GRANTS BPG's request to quash the subpoena served on the BOE at this juncture.  The Court makes no finding as to whether the materials sought in the subpoena are relevant, and this ruling does not preclude the Government from re-serving the subpoena at a later time if it cannot obtain the information from BPG through an interrogatory requesting BPG's total and projected sales figures for the relevant time periods.

**IT IS SO ORDERED.**

Dated: June 6, 2014

_____
MARIA-ELENA JAMES
United States Magistrate Judge

United States District Court
Northern District of California