1   MELINDA HAAG (CABN 132612)
    United States Attorney
2
    J. DOUGLAS WILSON (DCBN 412811)
3   Chief, Criminal Division
4   ARVON J. PERTEET (CSBN 242828)
    Assistant United States Attorney
5
            450 Golden Gate Avenue, Box 36055
6           San Francisco, California 94102-3495
            Telephone: (415) 436-6598
7           FAX: (415) 436-7234
            ARVON.PERTEET@USDOJ.GOV
8
    Attorneys for the United States of America
9

10                  UNITED STATES DISTRICT COURT

11                NORTHERN DISTRICT OF CALIFORNIA

12
    UNITED STATES OF AMERICA,              )   CASE NO. CV 13-2027  JST - MEJ
13                                         )
            Plaintiff,                     )   JOINT DISCOVERY LETTER BRIEF RE:
14                                         )   PLAINTIFF UNITED STATES' MOTION TO
        v.                                 )   COMPEL RESPONSES TO REQUESTS FOR
15                                         )   PRODUCTION OF DOCUMENTS SET TWO TO
    REAL PROPERTY AND IMPROVEMENTS         )   CLAIMANT BERKELEY PATIENTS GROUP,
16  LOCATED AT 2366 SAN PABLO AVENUE,      )   INC.
    BERKELEY, CALIFORNIA,                  )
17                                         )
            Defendant.                     )
18  _____)

19          The undersigned attest that he has met and conferred in person in a good faith attempt to resolve

20  this dispute prior to the filing of this letter.

21                                         /s/ Arvon J. Perteet
                                           Arvon J. Perteet, AUSA
22

23          The undersigned attest that a member of his firm has met and conferred in person in a good faith

24  attempt to resolve this dispute prior to the filing of this letter.

25                                         /s/ Henry Wykowski
                                           Henry Wykowski, Esq.
26                                         Attorney for Berkeley Patients Group, Inc.

27

28

## I.   PLAINTIFF UNITED STATES' REQUEST FOR RELIEF

Plaintiff United States seeks to compel claimant Berkeley Patients Group, Inc. ("BPG") to provide further responses to Requests for Production, Set Two(2). BPG has stated boilerplate, improper objections and refuses to respond to the vast majority of Plaintiff's requests, all on essentially the same basis. (See Exhibit 1).  BPG also waived its objections to respond to discovery when they failed to timely respond. The parties met and conferred in person and BPG did not agree to amend or supplement any response.

BPG believes that it does not have to respond to discovery regarding the affirmative defenses asserted by BPG. BPG's position is in direct contradiction to FRCP 26(b)(1) and indeed the entire purpose of discovery. BPG's position is that BPG and/or BPG's principals can assert a Fifth Amendment privilege as to BPG's production of documents is incorrect, and statutorily and legally unfounded. Additionally, BPG has asserted other privilege objections without providing a privilege log as required.[1]

### a.   Factual Background

The United States commenced this forfeiture action against the defendant real property located at 2366 San Pablo Avenue, Berkeley, California, on May 2, 2013. This forfeiture action is based on the defendant real property's use and/ or intended use to facilitate the distribution of marijuana by Claimant Berkeley Patients Group ("BPG') beginning after May 2012, in violation of 21 U.S.C. §§ 846 and 856. It is uncontested that BPG is engaged in the distribution of marijuana at the defendant real property and that it entered into a lease for the defendant real property with Nahla Droubi to facilitate the distribution of marijuana starting in June 2012.

### b.   Claimant's Objections Fail

Fed. R. Civ. P. 26(b) states that "Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense." *See also Koninklijke Philips Electronics N.V. v. KXD Technology, Inc.,* 2007 WL 778153, at *5, 6 (D. Nev. Mar. 12, 2007) (treating Plaintiff's Requests 1-3 as "a request for documents that Defendants may use in support of their [affirmative] defense" despite broad usage of language). Claimant therefore cannot refuse to respond unless its objections have merit. As Claimant's objections do not have merit, it must respond. Furthermore, as Claimant failed to respond to the United States' request for production of documents in a timely fashion, it waives its objections.

**Fifth Amendment Objection:** Claimant asserts this objection to every discovery request. However, Fifth Amendment protection against self-incrimination is not a valid objection to a request for the production of documents in this case. Per Fed. R. Civ. P. 26(g), verification is not required for the response to a legal request for the production of documents. Claimant's response need not be signed "under oath" by the party to whom the request is directed, but the party's attorney must sign it, certifying that the response is made in good faith. Cal. Prac. Guide Fed.

---

[1] When asked why BPG was not providing a privilege log even though it has argued that the plaintiff was required to do so, counsel for BPG stated "we will wait to see what the Court decides to do."

Civ. Pro. Before Trial Ch. 11(IV)-C, 11:1924. *See also State Farm Mut. Auto. Ins. Co. v. New Horizon, Inc.*, 250 F.R.D. 203, 222 (E.D. Pa. 2008).

A custodian of records acting in a representative capacity may not resist a request for the production of records on the ground that it would violate his Fifth Amendment right against self-incrimination, regardless of whether the request is addressed to the corporation or to the custodian. *Braswell v. United States*, 487 U.S. 99, 108-09 (1988); *see also United States v. Blackman*, 72 F.3d 1418, 1426-27 (9th Cir. 1996). Therefore, given that verification is not required, the custodian of records must produce the records in compliance with the Government's request.

**Attorney Work-Product Privilege Objection:** Claimant asserts this objection to every discovery request. The work-product rule is a qualified immunity protecting from discovery work product prepared in anticipation of litigation by a party or its representative. *Admiral Ins. V. U.S. Dist. Ct., Dist. Ariz.*, 881 F.2d 1486, 1491 (9th Cir. 1989). The rule does not provide any protection for documents prepared in the ordinary course of business, even if those documents may also prove useful in litigation. *See, e.g., JumpSport, Inc. v. Jumpking, Inc.*, 213 F.R.D. 329, 341-42 (N.D. Cal. 2003). Therefore, to the extent that any of the requested documents in this case were prepared in the ordinary course of business, Claimant's objection fails. In addition, the party asserting the work-product protection has the burden of establishing its applicability to documents requested during discovery. *See Fresenius Med. Care Holding Inc. v. Baxter Int'l, Inc.*, 224 F.R.D. 644, 655 (N.D. Cal. 2004) (describing what must be shown by a party asserting the immunity); *see also In re Grand Jury Subpoena Dated July 6, 2005*, 510 F.3d 180, 183 (2d Cir. 2007). As Claimant merely asserted the objection without further explanation, Claimant did not fulfill this burden in its response.

Moreover, under the crime/fraud exception, opinion and ordinary work-product may be discovered when the communications are made in furtherance of a criminal activity. *United States v. Zolin*, 491 U.S. 554, 563 (1989); *see also In re Green Grand Jury Proceedings*, 492 F.3d 976, 980 (8th Cir. 2007) (holding explicitly that the crime/fraud exception may overcome work product protection). As BPG is, by its nature, a criminal enterprise operating in contravention of 21 U.S.C. §§ 841 and 856, any documents prepared in furtherance of BPG's business operations would naturally be in furtherance of criminal activity. Therefore, to the extent that any of the requested documents were prepared in furtherance of BPG's business operations, the crime/fraud exception defeats Claimant's work product objection.

**Premature Request Objection:** Claimant asserts this objection to every discovery request.  Claimant inaccurately states that discovery has "just recently commenced".  However, discovery has been ongoing since August of 2013.  Additionally, Claimant is responsible for providing any responsive documents in their possession and to undergo the necessary steps to ascertain what documents are responsive and to provide supplemental discovery responses as necessary.  *In re Ford Motor Co.*, 345 F.3d 1315, 1317 (11th Cir. 2003).

**Claimant Waived Objections with Untimely Response:** Claimant failed to respond to the Government's request for production of documents within the required 30 day time period from personal service. Fed. R. Civ. P. 34(b)(2)(A). If a party resisting discovery does not make a timely objection, it waives all objections, including claims of work product protection and privilege. *See Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992). Claimant's attorney was personally served with the plaintiff's Request for Production of Documents Set (2) Two while attending a meet and confer at plaintiff's office on March 7, 2014. (See Exhibit 2). *New York v. Operation Rescue Nat'l*, 69 F.Supp.2d 408, 416 (W.D.N.Y. 1999). Courtesy copies were mailed to the remaining claimants' counsel pursuant to F.R.C.P. 5(a)(1)(C), including Henry Wykowski and Lara DeCaro, who authorized Andrew Scher to participate in discovery matters for BPG, but did not appear the meet and confer.

Relevant to determining whether there is good cause for failure to timely respond are whether the party resisting discovery describes the documents claimed to be privileged and whether the party seeking discovery was prejudiced. *See Enron Corp. Savings Plan*, 258 F.R.D. 149, 157 (S.D. Tex. 2009); *see also Burlington N. & Santa Fe Ry Co. v. U.S. Dist. Ct. for Dist. of Mont.*, 408 F.3d 1142, 1147, 1149 (9th Cir. 2005). In this case, Claimant did not describe the documents claimed to be privileged with any degree of particularity in any of its objections. *See* Fed. R. Civ. P. 26(b)(5)(A); *Clarke v. American Commerce Nat'l Bank*, 974 F.2d 127, 129 (9th Cir. 1992). Furthermore, the Government was prejudiced by the untimely responses as discovery was set to close on June 6, 2014, and the Government was preparing to file a motion for summary judgment and was unable to review relevant documents related to said motion. The Government filed its Motion for Summary Judgment without the benefit of having the claimant's proper responses.

## II.     BPG'S RESPONSE IN OPPOSITION TO REQUESTED RELIEF

### a.     Introduction and Factual Background

If this case had been subject to Rule 26 initial disclosures, Plaintiff would have been entitled to a copy of "all documents… that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses." Rule 26(a)(1)(A)(ii). If requested, BPG still would be willing to produce such documents to Plaintiff. BPG has nothing to hide.

However, here Plaintiff's Requests for Production go *far beyond* the type of discovery envisioned by Rule 26. Rather than documents BPG "may use to support its claims or defenses", Plaintiff has requested all documents that "*refer or relate to*" each of BPG's defenses (including those that will *not* be used by BPG). Even more importantly, Plaintiff has propounded *sixteen separate requests rather than a single one* (or one for each of BPG's sixteen affirmative defenses). By so doing, Plaintiff has invaded BPG's *core attorney work-product* in that by

selecting, organizing and producing responsive documents, BPG's attorneys *necessarily* would reveal their own "mental impressions, conclusions, opinions, [and] legal theories" concerning each separate issue in the litigation. Plaintiff is not permitted to enlarge and distort Rule 26 in such a manner that it would be riding the coattails of opposing counsel's protected work product. Plaintiff's requests are improper and the motion should be denied for this fundamental reason.[2]

### b.      Claimant's Objections Are Meritorious

**Attorney Work-Product Privilege Objection:** Each of the United States' sixteen Requests for production seeks "all documents" that "refer or relate to" each of the sixteen affirmative defenses pleaded in BPG's answer. This is an improper attempt to discover defense counsels' mental impressions and legal opinions, which are privileged under the work product doctrine. *See* Fed. R. Civ. P. 26(b)(3)(B) (the Court "must protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation"). The process of selecting and ordering a few documents out of thousands of potential documents that "refer or relate to", in effect, every defense issue in the entire case, lies at the core of the work product doctrine. *See, e.g., Sporck v. Peil,* 759 F.2d 312, 315 (3d Cir. 1985) (holding that the selection process of defense counsel in grouping certain documents together out of all the involved documents in a case is work product because such grouping is strategic and represents the mental impressions and legal opinions of counsel); *Johnson v. Ocean Ships, Inc.,* 2006 WL 2166192, at *3 (W.D. Wash. July 31, 2006) ("Considering *Sporck v. Peil* persuasive, this Court finds that the exact documents and witnesses Arrow intends to use for each affirmative defense reveals defense counsel's mental impressions, is work product and so is privileged."); *Wahl v. American Sec. Ins. Co.,* 2009 WL 3463211, at *2 (N.D.Cal., Oct. 23, 2009) ("Requests 24-31 are simply an attempt by Wahl to force ASIC to organize and categorize the documents in a manner that would reveal ASIC's legal strategies…. For this reason, ASIC will not be compelled to respond to Requests 24-31."); *Am. Nat'l Red Cross v. Travelers Indem. Co. of R.I.,* 896 F. Supp. 8, 14 (D.D.C. 1995) ("When ARC's counsel requested of Yessman a description of the 'facts and documents which Travelers contends support' each affirmative defense, ARC's counsel was asking questions that intruded upon protected work product; in effect, what ARC was requesting was insight into Travelers' defense plan.").

Document Requests 1 through 16 also are improper as they are facially overbroad. *See, e.g., Koninklijke Philips Electronics N.V. v. KXD Technology, Inc.,* 2007 WL 778153, at *5 (D. Nev. Mar. 12, 2007) ("Plaintiff's Requests 1 and 2 request that Defendants produce all documents that support each… affirmative defense in Defendants' answer. Notwithstanding Defendants' 'boilerplate' objections, these requests appear overbroad on their face."). Requests for

---

[2] A privilege log is inappropriate in this dispute. Simply put, there would be no way to prepare a privilege log without revealing the work-product itself (i.e., the attorney's opinions, strategies and mental impressions of what documents "refer or relate to" which affirmative defenses).`

production should not be "sweeping," such as "those for all documents relating or referring to' an issue, party or claim," but should be framed "for production of the fewest documents possible." *Manual on Complex Litigation* (Fourth) § 11443 (2004) ("Manual").

With respect to the "crime-fraud exception" to the work product protection, this is a specious argument. Before the "crime-fraud exception" may apply, a *prima facie* showing is required of all of the following:

> • the client was engaged in or planning criminal or fraudulent acts;
> • the client sought advice of counsel to *further* the illegal scheme; and
> • a close relationship exists between the client's illegal scheme and counsel's work product. *See Chaudhry v. Gallerizzo* (4th Cir. 1999) 174 F3d 394, 403.

Here, this is a *civil* forfeiture case, not a criminal case. There is no evidence, let alone a *prima facie* showing, that the client sought advice of counsel "to further the illegal scheme". And most importantly, the nature of the work product—the attorney's mental act of selecting what documents would "refer or relate to" which affirmative defense—is such that *no relationship* exists between the work product and any alleged "illegal scheme". Plaintiff's unprecedented interpretation of the "crime-fraud exception" would literally swallow the entire work product privilege if applied in this case. It should be soundly rejected by the Court.

**Premature Request Objection:** In this case, as explained in BPG's discovery responses (attached as Exh. 1), prematurity is a uniquely appropriate objection. Rule 11 states that *factual* contentions in a complaint require evidentiary support. However, Plaintiff's sixteen document requests all pertain to *legal* contentions (affirmative defenses). BPG expects to gather the documents pertinent to these defenses during the discovery process. Indeed, it has attempted diligently to do so but has been stymied by Plaintiff's consistent refusal to comply with its discovery obligations. *See* Docket #113, Order Granting BPG's Motion to Compel. BPG cannot even begin to intelligently match up which documents "refer or relate to" each of the sixteen affirmative defenses until it has received the basic written discovery that was requested from Plaintiff *in November 2013*, but which still has not been provided to this day.

**BPG's Objections Were Timely as Reflected in Plaintiff's Own Proof of Service:** Attached as Exhibit 3 is the set of Requests for Production served on BPG *by mail*. The proof of service (which was prepared by Plaintiff) states that the document was *served by mail*. Like any law firm, BPG's counsel relied on the proof of service and calendared the response date based on the proof of service—adding one extra day on the tail end due to the weekend and three extra days due to the service by mail. *See* Rule 6(a), 6(d), Committee Note on Rules—2005 Amendment.

Puzzlingly, Plaintiff now claims that the mailed document was merely a "courtesy copy". *That certainly is not what the Proof of Service states.*[3] BPG was entirely justified to rely on the Proof of Service as being accurate and being what it was—a binding admission that the attached document was served by mail. Plaintiff's instant claim that its own Proof of Service by Mail should not have been relied on by BPG is nothing but pure gamesmanship.

**Assuming *Arguendo* That BPG's Objections Were Technically Untimely by a Short Time, BPG has Acted Reasonably, There Has Been No Prejudice and the Court Should Not Find a Waiver of BPG's Important, Meritorious Objections:** In their discretion, Courts may excuse untimely objections to requests for production. *Blumenthal v. Drudge* (D DC 1999) 186 FRD 236, 240. Here, even if the Court finds the objections to be technically untimely by several days, the Court has every reason to excuse the untimeliness. Plaintiff's claimed "prejudice" is entirely disingenuous because the summary judgment motion it has filed was completely premature, nowhere close to the motion cutoff date, and has now been continued indefinitely. Moreover, it is *entirely* reasonable for BPG's counsel to have relied on Plaintiff's own "Proof of Service by Mail" for calendaring the response date.[4] BPG's objections are important to adjudicate on the merits; *not* on the basis of Plaintiff's claimed "gotcha" scenario.


/s/  Arvon J. Perteet                                    /s/  Henry Wykowski
Arvon J. Perteet, AUSA                           Henry Wykowski, Esq.
Attorney for Plaintiff                               Attorney for Claimant, BPG, Inc.

---

[3] To the extent Plaintiff argues the discovery was served both personally and by mail, the Proof of Service should have accurately read "served personally and by mail." Otherwise, the Proof of Service is severely misleading, as it invites responding party to rely on an inaccurate half-truth.

[4] The ultimate "reasonableness" of BPG's response time is so evident in this case that BPG would respectfully suggest it is a breach of attorney civility guidelines for the AUSA to have chosen to pursue a waiver-of-objections argument here.

EXHIBIT 1

1  Lara L. DeCaro (State Bar No. 226037)
   **LELAND, PARACHINI, STEINBERG,**
2  **MATZGER & MELNICK, L.L.P.**
   199 Fremont St., 21st Floor
3  San Francisco, CA 94105
   Telephone: (415) 957-1800
4  Facsimile: (415) 974-1520

5  Henry G. Wykowski (State Bar No. 068255)
   **HENRY G. WYKOWSKI & ASSOCIATES**
6  235 Montgomery Street, Suite 657
   San Francisco, CA 94104
7  Telephone: (415) 788-4545
   Facsimile: (415) 788-4546

8
   *Attorneys for Claimant*
9  BERKELEY PATIENTS GROUP, INC.

10

11                    UNITED STATES DISTRICT COURT

12          FOR THE NORTHERN DISTRICT OF CALIFORNIA

13                       SAN FRANCISCO DIVISION

14

15  UNITED STATES OF AMERICA,            No.  CV 13-2027 JST

16              Plaintiff,               **RESPONSE TO REQUESTS FOR
                                         PRODUCTION OF DOCUMENTS**
17         v.

18                                       **The Honorable Jon S. Tigar**

19  REAL PROPERTY AND IMPROVEMENTS
    LOCATED AT 2366 SAN PABLO AVE.,
20  BERKELEY, CALIFORNIA

21              Defendant.

22  PROPOUNDING PARTY:   Plaintiff UNITED STATES OF AMERICA

23  RESPONDING PARTY:    Claimant BERKELEY PATIENTS GROUP, INC.

24  SET NO.:             TWO

25

26      Claimant BERKELEY PATIENTS GROUP ("BPG" or "Claimant") hereby responds to

27  Plaintiff UNITED STATES OF AMERICA'S ("Plaintiff" or "United States") Requests for

28

Production of Documents, Set Two, pursuant to Rule 34 of the Federal Rules of Civil Procedures as follows:

## PRELIMINARY STATEMENT

The responses of Claimant are made solely for the purposes of this action, and are made without waiving, or intending to waive, but, on the contrary, expressly reserving: (a) the right to object, on the grounds of competency, propriety, admissibility, privilege, relevancy or, materiality, or any other proper grounds, to the use of these responses or any documents identified herein, for any purpose in whole or part, in any subsequent step or proceeding in this action or any other action; (b) the right to object to on any grounds, at any time, to other interrogatories or requests for production or other discovery procedures involving or relating to the subject matter of theses request for production; and (c) the right at any time to revise, correct, add to or clarify any of the response provided herein.  Claimant has not yet completed its investigation of the facts relating to this action, has not yet completed its discovery in this action, and has not yet completed its preparation for trial.  Consequently, the following answers are given without prejudice to Claimant's right to amend, supplement or modify, or produce, after a diligent search and reasonable inquiry at or before the time of trial, subsequently discovered evidence relating to the proof of subsequently discovered material facts.

Moreover, as discovery, investigation, and legal research progress, new facts may be discovered and previously known facts may take on new meaning or significance, thereby changing any conclusions, opinions, representations, objections and/or statements made herein. Except for explicit facts admitted herein, no admission of any nature whatsoever are implied or should be inferred.  The fact that any request herein has been answered should not be taken as an admission or acceptance of the existence of any facts set forth or assumed buy such request, or

2

that such answer constitutes admissible evidence.

The responses herein reflect only the present state of Claimant's recollection and the present state of discovery. Except as otherwise stated below, an objection to a specific request does not imply that facts or documents responsive to the specific request exist. Moreover, many documents and things which may have been responsive to any given request may have been discarded in the ordinary course of business. Claimant expressly reserves the right to rely on, at any time including trial, subsequently discovered information or information omitted from these responses as a result of mistake, error, oversight or inadvertence. Any response herein is not intend as, and shall not be deemed to be, a waiver of any objection set forth herein. On the contrary, Claimant, expressly reserves the right to raise any applicable objection at any time. Subject to and without limiting these objections, Claimant responds to Plaintiff's Request for Production of Documents, Set Two, as follows:

## RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION NO. 1:** All documents that refer or relate to Berkeley Patients Group, Inc., dba: BERKELEY PATIENTS GROUP—FIRST AFFIRMATIVE DEFENSE, Failure to State a Claim for Relief.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1 :** Responding party objects to this request on the basis of the Fifth Amendment, as there is no authorized person associated with responding party who could respond to this request without the possibility of compulsory self-incrimination. Responding party additionally objects to this request on the ground that it violates the attorney work product privilege. Responding party additionally objects to this request on the ground that it is premature, in that discovery has just recently commenced in this case and the

3

RESPONSE TO REQUESTS FOR PRODUCTION
CV 13-2027 JST

discovery that has taken place has been substantially impeded by *propounding party's* failure to produce documents as requested, that refer or relate to responding party's affirmative defenses. Since *propounding party* holds sole and exclusive possession of the bulk of the documents it is requesting, responding party is not yet in a position to analyze or to categorize what documents exist that may "refer or relate to" its affirmative defenses.

**REQUEST FOR PRODUCTION NO. 2:**  All documents and communication that refer or relate to Berkeley Patients Group, Inc., dba: BERKELEY PATIENTS GROUP—SECOND AFFIRMATIVE DEFENSE, Statute of Limitations

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**       Responding party objects to this request on the basis of the Fifth Amendment, as there is no authorized person associated with responding party who could respond to this request without the possibility of compulsory self-incrimination.  Responding party additionally objects to this request on the ground that it violates the attorney work product privilege. Responding party additionally objects to this request on the ground that it is premature, in that discovery has just recently commenced in this case and the discovery that has taken place has been substantially impeded by *propounding party's* failure to produce documents as requested, that refer or relate to responding party's affirmative defenses. Since *propounding party* holds sole and exclusive possession of the bulk of the documents it is requesting, responding party is not yet in a position to analyze or to categorize what documents exist that may "refer or relate to" its affirmative defenses.

**REQUEST FOR PRODUCTION NO. 3:**  All documents that refer or relate to Berkeley Patients Group, Inc., dba: BERKELEY PATIENTS GROUP—THIRD AFFIRMATIVE DEFENSE, Laches

4

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**     Responding party objects to this request on the basis of the Fifth Amendment, as there is no authorized person associated with responding party who could respond to this request without the possibility of compulsory self-incrimination.  Responding party additionally objects to this request on the ground that it violates the attorney work product privilege. Responding party additionally objects to this request on the ground that it is premature, in that discovery has just recently commenced in this case and the discovery that has taken place has been substantially impeded by *propounding party's* failure to produce documents as requested, that refer or relate to responding party's affirmative defenses. Since *propounding party* holds sole and exclusive possession of the bulk of the documents it is requesting, responding party is not yet in a position to analyze or to categorize what documents exist that may "refer or relate to" its affirmative defenses.

**REQUEST FOR PRODUCTION NO. 4:**  All documents that refer or relate to Berkeley Patients Group, Inc., dba: BERKELEY PATIENTS GROUP—FOURTH AFFIRMATIVE DEFENSE, Estoppel.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**     Responding party objects to this request on the basis of the Fifth Amendment, as there is no authorized person associated with responding party who could respond to this request without the possibility of compulsory self-incrimination.  Responding party additionally objects to this request on the ground that it violates the attorney work product privilege. Responding party additionally objects to this request on the ground that it is premature, in that discovery has just recently commenced in this case and the discovery that has taken place has been substantially impeded by *propounding party's* failure to produce documents as requested, that refer or relate to responding party's affirmative defenses. Since *propounding party* holds sole and exclusive possession of the bulk of the documents it is

5

requesting, responding party is not yet in a position to analyze or to categorize what documents

exist that may "refer or relate to" its affirmative defenses.

**REQUEST FOR PRODUCTION NO. 5:**  All documents that refer or relate to Berkeley

Patients Group, Inc., dba: BERKELEY PATIENTS GROUP—FIFTH AFFIRMATIVE

DEFENSE, Unclean Hands.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**        Responding party objects to

this request on the basis of the Fifth Amendment, as there is no authorized person associated with

responding party who could respond to this request without the possibility of compulsory self-

incrimination.  Responding party additionally objects to this request on the ground that it violates

the attorney work product privilege. Responding party additionally objects to this request on the

ground that it is premature, in that discovery has just recently commenced in this case and the

discovery that has taken place has been substantially impeded by *propounding party's* failure to

produce documents as requested, that refer or relate to responding party's affirmative defenses.

Since *propounding party* holds sole and exclusive possession of the bulk of the documents it is

requesting, responding party is not yet in a position to analyze or to categorize what documents

exist that may "refer or relate to" its affirmative defenses.

**REQUEST FOR PRODUCTION NO. 6:**  All documents that refer or relate to Berkeley

Patients Group, Inc., dba: BERKELEY PATIENTS GROUP—SIXTH AFFIRMATIVE

DEFENSE, Waiver.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**        Responding party objects to

this request on the basis of the Fifth Amendment, as there is no authorized person associated with

responding party who could respond to this request without the possibility of compulsory self-

incrimination.  Responding party additionally objects to this request on the ground that it violates

6

the attorney work product privilege. Responding party additionally objects to this request on the ground that it is premature, in that discovery has just recently commenced in this case and the discovery that has taken place has been substantially impeded by *propounding party's* failure to produce documents as requested, that refer or relate to responding party's affirmative defenses. Since *propounding party* holds sole and exclusive possession of the bulk of the documents it is requesting, responding party is not yet in a position to analyze or to categorize what documents exist that may "refer or relate to" its affirmative defenses.

**REQUEST FOR PRODUCTION NO. 7:** All documents that refer or relate to Berkeley Patients Group, Inc., dba: BERKELEY PATIENTS GROUP—SEVENTH AFFIRMATIVE DEFENSE, Excessive Fines.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:** Responding party objects to this request on the basis of the Fifth Amendment, as there is no authorized person associated with responding party who could respond to this request without the possibility of compulsory self-incrimination. Responding party additionally objects to this request on the ground that it violates the attorney work product privilege. Responding party additionally objects to this request on the ground that it is premature, in that discovery has just recently commenced in this case and the discovery that has taken place has been substantially impeded by *propounding party's* failure to produce documents as requested, that refer or relate to responding party's affirmative defenses. Since *propounding party* holds sole and exclusive possession of the bulk of the documents it is requesting, responding party is not yet in a position to analyze or to categorize what documents exist that may "refer or relate to" its affirmative defenses.

7

**REQUEST FOR PRODUCTION NO. 8:** All documents that refer or relate to Berkeley Patients Group, Inc., dba: BERKELEY PATIENTS GROUP—EIGHTH AFFIRMATIVE DEFENSE, Vindictive Prosecution.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**        Responding party objects to this request on the basis of the Fifth Amendment, as there is no authorized person associated with responding party who could respond to this request without the possibility of compulsory self-incrimination.  Responding party additionally objects to this request on the ground that it violates the attorney work product privilege. Responding party additionally objects to this request on the ground that it is premature, in that discovery has just recently commenced in this case and the discovery that has taken place has been substantially impeded by *propounding party's* failure to produce documents as requested, that refer or relate to responding party's affirmative defenses. Since *propounding party* holds sole and exclusive possession of the bulk of the documents it is requesting, responding party is not yet in a position to analyze or to categorize what documents exist that may "refer or relate to" its affirmative defenses.

**REQUEST FOR PRODUCTION NO. 9:** All documents that refer or relate to Berkeley Patients Group., dba: BERKELEY PATIENTS GROUP—NINTH AFFIRMATIVE DEFENSE, Selective Prosecution.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**        Responding party objects to this request on the basis of the Fifth Amendment, as there is no authorized person associated with responding party who could respond to this request without the possibility of compulsory self-incrimination.  Responding party additionally objects to this request on the ground that it violates the attorney work product privilege. Responding party additionally objects to this request on the ground that it is premature, in that discovery has just recently commenced in this case and the

8

discovery that has taken place has been substantially impeded by *propounding party's* failure to produce documents as requested, that refer or relate to responding party's affirmative defenses. Since *propounding party* holds sole and exclusive possession of the bulk of the documents it is requesting, responding party is not yet in a position to analyze or to categorize what documents exist that may "refer or relate to" its affirmative defenses.

**REQUEST FOR PRODUCTION NO. 10:** All documents that refer or relate to Berkeley Patients Group, Inc., dba: BERKELEY PATIENTS GROUP—TENTH AFFIRMATIVE DEFENSE, Unconscionable Police Conduct.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**      Responding party objects to this request on the basis of the Fifth Amendment, as there is no authorized person associated with responding party who could respond to this request without the possibility of compulsory self-incrimination.  Responding party additionally objects to this request on the ground that it violates the attorney work product privilege. Responding party additionally objects to this request on the ground that it is premature, in that discovery has just recently commenced in this case and the discovery that has taken place has been substantially impeded by *propounding party's* failure to produce documents as requested, that refer or relate to responding party's affirmative defenses. Since *propounding party* holds sole and exclusive possession of the bulk of the documents it is requesting, responding party is not yet in a position to analyze or to categorize what documents exist that may "refer or relate to" its affirmative defenses.

**REQUEST FOR PRODUCTION NO. 11:** All documents that refer or relate to Berkeley Patients Group, Inc., dba: BERKELEY PATIENTS GROUP—ELEVENTH AFFIRMATIVE DEFENSE, Violation of Due Process.

9

**RESPONSE TO REQUEST FOR PRODUCTION NO 11:**      Responding party objects to this request on the basis of the Fifth Amendment, as there is no authorized person associated with responding party who could respond to this request without the possibility of compulsory self-incrimination.  Responding party additionally objects to this request on the ground that it violates the attorney work product privilege. Responding party additionally objects to this request on the ground that it is premature, in that discovery has just recently commenced in this case and the discovery that has taken place has been substantially impeded by *propounding party's* failure to produce documents as requested, that refer or relate to responding party's affirmative defenses. Since *propounding party* holds sole and exclusive possession of the bulk of the documents it is requesting, responding party is not yet in a position to analyze or to categorize what documents exist that may "refer or relate to" its affirmative defenses.

**REQUEST FOR PRODUCTION NO. 12:** All documents that refer or relate to Berkeley Patients Group, Inc., dba: BERKELEY PATIENTS GROUP—TWELFTH AFFIRMATIVE DEFENSE, Violation of Equal Protection.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**      Responding party objects to this request on the basis of the Fifth Amendment, as there is no authorized person associated with responding party who could respond to this request without the possibility of compulsory self-incrimination.  Responding party additionally objects to this request on the ground that it violates the attorney work product privilege. Responding party additionally objects to this request on the ground that it is premature, in that discovery has just recently commenced in this case and the discovery that has taken place has been substantially impeded by *propounding party's* failure to produce documents as requested, that refer or relate to responding party's affirmative defenses. Since *propounding party* holds sole and exclusive possession of the bulk of the documents it is

10

requesting, responding party is not yet in a position to analyze or to categorize what documents exist that may "refer or relate to" its affirmative defenses.

**REQUEST FOR PRODUCTION NO. 13:** All documents that refer or relate to Berkeley Patients Group, Inc., dba: BERKELEY PATIENTS GROUP—THIRTEENTH AFFIRMATIVE DEFENSE, Another Action Pending.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**      Responding party objects to this request on the basis of the Fifth Amendment, as there is no authorized person associated with responding party who could respond to this request without the possibility of compulsory self-incrimination.  Responding party additionally objects to this request on the ground that it violates the attorney work product privilege. Responding party additionally objects to this request on the ground that it is premature, in that discovery has just recently commenced in this case and the discovery that has taken place has been substantially impeded by *propounding party's* failure to produce documents as requested, that refer or relate to responding party's affirmative defenses. Since *propounding party* holds sole and exclusive possession of the bulk of the documents it is requesting, responding party is not yet in a position to analyze or to categorize what documents exist that may "refer or relate to" its affirmative defenses.

**REQUEST FOR PRODUCITON NO. 14:** All documents that refer or relate to Berkeley Patients Group, Inc., dba. BERKELEY PATIENTS GROUP—FOURTEENTH AFFIRMATIVE DEFENSE, Unconstitutional Taking.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**      Responding party objects to this request on the basis of the Fifth Amendment, as there is no authorized person associated with responding party who could respond to this request without the possibility of compulsory self-incrimination.  Responding party additionally objects to this request on the ground that it violates

11

the attorney work product privilege. Responding party additionally objects to this request on the ground that it is premature, in that discovery has just recently commenced in this case and the discovery that has taken place has been substantially impeded by *propounding party's* failure to produce documents as requested, that refer or relate to responding party's affirmative defenses. Since *propounding party* holds sole and exclusive possession of the bulk of the documents it is requesting, responding party is not yet in a position to analyze or to categorize what documents exist that may "refer or relate to" its affirmative defenses.

**REQUEST FOR PRODUCTION NO. 15:** All documents that refer or relate to Berkeley Patients Group, Inc., dba: BERKELEY PATIENTS GROUP—FIFTEENTH AFFIRMATIVE DEFENSE, Violation of the Tenth Amendment

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**     Responding party objects to this request on the basis of the Fifth Amendment, as there is no authorized person associated with responding party who could respond to this request without the possibility of compulsory self-incrimination.  Responding party additionally objects to this request on the ground that it violates the attorney work product privilege. Responding party additionally objects to this request on the ground that it is premature, in that discovery has just recently commenced in this case and the discovery that has taken place has been substantially impeded by *propounding party's* failure to produce documents as requested, that refer or relate to responding party's affirmative defenses. Since *propounding party* holds sole and exclusive possession of the bulk of the documents it is requesting, responding party is not yet in a position to analyze or to categorize what documents exist that may "refer or relate to" its affirmative defenses.

12

RESPONSE TO REQUESTS FOR PRODUCTION
*CV 13-2027 JST*

**REQUEST FOR PRODUCTION NO. 16:** All documents that refer or relate to Berkeley Patients Group, Inc., dba: BERKELEY PATIENTS GROUP—SIXTEENTH AFFIRMATIVE DEFENSE, Unknown Defense.

**RESPONSE TO REQUEST FOR PRODUCITON NO. 16:** Responding party objects to this request on the basis of the Fifth Amendment, as there is no authorized person associated with responding party who could respond to this request without the possibility of compulsory self-incrimination. Responding party additionally objects to this request on the ground that it violates the attorney work product privilege. Responding party additionally objects to this request on the ground that it is premature, in that discovery has just recently commenced in this case and the discovery that has taken place has been substantially impeded by *propounding party's* failure to produce documents as requested, that refer or relate to responding party's affirmative defenses. Since *propounding party* holds sole and exclusive possession of the bulk of the documents it is requesting, responding party is not yet in a position to analyze or to categorize what documents exist that may "refer or relate to" its affirmative defenses.

Dated: April 10, 2014

HENRY G. WYKOWSKI & ASSOCIATES

By: _____

HENRY G. WYKOWSKI
Attorneys for Claimant
BERKELEY PATIENTS GROUP

13

I, <u>Devin R. Shoop</u>, declare

I am over the age of eighteen (18) years and not a party to the within action. I am a citizen of the United States and employed in the City and County of San Francisco. My business address is 235 Montgomery Street, Suite 657, San Francisco, California, 94104.

On <u>April 10, 2014</u>, I served the within:

### CLAIMANT BERKELEY PATIENTS GROUP, INC.'S RESPONSES TO REQUESTS FOR PRODUCTION

in said action by sending a true and correct copy via **U.S. MAIL** and to the following:

Arvon J. Perteet
Assistant United States Attorney
450 Golden Gate Avenue, Box 36055
San Francisco, CA 94102-3495

Lindsay Aimee LaSalle
Tamar Todd
Drug Policy Alliance
918 Parker Street, Building A21
Berkeley, CA 94710

Sara M Taylor
Attorney at Law
235 Montgomery Street, Suite 400
San Francisco, CA 94104
Attorney for Claimants, C. Smith, G. McCalope, E. Fonton, J. Bishop, R. Bishop, and M. Davis

David B. Tillotson
Flynn Riley Bailey Pasek LLP
1010 B Street, Suite 200
San Rafael, CA 94901

Lara Leslie DeCaro, Esq.
Leland, Parachini, Steinberg, Matzger & Melnick, LLP
199 Fremont Street, 21st Floor
San Francisco, CA 94105

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 10th day of April, <u>2014</u> in San Francisco, California.

Devin R. Shoop

HENRY G.
WYKOWSKI &
ASSOCIATES
ATTORNEYS AT LAW

CERTIFICATE OF SERVICE
*United States v. Real Property Improvements., CV 13-2027 JST*

2

EXHIBIT 2

1   MELINDA HAAG (CABN 132612)
    United States Attorney
2
    J. DOUGLAS WILSON (DCBN 412811)
3   Chief, Criminal Division

4   ARVON J. PERTEET (CABN 242828)
    Assistant United States Attorney
5
        450 Golden Gate Avenue, 11th Floor
6       San Francisco, California 94102-3495
        Telephone: (415) 436-7200
7       FAX: (415) 436-7234
        Email: arvon.perteet@usdoj.gov
8
    Attorneys for United States of America
9

10                  UNITED STATES DISTRICT COURT

11                 NORTHERN DISTRICT OF CALIFORNIA

12                    SAN FRANCISCO DIVISION

13
    UNITED STATES OF AMERICA,          )   No.  CV 13-2027 JST
14                                     )
            Plaintiff,                 )   UNITED STATES' REQUEST FOR
15                                     )   PRODUCTION AND/OR INSPECTION OF
        v.                             )   DOCUMENTS AND THINGS TO CLAIMANT
16                                     )   BERKELEY PATIENTS GROUP, INC.
    REAL PROPERTY AND IMPROVEMENTS     )
17  LOCATED AT 2366 SAN PABLO AVENUE,  )
    BERKELEY, CALIFORNIA,              )   The Honorable Jon S. Tigar
18                                     )
            Defendant.                 )
19  _____)

20  PROPOUNDING PARTY:        Plaintiff UNITED STATES OF AMERICA

21  RESPONDING PARTY:         Claimant BERKELEY PATIENTS GROUP, INC.

22  SET NO.                   TWO (No. 2)

23          Request is hereby made pursuant to Federal Rules of Civil Procedure 34 that you produce and

24  permit inspection and copying of the documents and things described below.  The Place of inspection

25  shall be at the United States Attorney's Office, 450 Golden Gate Avenue, 11th Floor, San Francisco,

26  California, 94102.  The time of inspection shall be on or before thirty days after service of this

27  document.  Said inspection, testing and photographing will not permanently alter or destroy the items

28
    US REQUEST TO BPG FOR PRODUCTION, SET TWO
    CV 13-2027 JST                          1

1   listed below.

2        Request is also made for a written response to each inspection demand in full compliance with

3   FRCP Rule 34.

4        The below described items are believed to be currently in the possession, custody or control of

5   the responding party, are not privileged, and are relevant to the subject matter of this action, or

6   reasonably calculated to lead to the discovery of admissible evidence in this action.  If you are not

7   producing any writing responsive to any of the numbered demands below on the basis of a claimed

8   privilege, or for any other reason, state the following information:

9             1.   Describe the writing with specificity;

10            2.   Identify the privilege claimed or other reason why the writing is not produced;

11            3.   State the names and capacities of all persons who participated in the preparation of

12                 the writing; and

13            4.   State the name and capacities of all persons to whom the document was circulated or

14                 its content communicated.

15                           **DEFINITIONS**

16        The term "document" means any printed, typewritten, handwritten, or otherwise

17   recorded matter of whatever character, including, but not limited to, medical records, printouts,

18   computerized data, email, letters, purchase orders, invoices, memoranda, telegrams, notes,

19   catalogs, brochures, diaries, reports, calendars, interoffice communications, statements,

20   announcements, photographs, tape recordings, motion pictures and any electronic, carbon or

21   photographic copies of any such material if you do not have custody or control of the original.

22   Documents which are produced need not be otherwise identified.  If you do not produce the

23   requested documents, however, then the term "identify" means that you are to state the

24   following information about each and every responsive document:

25        a.   The date of the document and the type of document, e.g., letter, memorandum,
             note;

26        b.   The name, present business address and position of its author or authors or, if the
             present business address or position is unknown, state the person's last known
27           business address and position;

28        c.   The name, present or last known business address and position of its addressee

1    and all other recipients of the document;

2        d.    A general description of the subject of the document.

3 If any document requested to be "identified" or produced was, but is no longer in your

4 possession or control or is no longer in existence, state whether it is:

5        a.    Missing or lost;

6        b.    Destroyed;

7        c.    Transferred voluntarily or involuntarily to others    and, is so, to whom, and at
             what address; or

8        d.    Otherwise disposed of and, if so, how it was disposed of.

9        In each such instance explain the circumstances surrounding an authorization for such

10 disposition of the document and state the proximate date of such disposition.

11        A document or oral communication "refers" or "relates" to a certain subject or

12 thing if it discusses, mentions, describes, refers to, relates to, explains, embodies or pertains to

13 that subject or thing.

14        The term "person" means natural persons, corporations, partnerships, sole

15 proprietorships, unions, associations, federations, or any other kind of entity.

16        The term "identify" or "identity" when used in connection with a person means that you

17 should state the following information about the "person":

18        a.    Name;

19        b.    Job title and employer if the "person" is a natural person;

20        c.    Present or last known address and telephone number;

21        d.    His or her relationship to you.

22        The term "identify" or "identity" when used in connection with a person which is a legal

23 entity – such as a corporation, partnership, sole proprietorship, union, association, federation, or

24 any other kind of entity – means that you should state the following information about the

25 "person":

26        a.    Name and

27        b.    Present or last known address and telephone number.

28 The term "you" or "your" when used in this document refers to claimant in this action,

US REQUEST TO BPG FOR PRODUCTION, SET TWO
CV 13-2027 JST                            3

1    Berkeley Patients Group, Inc. ("BPG").

2    **REQUESTS FOR PRODUCTION OF DOCUMENTS**

3    **REQUEST FOR PRODUCTION NO. 1**:  All documents that refer or relate to Berkeley

4    Patients Group, Inc., dba: BERKELEY PATIENTS GROUP – FIRST AFFIRMATIVE

5    DEFENSE, Failure to State a Claim for Relief.

6    **REQUEST FOR PRODUCTION NO. 2**:  All documents that refer or relate to Berkeley

7    Patients Group, Inc., dba: BERKELEY PATIENTS GROUP – SECOND AFFIRMATIVE

8    DEFENSE, Statute of Limitations.

9    **REQUEST FOR PRODUCTION NO.3**:  All documents that refer or relate to Berkeley

10    Patients Group, Inc., dba: BERKELEY PATIENTS GROUP – THIRD AFFIRMATIVE

11    DEFENSE, Laches.

12    **REQUEST FOR PRODUCTION NO. 4**: All documents that refer or relate to Berkeley

13    Patients Group, Inc., dba: BERKELEY PATIENTS GROUP – FOURTH AFFIRMATIVE

14    DEFENSE, Estoppel.

15    **REQUEST FOR PRODUCTION NO. 5**:  All documents that refer or relate to Berkeley

16    Patients Group, Inc., dba: BERKELEY PATIENTS GROUP – FIFTH AFFIRMATIVE

17    DEFENSE, Unclean Hands.

18    **REQUEST FOR PRODCUTION NO. 6**. All documents that refer or relate to Berkeley

19    Patients Group, Inc., dba: BERKELEY PATIENTS GROUP – SIXTH AFFIRMATIVE

20    DEFENSE, Waiver.

21    **REQUEST FOR PRODUCTION NO. 7.**:  All documents that refer or relate to Berkeley Patients

22    Group, Inc., dba: BERKELEY PATIENTS GROUP – SEVENTH AFFIRMATIVE DEFENSE,

23    Excessive Fines.

24    **REQUEST FOR PRODUCTION OF NO. 8**:  All documents that refer or relate to Berkeley Patients

25    Group, Inc., dba: BERKELEY PATIENTS GROUP – EIGTH AFFIRMATIVE DEFENSE, Vindictive

26    Prosecution.

27    **REQUEST FOR PRODUCTION NO. 9**:  All documents that refer or relate to Berkeley Patients

28

1   Group, Inc., dba: BERKELEY PATIENTS GROUP – NINTH AFFIRMATIVE DEFENSE, Selective

2   Prosecution.

3   **REQUEST FOR PRODUCTION NO. 10**:  All documents that refer or relate to Berkeley Patients

4   Group, Inc., dba: BERKELEY PATIENTS GROUP – TENTH AFFIRMATIVE DEFENSE,

5   Unconscionable Police Conduct.

6   **REQUEST FOR PRODUCTION NO. 11**:  All documents that refer or relate to Berkeley Patients

7   Group, Inc., dba: BERKELEY PATIENTS GROUP – ELEVENTH AFFIRMATIVE DEFENSE,

8   Violation of Due Process.

9   **REQUEST FOR PRODUCTION NO. 12**:  All documents that refer or relate to Berkeley Patients

10  Group, Inc., dba: BERKELEY PATIENTS GROUP – TWELTH AFFIRMATIVE DEFENSE, Violation

11  of Equal Protection.

12  **REQUEST FOR PRODUCTION NO. 13**:  All documents that refer or relate to Berkeley Patients

13  Group, Inc., dba: BERKELEY PATIENTS GROUP – THIRTEENTH AFFIRMATIVE DEFENSE,

14  Another Action Pending.

15  **REQUEST FOR PRODUCTION NO. 14**:  All documents that refer or relate to Berkeley Patients

16  Group, Inc., dba: BERKELEY PATIENTS GROUP – FOURTEENTH AFFIRMATIVE DEFENSE,

17  Unconstitutional Taking.

18  **REQUEST FOR PRODUCTION NO. 15**:  All documents that refer or relate to Berkeley Patients

19  Group, Inc., dba: BERKELEY PATIENTS GROUP – FIFTEENTH AFFIRMATIVE DEFENSE,

20  Violation of the Tenth Amendment.

21  //

22  //

23  //

24  //

25  //

26  //

27  //

28  //

1   **REQUEST FOR PRODUCTION NO. 16**:  All documents that refer or relate to Berkeley Patients

2   Group, Inc., dba: BERKELEY PATIENTS GROUP – SIXTEENTH AFFIRMATIVE DEFENSE,

3   Unknown Defense.

4

5   DATED:  March 7, 2014                    Respectfully submitted,

6                                           MELINDA HAAG
                                            United States Attorney
7
                                            /s/ ARVON J. PERTEET
8                                           ARVON J. PERTEET
                                            Assistant United States Attorney
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CERTIFICATE OF SERVICE

The undersigned hereby certifies that he is an employee in the Office of the United States Attorney for the Northern District of California and is a person of such age and discretion to be competent to serve papers.  The undersigned further certifies that he caused a copy of

- **UNITED STATES' REQUEST FOR PRODUCTION AND/OR INSPECTION OF DOCUMENTS AND THINGS TO CLAIMANT BERKELEY PATIENTS GROUP, INC.**

to be served this date via hand delivery upon the person(s) below:

| | |
|---|---|
| Andrew F. Scher, Esq.<br>Henry G. Wykowski & Assoc.<br>235 Montgomery Street, Suite 657<br>San Francisco, CA 94104<br>(Counsel for BPG) | |

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this ___7th___ day of March, 2014, at San Francisco, California.

HECTOR LOPEZ
FSA Paralegal/Asset Forfeiture Unit

EXHIBIT 3

1   MELINDA HAAG (CABN 132612)
    United States Attorney
2
    J. DOUGLAS WILSON (DCBN 412811)
3   Chief, Criminal Division

4   ARVON J. PERTEET (CABN 242828)
    Assistant United States Attorney
5
         450 Golden Gate Avenue, 11th Floor
6        San Francisco, California 94102-3495
         Telephone: (415) 436-7200
7        FAX: (415) 436-7234
         Email: arvon.perteet@usdoj.gov
8
    Attorneys for United States of America
9

10                  UNITED STATES DISTRICT COURT

11                 NORTHERN DISTRICT OF CALIFORNIA

12                      SAN FRANCISCO DIVISION

13
    UNITED STATES OF AMERICA,          )   No.  CV 13-2027 JST
14                                      )
            Plaintiff,                  )   UNITED STATES' REQUEST FOR
15                                      )   PRODUCTION AND/OR INSPECTION OF
        v.                             )   DOCUMENTS AND THINGS TO CLAIMANT
16                                      )   BERKELEY PATIENTS GROUP, INC.
    REAL PROPERTY AND IMPROVEMENTS      )
17  LOCATED AT 2366 SAN PABLO AVENUE,   )
    BERKELEY, CALIFORNIA,               )   The Honorable Jon S. Tigar
18                                      )
            Defendant.                  )
19  _____ )

20  PROPOUNDING PARTY:        Plaintiff UNITED STATES OF AMERICA

21  RESPONDING PARTY:         Claimant BERKELEY PATIENTS GROUP, INC.

22  SET NO.                   TWO (No. 2)

23        Request is hereby made pursuant to Federal Rules of Civil Procedure 34 that you produce and

24  permit inspection and copying of the documents and things described below.  The Place of inspection

25  shall be at the United States Attorney's Office, 450 Golden Gate Avenue, 11th Floor, San Francisco,

26  California, 94102.  The time of inspection shall be on or before thirty days after service of this

27  document.  Said inspection, testing and photographing will not permanently alter or destroy the items

28
    US REQUEST TO BPG FOR PRODUCTION, SET TWO
    CV 13-2027 JST                                1

listed below.

Request is also made for a written response to each inspection demand in full compliance with FRCP Rule 34.

The below described items are believed to be currently in the possession, custody or control of the responding party, are not privileged, and are relevant to the subject matter of this action, or reasonably calculated to lead to the discovery of admissible evidence in this action.  If you are not producing any writing responsive to any of the numbered demands below on the basis of a claimed privilege, or for any other reason, state the following information:

1. Describe the writing with specificity;

2. Identify the privilege claimed or other reason why the writing is not produced;

3. State the names and capacities of all persons who participated in the preparation of the writing; and

4. State the name and capacities of all persons to whom the document was circulated or its content communicated.

## DEFINITIONS

The term "document" means any printed, typewritten, handwritten, or otherwise recorded matter of whatever character, including, but not limited to, medical records, printouts, computerized data, email, letters, purchase orders, invoices, memoranda, telegrams, notes, catalogs, brochures, diaries, reports, calendars, interoffice communications, statements, announcements, photographs, tape recordings, motion pictures and any electronic, carbon or photographic copies of any such material if you do not have custody or control of the original. Documents which are produced need not be otherwise identified.  If you do not produce the requested documents, however, then the term "identify" means that you are to state the following information about each and every responsive document:

a. The date of the document and the type of document, e.g., letter, memorandum, note;

b. The name, present business address and position of its author or authors or, if the present business address or position is unknown, state the person's last known business address and position;

c. The name, present or last known business address and position of its addressee

and all other recipients of the document;

    d.    A general description of the subject of the document.

If any document requested to be "identified" or produced was, but is no longer in your possession or control or is no longer in existence, state whether it is:

    a.    Missing or lost;

    b.    Destroyed;

    c.    Transferred voluntarily or involuntarily to others    and, is so, to whom, and at what address; or

    d.    Otherwise disposed of and, if so, how it was disposed of.

In each such instance explain the circumstances surrounding an authorization for such disposition of the document and state the proximate date of such disposition.

A document or oral communication "refers" or "relates" to a certain subject or thing if it discusses, mentions, describes, refers to, relates to, explains, embodies or pertains to that subject or thing.

The term "person" means natural persons, corporations, partnerships, sole proprietorships, unions, associations, federations, or any other kind of entity.

The term "identify" or "identity" when used in connection with a person means that you should state the following information about the "person":

    a.    Name;

    b.    Job title and employer if the "person" is a natural person;

    c.    Present or last known address and telephone number;

    d.    His or her relationship to you.

The term "identify" or "identity" when used in connection with a person which is a legal entity – such as a corporation, partnership, sole proprietorship, union, association, federation, or any other kind of entity – means that you should state the following information about the "person":

    a.    Name and

    b.    Present or last known address and telephone number.

The term "you" or "your" when used in this document refers to claimant in this action,

1  Berkeley Patients Group, Inc. ("BPG").

2  **REQUESTS FOR PRODUCTION OF DOCUMENTS**

3  **REQUEST FOR PRODUCTION NO. 1**:  All documents that refer or relate to Berkeley

4  Patients Group, Inc., dba: BERKELEY PATIENTS GROUP – FIRST AFFIRMATIVE

5  DEFENSE, Failure to State a Claim for Relief.

6  **REQUEST FOR PRODUCTION NO. 2**:  All documents that refer or relate to Berkeley

7  Patients Group, Inc., dba: BERKELEY PATIENTS GROUP – SECOND AFFIRMATIVE

8  DEFENSE, Statute of Limitations.

9  **REQUEST FOR PRODUCTION NO.3**:  All documents that refer or relate to Berkeley

10  Patients Group, Inc., dba: BERKELEY PATIENTS GROUP – THIRD AFFIRMATIVE

11  DEFENSE, Laches.

12  **REQUEST FOR PRODUCTION NO. 4**: All documents that refer or relate to Berkeley

13  Patients Group, Inc., dba: BERKELEY PATIENTS GROUP – FOURTH AFFIRMATIVE

14  DEFENSE, Estoppel.

15  **REQUEST FOR PRODUCTION NO. 5**:  All documents that refer or relate to Berkeley

16  Patients Group, Inc., dba: BERKELEY PATIENTS GROUP – FIFTH AFFIRMATIVE

17  DEFENSE, Unclean Hands.

18  **REQUEST FOR PRODCUTION NO. 6**. All documents that refer or relate to Berkeley

19  Patients Group, Inc., dba: BERKELEY PATIENTS GROUP – SIXTH AFFIRMATIVE

20  DEFENSE, Waiver.

21  **REQUEST FOR PRODUCTION NO. 7.**:  All documents that refer or relate to Berkeley Patients

22  Group, Inc., dba: BERKELEY PATIENTS GROUP – SEVENTH AFFIRMATIVE DEFENSE,

23  Excessive Fines.

24  **REQUEST FOR PRODUCTION OF NO. 8**:  All documents that refer or relate to Berkeley Patients

25  Group, Inc., dba: BERKELEY PATIENTS GROUP – EIGTH AFFIRMATIVE DEFENSE, Vindictive

26  Prosecution.

27  **REQUEST FOR PRODUCTION NO. 9**:  All documents that refer or relate to Berkeley Patients

28

1   Group, Inc., dba: BERKELEY PATIENTS GROUP – NINTH AFFIRMATIVE DEFENSE, Selective

2   Prosecution.

3   **REQUEST FOR PRODUCTION NO. 10**: All documents that refer or relate to Berkeley Patients

4   Group, Inc., dba: BERKELEY PATIENTS GROUP – TENTH AFFIRMATIVE DEFENSE,

5   Unconscionable Police Conduct.

6   **REQUEST FOR PRODUCTION NO. 11**: All documents that refer or relate to Berkeley Patients

7   Group, Inc., dba: BERKELEY PATIENTS GROUP – ELEVENTH AFFIRMATIVE DEFENSE,

8   Violation of Due Process.

9   **REQUEST FOR PRODUCTION NO. 12**: All documents that refer or relate to Berkeley Patients

10  Group, Inc., dba: BERKELEY PATIENTS GROUP – TWELTH AFFIRMATIVE DEFENSE, Violation

11  of Equal Protection.

12  **REQUEST FOR PRODUCTION NO. 13**: All documents that refer or relate to Berkeley Patients

13  Group, Inc., dba: BERKELEY PATIENTS GROUP – THIRTEENTH AFFIRMATIVE DEFENSE,

14  Another Action Pending.

15  **REQUEST FOR PRODUCTION NO. 14**: All documents that refer or relate to Berkeley Patients

16  Group, Inc., dba: BERKELEY PATIENTS GROUP – FOURTEENTH AFFIRMATIVE DEFENSE,

17  Unconstitutional Taking.

18  **REQUEST FOR PRODUCTION NO. 15**: All documents that refer or relate to Berkeley Patients

19  Group, Inc., dba: BERKELEY PATIENTS GROUP – FIFTEENTH AFFIRMATIVE DEFENSE,

20  Violation of the Tenth Amendment.

21  //

22  //

23  //

24  //

25  //

26  //

27  //

28  //

1   **REQUEST FOR PRODUCTION NO. 16**:  All documents that refer or relate to Berkeley Patients

2   Group, Inc., dba: BERKELEY PATIENTS GROUP – SIXTEENTH AFFIRMATIVE DEFENSE,

3   Unknown Defense.

4

5   DATED:  March 7, 2014                                  Respectfully submitted,

6                                                          MELINDA HAAG
                                                           United States Attorney
7
                                                           /s/ ARVON J. PERTEET
8                                                          ARVON J. PERTEET
                                                           Assistant United States Attorney
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## CERTIFICATE OF SERVICE

2       The undersigned hereby certifies that he is an employee in the Office of the United States

3   Attorney for the Northern District of California and is a person of such age and discretion to be

4   competent to serve papers.  The undersigned further certifies that he caused a copy of:

5   • **UNITED STATES' REQUEST FOR PRODUCTION AND/OR INSPECTION OF
      DOCUMENTS AND THINGS TO CLAIMANT BERKELEY PATIENTS GROUP, INC.**

6

7   to be served this date via regular mail delivery upon the person(s) below at the place(s) and address(es)

    which is/are the last known address(es):

8

| David B. Tillotson, Esq.<br>Flynn, Riley, Bailey & Pasek<br>1010 B Street, Suite 200<br>San Rafael, CA 94901<br>(Counsel for Real Property/DROUBI) | Henry George Wykowski, Esq.<br>Henry G. Wykowski & Assoc.<br>235 Montgomery Street, Suite 657<br>San Francisco, CA 94104<br>(Counsel for Berkeley Patients Group, Inc) |
|---|---|
| Lara Leslie DeCaro, Esq.<br>Leland, Parachini, Steinberg, Matzger & Melnick,<br>LLP<br>199 Fremont Street, 21st Floor<br>San Francisco, CA 94105<br>(Counsel for Berkeley Patients Group, Inc) | Tamar Todd, Esq.<br>Drug Policy Alliance<br>918 Parker Street, Building A21<br>Berkeley, CA 94710<br>(Counsel for City of Berkeley) |
| Sara Marjorie Taylor, Esq.<br>235 Montgomery Street, Suite 400<br>San Francisco, CA 94104<br>(Counsel for Claimants<br>Gwendolyn Mccalope, Cindy Smith, Etienne<br>Fontan, Jeffrey Bishop, Robin Bishop, Mary<br>Davis) | |

9
10
11
12
13
14
15
16
17
18

19

20       I declare under penalty of perjury under the laws of the United States of America that the

21   foregoing is true and correct to the best of my knowledge.

22       Executed this  7th  day of March, 2014, at San Francisco, California.

23

24

25   HECTOR LOPEZ
     FSA Paralegal/AFU

26

27

28

US REQUEST TO BPG FOR PRODUCTION, SET TWO
CV 13-2027 JST                                                    7