FLYNN RILEY BAILEY & PASEK LLP
David B. Tillotson (No. 148162)
Ravi D. Sahae (No. 276113)
1010 B Street, Suite 200
San Rafael, CA 94901
Fax (415) 482-9939
(415) 461-1000
Attorneys for Owner of Record
Nahla Droubi

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>    vs.<br><br>REAL PROPERTY AND IMPROVEMENTS LOCATED AT 2366 SAN PABLO AVENUE, BERKELEY, CALIFORNIA,<br><br>        Defendant.<br>_____<br>NAHLA DROUBI,<br><br>      Owner of Record. | Case No:  CV 13-2027 JST (MEJ)<br><br>**CLAIMANT NAHLA DROUBI'S MOTION TO DENY MOTION FOR SUMMARY JUDGMENT PURSUANT TO FED. R. CIV. PRO. RULE 56(d); IN THE ALTERNATIVE TO DEFER BRIEFING AND CONSIDERATION OF THE MOTION FOR SUMMARY JUDGMENT**<br><br>Trial Date: |

## NOTICE OF MOTION

PLEASE TAKE NOTICE that on Thursday, August 28, at 2:00 p.m., in the above-captioned court located at 450 Golden Gate Avenue, San Francisco, CA, Courtroom 9, 19th Floor, Claimant Nahla Droubi will and hereby does move the Court pursuant to Fed. R. Civ. Pro. Rule 56(d) for an order denying the Motion for Summary Judgment filed by Plaintiff United States of America; or, in the alternative, for an order deferring briefing and consideration of the Motion for Summary Judgment until after the close of fact and expert discovery; and alternatively if this Rule 56(d) Motion is denied in its entirety, for a brief extension of the deadline to oppose the Motion for Summary Judgment, so that the claimants can oppose the Motion on the merits "with whatever . . . evidence [they can] muster." *Yashon v. Gregory*, 737 F.2d 547, 552-53 (6th Cir. 1984).

/ / /

/ / /

/ / /

# **TABLE OF CONTENTS**

**Contents**

STATEMENT OF RELIEF AND ISSUES TO BE DECIDED ............................................. 2

MEMORANDUM OF POINTS AND AUTHORITIES ...................................................... 2

I.   STATEMENT OF RELEVANT FACTS .............................................................. 2

   A.   BPG's Discovery Requests and Plaintiff's Ongoing Refusal to Respond ........................ 2

   B.   Owner's Discovery Requests and Plaintiff's Ongoing Refusal to Respond .................... 3

   C.   Case Schedule Revised Because of Plaintiff's Ongoing Refusal to Respond .................. 4

II.   Specific Facts Sought to be Elicited in Discovery ................................................. 5

   A.   Owner's Discovery Requests .................................................................... 5

   B.   BPG's Discovery Requests ...................................................................... 7

III.   LEGAL ARGUMENT ................................................................................ 7

   A.   Legal Standards Governing Rule 56(d) Motion ................................................ 7

   B.   Good Cause Exists for Owner's Not Having Discovered Facts Earlier In The
   Proceedings .......................................................................................... 9

   C.   Discovery Is Likely To Uncover Relevant Facts ............................................. 11

   D.   The Sought After Facts Would Defeat The MSJ ............................................. 12

IV.   CONCLUSION ...................................................................................... 18

i

# <u>TABLE OF AUTHORITIES</u>

**Cases**

*Burlington Northern v. Assiniboine*

    323 F.3d 767 (9th Cir. 2003) ................................................................ 5, 8, 10, 11, 12

*Celotex Corp. v. Catrett*

    477 U.S. 317 (1986)................................................................................................ 7

*Engquist v. Oregon Dept. of Agr.*

    553 U.S. 591 (2008)............................................................................................. 17

*Farrell v. Placer County*

    23 Cal.2d 624 (1944) .......................................................................................... 19

*Garret v. City and County of San Francisco*,

    818 F.2d 1515 (9th Cir. 1987) .............................................................................. 8

*Metabolife Intern., Inc. v. Wornick*

    264 F.3d 832 (9th Cir. 2001) ............................................................................... 8

*Moss v. U.S. Secret Service*

    572 F.3d 962 (9th Cir. 2009) ....................................................................... 10, 14

*O'Connor v. Boeing North American, Inc.*,

    185 F.R.D. 272 (C.D. Cal. 1999)........................................................................ 13

*People v. Serna*

    71 Cal.App.3d 229 (2nd Dist. 1977) .................................................................. 16

*People v. Superior Court (Baez)*

    79 Cal.App.4[th] 1177 (6th Dist. 2000)............................................................... 16

CLAIMANT'S MOTION TO DENY MOTION FOR SUMMARY JUDGMENT PURSUANT TO FED. R. CIV. PRO. RULE 56(d); IN THE ALTERNATIVE TO DEFER BRIEFING AND CONSIDERATION OF THE MSJ

*People v. Superior Court (Hartway)*

    19 Cal.3d 338 (1977) ............................................................................................ 16

*Rivera-Torres v. Rey-Hernandez*

    502 F.3d 7 (1st Cir. 2007) ................................................................................. 8, 9

*Salton Community Services Dist. v. Southward*

    256 Cal.App.2d 526 (4th Dist. 1967) ................................................................... 18

*T.W. Elec. Service, Inc. v. Pacific Elec. Contractors Ass'n*

    809 F.2d 626 (9th Cir. 1987) ............................................................................... 13

*U.S. v. 3814 NW Thurman Street, Portland, Or., A Tract of Real Property*

    164 F.3d 1191 (9th Cir. 1999) ............................................................................. 17

*U.S. v. Armstrong*

    517 U.S. 456 ................................................................................................. 15, 16

*U.S. v. Bajakajian*

    524 U.S. 321 (1998) ............................................................................................. 17

*U.S. v. Ferro*

    681 F.3d 1105 (9th Cir. 2012) .............................................................. 15, 17, 18, 20

*U.S. v. Hall*

    974 F.2d 1201 (9th Cir. 1992) ............................................................................. 18

*U.S. v. Locke*

    471 U.S. 84 (1985) .............................................................................................. 19

*U.S. v. One 1985 Mercedes*

    917 F.2d 415 ....................................................................................................... 15

CLAIMANT'S MOTION TO DENY MOTION FOR SUMMARY JUDGMENT PURSUANT TO FED. R. CIV. PRO.
RULE 56(d); IN THE ALTERNATIVE TO DEFER BRIEFING AND CONSIDERATION OF THE MSJ

*U.S. v. One Parcel of Real Estate Located on Fellows Tracts C, D, E, and F of Pine Island Estates*
    715 F.Supp. 360 (S.D. Fla. 1989) ................................................................... 19

*U.S. v. Steele*
    461 F.2d 1148 ................................................................................... 14, 15

*VISA Intern. Service Ass'n v. Bankcard Holders of America*
    784 F.2d 1472 (9th Cir. 1986) ..................................................................... 11, 12

*Yick Wo v. Hopkins*
    118 U.S. 356 (1886) ............................................................................... 16

**Statutes**

18 U.S.C. § 3553(a)(1) ................................................................................. 18

USSG, § 5K2.11, 18 U.S.C.A. ......................................................................... 18

**Other Authorities**

*Roget's 21st Century Thesaurus, Third Edition*. Philip Lief Group 2009 ............................ 16

**Rules**

Fed. R. Civ. Pro. Rule 56(d) ......................................................................... 2, 7

FRCP Rule 33(a)(2) .................................................................................... 12

FRCP Rule 36(a)(1)(A) ................................................................................ 12

CLAIMANT'S MOTION TO DENY MOTION FOR SUMMARY JUDGMENT PURSUANT TO FED. R. CIV. PRO.
RULE 56(d); IN THE ALTERNATIVE TO DEFER BRIEFING AND CONSIDERATION OF THE MSJ

## <u>STATEMENT OF RELIEF AND ISSUES TO BE DECIDED</u>

Claimant Nahla Droubi ("Owner") respectfully requests that this Court deny the Motion for Summary Judgment ("MSJ") of Plaintiff United States of America ("Plaintiff") pursuant to Fed. R. Civ. Pro. ("FRCP") Rule 56(d). Alternatively, Owner respectfully requests that this Court defer briefing and consideration of the MSJ until the expiration of the new deadlines for fact and expert discovery.

The grounds for this motion are that Plaintiff has brought the MSJ before complying with its own discovery obligations, and seeks summary judgment while simultaneously refusing to respond to Claimants' discovery. Claimants Berkeley Patient's Group ("BPG") and Owner have served discovery requests that will furnish material facts relevant to Owner's affirmative defenses including selective prosecution, excessive fines, and estoppel, among others. But due to Plaintiff's intransigence, there are multiple discovery disputes still pending. Establishment of any of the Claimants' affirmative defenses would bar a judgment of forfeitability; therefore, obtaining these facts is essential to determine the existence of disputed issues of material fact, which would defeat the pending MSJ.

## <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

### I.    STATEMENT OF RELEVANT FACTS

The relevant history of discovery in this litigation is as follows: (1) Plaintiff has refused to respond to BPG's discovery requests and has yet to comply with the court's order to supplement its non-responses to BPG's discovery requests (which seek information also relevant to Owner); (2) Plaintiff has failed to respond to Owner's discovery requests, which failure is now before Judge Elena James; and (3) the rescheduling of this action due to Plaintiff's intransigence in discovery.

#### A.    **BPG's Discovery Requests and Plaintiff's Ongoing Refusal to Respond**

The current status of BPG's discovery is that the Government's Motion for Reconsideration of Judge James' order granting BPG's discovery motions is to be fully briefed by July 18. The history is as follows:

On January 29, 2014, BPG and Plaintiff filed three joint discovery letter briefs regarding Plaintiff's responses to interrogatories, requests for admission ("RFA"), and requests for production ("RFP"). (Docket # 78-80.) The issues included Plaintiff's refusal to recognize its obligation to produce discovery related to any of BPG's affirmative defenses, and its refusal to substantiate its privilege objections. (Id.) The relevant affirmative defenses included selective prosecution, estoppel, and the Excessive Fines defense. (Id.; *See, e.g.*, Docket # 78 at 4-5.)

On May 22, 2014, Magistrate Judge James issued an order on the three BPG-Plaintiff discovery letters, granting in full the discovery sought by BPG. (Docket # 113.) Judge James held that the "affirmative defenses pertain to the core issues in the case and represent BPG's only avenue to challenge the forfeiture action." (Id. at 3:19-21.) Judge James also held that the "[discovery] sought by BPG may lead to the discovery of evidence relevant to other issues or defenses." (Id. at 6:20-22).

On May 30, 2014, without citing any new facts or law, Plaintiff filed a motion for leave to file a motion for reconsideration of Judge James' discovery order. (Docket # 116.) On June 4, 2014, without citing any authority at all, Plaintiff filed a motion to stay compliance with the discovery order. (Docket # 121.) On June 17, 2014, BPG filed a motion for sanctions regarding Plaintiff's failure to comply with the discovery order. (Docket # 128.) On June 27, 2014, Judge James issued an order giving the government leave to file the motion for reconsideration, staying the discovery pending resolution of the motion for reconsideration, and denying the motion for sanctions without prejudice. (Docket # 133.) The order scheduled the reconsideration motion to be fully briefed by July 18, 2014, and that the matter would be decided on the papers unless Judge James deemed a hearing necessary. (Id.)

**B.      Owner's Discovery Requests and Plaintiff's Ongoing Refusal to Respond**

On March 3, 2014, Owner had served interrogatories, RFAs and RFPs on Plaintiff. (Tillotson Dec. ¶ 2.) Plaintiff responded to this discovery on April 4, 2014. (Id.) Just as with BPG's discovery, Plaintiff refused to respond to Owner's requests, asserting boilerplate relevancy objections and privilege objections without substantiation. (Id.) Following Owner's receipt, review, and analysis of the responses, Owner attempted to meet and confer with Plaintiff as required by the Discovery

Standing Order, however due to Plaintiff's counsel's unavailability the earliest the parties could meet and confer was April 22, 2014. (Tillotson Dec. ¶ 3.) Plaintiff maintained its boilerplate objections and declined to amend or supplement its responses. (Id.) Consequently, on May 6, 2014, Owner and Plaintiff filed a joint discovery letter brief regarding Plaintiff's refusals to respond to discovery. (Docket # 104.) The discovery dispute has been referred to Magistrate Judge James and it has yet to be decided. (See Docket.)

### C. Case Schedule Revised Because of Plaintiff's Ongoing Refusal to Respond

On October 29, 2013, this Court had entered its original scheduling order, which provided for fact discovery to close on June 6, 2014, expert discovery to close on August 8, 2014, and dispositive motions to be filed by August 29, 2014. (Docket # 56.) However, on June 5, 2014, the claimants jointly filed a motion to modify the scheduling order by continuing the trial date and all associated deadlines (which included the discovery and dispositive motion deadlines). (Docket # 123.)

The grounds for the joint motion were largely similar to the grounds for the present motion – namely, that the claimants' diligent attempts to conduct discovery had been stymied by Plaintiff's consistent refusal to comply with its discovery obligations. (Id.) And given the pace at which discovery was proceeding under Plaintiff's *modus operandi* (i.e., not to provide responses unless directed to by court order, and not even then), the parties would likely need to extend the discovery cutoff by a full year in order to have sufficient time to fully complete discovery (Judge James had already held that the requests being disputed were likely lead to further relevant discovery). (Id.) On June 9, 2014, Plaintiff opposed the joint motion. (Docket #125.)

On June 12, 2014, this Court granted the joint motion. (Docket # 126.) The Court ordered a new schedule which provided for fact discovery to close on May 5, 2015, expert discovery to close on August 7, 2015, and dispositive motions to be filed by August 28, 2015. (Id.)

Of course, previously on April 14, 2014, Plaintiff had filed its MSJ (Docket # 97) – *a mere 5 months and two weeks after this Court had entered its original scheduling order and now a full year and 21 days before fact discovery is set to close under the new scheduling order.*

## II. Specific[1] Facts Sought to be Elicited in Discovery

### A. Owner's Discovery Requests

As outlined in the requests themselves, Owner's discovery requests fall into three categories, all concerning the affirmative defenses asserted by Owner. The three categories of requests are (1) requests relevant to Owner's selective/vindictive prosecution defenses, (2) requests relevant to Owner's Excessive Fines defense, and (3) requests relevant to Owner's other affirmative defenses, including innocent owner, estoppel, and due process/equal protection.[2]

#### 1. Facts Sought Regarding Selective/Vindictive Prosecution

Owner's requests seek information including, but not limited to:

The facts of Plaintiff having dismissed forfeiture actions or outright not sought forfeiture against other properties. (E.g. RFAs 4, 11, 18, 25, 27, 31, 36);

The facts that the owners of properties against which Plaintiff has dismissed forfeiture actions or outright not sought forfeiture are similarly situated property owners (i.e., owners of properties housing dispensaries operating in compliance with local and state law, owners of properties housing dispensaries near youth locations). (E.g. RFAs 8-9, 15-16, 22-23, 25, 27, 29-30, 32, 34-35, 37; Rogs 1; RFPs 7-12).

---

[1] Although Rule 56(d) and the case law thereon require a certain (unquantified) degree of specificity in identifying facts to be discovered, that requirement is greatly relaxed when the discovery sought is the initial discovery propounded by the moving party. *Burlington Northern v. Assiniboine*, 323 F.3d 767, 774 (9th Cir. 2003) ("[where] no discovery whatsoever has taken place, the party making a Rule 56(f) motion cannot be expected to frame its motion with great specificity as to the kind of discovery likely to turn up useful information, as the ground for such specificity has not yet been laid"). Here, BPG and Owner's discovery requests are the initial requests propounded. Indeed, as Judge James stated, these requests are likely to lead to further relevant discovery. (Docket # 113 at 5:6-7, 6:20-23.) Because Plaintiff has not responded to this initial discovery, the claimants are not required to be specific in referring to the facts sought, though that rule might be more applicable for any follow-up discovery requests. Regardless, Owner lists facts here with as much specificity as she can, given Plaintiff's discovery intransigence.

[2] Notwithstanding the general categories, there is some overlap i.e. the same impermissible/irrational reasons relevant to selective prosecution are also relevant to Owner's equal protection and due process defenses.

The facts that the similarly situated property owners are not members of the same protected class (sole owner woman of middle eastern ethnicity) as Owner. (E.g., RFAs 5-7, 12-14, 19-21; Rogs 1; RFPs 7-12).

The facts of the reason(s) for Plaintiff to be prosecuting against Owner's property while not prosecuting against similarly situated properties, to show they are impermissible reasons and/or not rational reasons. (E.g., RFAs 1-3, 10, 17, 24, 26, 28, 33, 38; Rogs 2-10; RFPs 2-12).

### 2. Facts Sought Regarding Excessive Fines

Owner's requests seek information including, but not limited to:

The fact of Plaintiff's contention as to the market value of the defendant real property (E.g., Rogs 11).

The fact of Plaintiff's contention and the facts determining the sentencing level contended by Plaintiff to be applicable to Owner for purposes of the excessive fines analysis (E.g., Rogs 12).

The fact of Plaintiff's contentions and the facts in support thereof, regarding the lack of harm, and the benefits, beneficial effects, beneficial aspects, and beneficial consequences, of state law regulated medicinal cannabis (E.g., RFAs 39-49; Rogs 13; RFPs 13-14).

### 3. Facts Sought Regarding Other Defenses Including Estoppel, Due Process

Owner's requests seek information including, but not limited to:

The facts of statements made by Plaintiff to Owner indicating that Plaintiff does not consider certain individuals and/or jurisdictions involved with medical cannabis to have a high level of culpability or to be properly the subjects of prosecution and/or forfeiture (E.g., RFAs 50, 52, 56-57; RFPs 1-5).

The facts showing that Owner is such an individual and/or is in such a jurisdiction (E.g., RFAs 51, 53-55, 58-64; Rogs 15-17; RFPs 15-19).

The facts showing that by prosecuting this forfeiture action, Plaintiff is failing to comply with its own policies, procedures, guidelines, and/or regulations (E.g. RFAs 50-66; Rogs 15-19; RFPs 15-19).

**B.  BPG's Discovery Requests**

Furthermore, the discovery sought by BPG, which Plaintiff is still trying to avoid producing despite being specifically ordered to do so by Judge James, also seeks information relevant to Owner's affirmative defenses. The information sought includes, *inter alia*:

The facts that Plaintiff has not prosecuted/sought forfeiture against other similarly-situated properties housing dispensaries (e.g., Rogs[3] 8; RFPs 1-3, 6-10, 14, 17);

The facts of the reason(s) for Plaintiff to be prosecuting the defendant property (e.g., Rogs 1-2, 7-9, 11-14, 18; RFAs 4-7, 13; RFPs 5, 8-15, 18-21, 24-29);

The facts of Plaintiff's contentions and supporting facts regarding the harm/lack of harm of the alleged conduct subject to forfeiture (e.g., Rogs 19-20; RFPs 5, 11-13, 15, 22-23);

The facts and application regarding Plaintiff's statements that Plaintiff does not consider certain individuals/jurisdictions to have high culpability or properly subject to prosecution/forfeiture (e.g., Rogs 4-7, 9, 11-16; RFAs 4-9; RFPs 1-10, 17, 24-29);

Facts to show that the instant forfeiture action is barred by the statute of limitations (e.g., Rogs 3, 10, 17-18; RFAs 12-13).

**III.  LEGAL ARGUMENT**

**A.  Legal Standards Governing Rule 56(d)[4] Motion**

Rule 56(d) "allows a summary judgment motion to be denied, or the hearing on the motion to be continued, if the nonmoving party has not had an opportunity to make **full discovery**." *Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1986) (emphasis added). In addition to those remedies, the rule also allows the court to altogether "defer considering the motion," or in any event "issue any other appropriate order." FRCP Rule 56(d).

---

[3] In Section II-A above, the terms "Rogs" "RFA" and "RFP" refer to the discovery requests propounded by Owner, and which are attached to the joint discovery letter brief at Docket # 104. In this section (II-B), those terms refer to the discovery requests propounded by BPG and which are attached to the joint discovery letter briefs at Docket ## 78-80.

[4] Many cases refer to Rule 56(f) but pursuant to the 2010 amendment to Rule 56, subdivision (f) is now subdivision (d). *See* FRCP Rule 56 Advisory Committee Notes.

The purpose of Rule 56(d) is to "ensure[] that adequate discovery will occur before summary judgment is considered." *Metabolife Intern., Inc. v. Wornick*, 264 F.3d 832, 846 (9th Cir. 2001). "[L]ightning-quick summary judgment motions can impede informed resolution of fact-specific disputes." *Burlington Northern Santa Fe R. Co. v. Assiniboine and Sioux Tribes of Fort Peck Reservation*, 323 F.3d 767, 77 (9th Cir. 2003). The rule "serves a salutary purpose within the summary judgment framework" and "provides a useful safety valve" to "safeguard against judges swinging the summary judgment axe too hastily." *Rivera-Torres v. Rey-Hernandez*, 502 F.3d 7, 10 (1st Cir. 2007).

Where a summary judgment motion is filed early in the litigation, any Rule 56(d) motion should be granted "fairly freely." *Burlington, supra,* 323 F.3d at 773:

> Although Rule 56(f) facially gives judges the discretion to disallow discovery when the non-moving party cannot yet submit evidence supporting its opposition, the Supreme Court has restated the rule as requiring, rather than merely permitting, discovery where the non-moving party has not had the opportunity to discover information that is essential to its opposition.

*Id.* at 773. "[C]ontinuance of a motion for summary judgment for purposes of discovery should be granted almost as a matter of course unless the non-moving party has not diligently pursued discovery of the evidence." *Id.* at 773-74 (referring to "the usual generous approach toward granting Rule 56(d) motions"). "Summary judgment should not be granted while [an] opposing party timely seeks discovery of *potentially* favorable information." *Garret v. City and County of San Francisco*, 818 F.2d 1515, 1519 (9th Cir. 1987) (regarding a discovery motion that "on its face, does not appear to be entirely without merit") (emphasis added).

To obtain relief under Rule 56(d) requires

> [A]n affidavit or other authoritative document showing (i) good cause for [the party's] inability to have discovered or marshalled the necessary facts earlier in the proceedings; (ii) a plausible basis for believing that additional facts probably exist and can be retrieved within a reasonable time; and (iii) an explanation of how those facts, if collected, will suffice to defeat the pending summary judgment motion.

*Rivera, supra*, 502 F.3d at 10.

CLAIMANT'S MOTION TO DENY MOTION FOR SUMMARY JUDGMENT PURSUANT TO FED. R. CIV. PRO. RULE 56(d); IN THE ALTERNATIVE TO DEFER BRIEFING AND CONSIDERATION OF THE MSJ

**B. Good Cause Exists for Owner's Not Having Discovered Facts Earlier In The Proceedings**

**1. There is Good Cause Because Plaintiff's Motion Was Itself Brought Early In The Proceedings**

There is ample good cause for any absence of discovery "earlier" in the proceedings. First, there is good cause because the MSJ was filed when the proceedings were only in their early stage. This Court had entered its discovery scheduling order on October 29, 2013, under which fact discovery was to continue until June, expert discovery was not to even begin until July, and dispositive motions to be filed no later than the end of August.

Despite this schedule – notably, *no* expert discovery (such as on issues of the effectiveness of state and local regulation of medicinal cannabis, benefits to law enforcement personnel and other impacts of well-regulated medicinal cannabis on crime, the medicinal benefits and applications of cannabis, and/or the need for medicinal cannabis by patients unable to treat their illnesses by any other means, among other issues) had taken place – Plaintiff nevertheless filed the instant summary judgment motion in April, a mere 5 months and 2 weeks after this Court entered the scheduling order.

And now, given that claimants' motion for a continuance has been granted, Plaintiff's MSJ has been brought with (as recognized by the Court) essentially a year's worth of discovery still left to be done. Under the cautious continuance standards regarding early summary judgment motions, as recited by the 9th Circuit, the early filing by Plaintiff is, in and of itself, sufficient cause to grant Owner's motion. *Burlington, supra*, 323 F.3d at 773-74.

**2. There Is Good Cause Because Plaintiff's Discovery Conduct Has Prevented Owner (And The Other Claimants) From Discovering Facts**

Second, good cause exists because Plaintiff's intransigence is the primary reason why Owner has been unable to discover the sought-after facts so far during this proceeding. As discussed above, Plaintiff has consistently refused to respond to almost every discovery request, both those of BPG and Owner, and asserted inapplicable boilerplate privileges without support. It is an across-the-board refusal to provide anything more than a scrap of information.

1    Plaintiff has been thoroughly dedicated to this policy, even after having been specifically

2    ordered to provide discovery responses by Judge James. Instead of complying with a direct Order of

3    the Court, Plaintiff has filed more motions in an attempt to change Judge James' mind. Regardless of

4    the merits of these motions, the rulings thereon will not be issued until some unspecified time after

5    July 18, 2014. As such, Plaintiff has again delayed discovery, with the result that over seven months

6    after the original response date in December 2013, Plaintiff still has not provided the responses that

7    Judge James ruled Plaintiff should have produced.

8          In sum, Plaintiff has engaged in discovery gamesmanship throughout this entire proceeding,

9    and has made its best efforts to stymy the claimants' attempts to develop a full and complete record

10   upon which this Court can decide this action on its merits. Instead, Plaintiff seeks to have this Court

11   decide this action based on an incomplete and inadequate record of Plaintiff's making. It is exactly

12   the sort of improper summary judgment motion that Rule 56(d) guards against.

13         For example, in *Moss v. U.S. Secret Service*, 572 F.3d 962 (9th Cir. 2009), the Ninth Circuit

14   refused to consider the merits of a summary judgment motion in similar circumstances. Like here, in

15   *Moss* the governmental party had adopted the stance that it was not required to comply with

16   discovery, and refused to respond to discovery requests. *Id.* at 973 fn. 10. Like here, the government

17   had sought summary judgment based on an incomplete record of its own making. *Id.* The court in

18   *Moss* declined to address the merits of the summary judgment motion not only because of

19   jurisdictional issues, but furthermore because doing so "would deny Plaintiffs a fair opportunity to

20   litigate the merits of their claim." *Id.* at 972. Despite room for argument on the jurisdiction question,

21   the court was simply unwilling to consider the possibility of ordering summary judgment "without

22   allowing Plaintiffs the benefit of discovery relating to the core factual matters at issue." *See Id.* at

23   974.

24         Similarly here, it would be inappropriate to consider granting summary judgment in favor of

25   the government, Plaintiff, where Plaintiff has refused to respond to discovery requests, and Owner

26   has taken the allowed steps (i.e., the discovery letter brief, as motions to compel are not allowed) to

27   compel such discovery. Granting judgment "would deny [claimants] a fair opportunity to litigate the

28   merits of their [defenses]" because Plaintiff did not "allow[ claimants] the benefit of discovery

relating to core factual matters at issue." *See also, e.g., Burlington, supra*, 323 F.3d at 773 (Rule 56(d) requires discovery where summary judgment opponent has not had opportunity to discover information).

### C. Discovery Is Likely To Uncover Relevant Facts

Under the applicable standard, Owner must only show "some basis" for believing that the sought after facts exist. *VISA Intern. Service Ass'n v. Bankcard Holders of America*, 784 F.2d 1472, 1475 (9th Cir. 1986); *Burlington, supra*, 323 F.3d at 774-75. The standard can also be described as requiring the Rule 56(d) motion to be granted where "nothing in the record preclude[s] the possibility that relevant information might be discovered." *VISA* at 1475. Indeed, the Ninth Circuit noted that a Rule 56(d) motion should only be denied "where it [is] clear that the evidence sought [is] almost certainly nonexistent or [is] the object of pure speculation." *Id.*

Here, nothing in the record precludes the possibility that the fact exists, or is "almost certainly nonexistent," that there are similarly situated property owners – owners whose properties house dispensaries operating in full compliance with state and local law – that Plaintiff is not seeking forfeiture against and/or has dismissed forfeiture actions against. Indeed, as of 2011 there were an estimated *2,000 dispensaries in California alone*,[5] and as of June 2013, there were over 500 medicinal and two dozen recreational dispensaries in Colorado.[6] Indeed, as pictures are said to be worth a thousand words, the picture painted in the attached printout from http://weedmaps.com is quite telling: there are dozens upon dozens, if not *hundreds*, of dispensaries dotting the landscape in the San Francisco Bay Area *alone*. (Sahae Dec. ¶ 4 Exh. C.)

But there are not 2,000 forfeiture actions proceeding in California nor hundreds in the Bay Area, nor another 500 in Colorado. In fact, Owner is only aware of one additional dispensary forfeiture case in this District – the Harborside case – but is aware that many more dispensaries are

---

[5] Industry sources – here, Americans for Safe Access ("ASA") – published a report stating: "As of early 2011, ASA estimates there are approximately 2,000 medical cannabis dispensaries in California." (Sahae Dec. ¶ 2 Exh. A.)

[6] http://en.wikipedia.org/wiki/Medical_cannabis_in_the_United_States (Sahae Dec. ¶ 3 Exh. B.)

located within this District that are not being prosecuted. Owner is also aware of three forfeiture actions brought by Plaintiff in California that Plaintiff chose not to continue prosecuting and instead dismissed without settlement, and which according to the court records do not apparently concern properties where the owner is a sole woman. (Sahae Dec. ¶ 5 Exh. D.)

This satisfies the lenient standard – there is "some basis" to believe that discovery would uncover more such examples of Plaintiff not seeking forfeiture against similarly situated properties and their owners. *See, e.g., Burlington, supra*, 323 F.3d at 774 (awareness that hazardous materials were sometimes carried on train cars, and alleged knowledge of unspecified derailment incidents and other accidents, held sufficient to show "some basis" for believing train company's operations dangerous); *VISA, supra*, 784 F.2d at 1476 (no actual showing made, just the court's general reasoning that public confusion could be evidenced by questioning recipients of advertising).

As to the facts sought that involve the contentions[7] of Plaintiff – such as Plaintiff's contentions regarding market value, sentencing levels, medicinal/criminal/financial benefits of medicinal cannabis, and individuals/jurisdictions operating in compliance with state/local regulation, those contentions are all relevant to Owner's defenses as discussed below. If Plaintiff does not make any such contentions, that absence of argument will likewise be relevant to Owner defending her property on the merits. If Plaintiff does make any such contention, Owner is entitled to know what contentions Plaintiff will make on the issues regarding Owner's defenses, and what factual support Plaintiff has for those contentions. Either way, there is ample basis to believe that discovery will result in relevant facts – the absence or presence of a contention, and the facts Plaintiff believes support those contentions – that are in Plaintiff's sole control.

## D.  The Sought After Facts Would Defeat The MSJ

Plaintiff's motion does not seek partial summary judgment on any claim or portion of a claim, but rather seeks a full and final "Summary Judgment against [the] Defendant Real Property." (MSJ at 1:26-27.) Thus, Owner would defeat the MSJ simply by showing the existence of a dispute

---

[7] A party's contentions and legal conclusions are proper subjects of discovery requests. FRCP Rule 33(a)(2); FRCP Rule 36(a)(1)(A); *See, e.g., O'Connor v. Boeing North American, Inc.*, 185 F.R.D. 272, 280-81 (C.D. Cal. 1999).

12

as to any material fact. *T.W. Elec. Service, Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987). "A material fact is one that is relevant to an element of a claim or defense and whose existence might affect the outcome of the case." *Id.* at 630. In considering whether the fact might affect the outcome of the case, all inferences must be "drawn in the light most favorable to the nonmoving party." *Id.* at 631.

Here, the facts sought by discovery are relevant to Owner's defenses, which defenses would affect the outcome of the case, especially considering that all inferences from those facts would be drawn in favor of Owner. Indeed, this Court has twice so held. First, this Court held that if Owner were to prove any of her "various affirmative defenses" to be true, then such would "preclude entry of judgment in favor of the Government." (Docket # 73 at 2:11-12; See also Docket # 73 at 3:18-19 ("the allegations of Claimants' answers, taken as true, preclude entry of final judgment in favor of the Government").) Moreover, Judge James held that the affirmative defenses implicated by BPG's discovery requests "pertain to the *core issues in this case* and represent BPG's only avenue to challenge the forfeiture action." (Docket #113 at 3:19-21 (emphasis added).) *Compare Moss, supra*, 572 F.3d at 974 (refusing to rule on summary judgment motion "without allowing Plaintiffs the benefit of discovery relating to *the core factual matters at issue*") (emphasis added).

As such, there should be no dispute that Owner's affirmative defenses are material, and all that Owner would need show is that there is a single disputed fact relevant to any of those "various" defenses. In any event, the authorities below show that the defenses Owner seeks discovery on are indeed material to a forfeiture action.

### 1. The Selective Prosecution Facts Would Defeat The MSJ

First, Owner has identified above the facts sought relevant to her affirmative defenses of vindictive prosecution and/or selective prosecution. These specific facts would identify similarly situated property owners – owners of properties housing dispensaries compliant with local and state law. The facts sought would also show that those similarly situated owners were not of the same race and/or gender as Owner. The facts sought would show that those similarly owners' properties were not persecuted, either by not being the defendant in a forfeiture action in the first place, or by having their forfeiture actions dismissed.

13

These facts would certainly show, let alone reveal a disputed issue, that Plaintiff is attempting to "enforce [forfeiture] statute[s] in a discriminatory fashion." *U.S. v. Steele*, 461 F.2d 1148, 1151 (showing of only 6 other similarly situated persons who were not prosecuted and who did not engage in protest sufficient to raise strong inference of discrimination). Like the free speech rights at issue in *Steele*, the gender and ethnicity status of Owner are constitutionally protected classifications and thus elements of the defense. *Id.* at 1151. "To establish a discriminatory effect in a race case, the claimant must show that similarly situated individuals of a different race were not prosecuted." *U.S. v. Armstrong*, 517 U.S. 456, 465.

Because forfeiture proceedings combine aspects of both civil and criminal proceedings, the defense of selective prosecution *is* material and relevant to forfeiture proceedings, and would bar forfeiture if proven. *U.S. v. One 1985 Mercedes*, 917 F.2d 415, 421 (allowing defense against forfeiture but not allowing discovery because defendant had not offered any evidence in support).[8] Above, Owner has made a sufficient showing under *Armstrong*, *supra*, 517 U.S. at 469 (1996) (showing only requires "some evidence that similarly situated defendants of other races could have been prosecuted, but were not") to obtain further discovery. *See also People v. Superior Court (Baez)*, 79 Cal.App.4th 1177, 1193 (6th Dist. 2000) (applying the *Armstrong* "some evidence" test,

---

[8] In the joint discovery letter filed at Docket # 104, Owner and Plaintiff dispute the scope of the applicability of *1985 Mercedes*. Owner's contention is that *1985 Mercedes* – being a pre-CAFRA and pre-*Bajakajian* decision – is improperly restrictive on the claimant as to the availability to the claimant of defenses and the burden on the claimant to obtain discovery on those defenses. This contention is based upon CAFRA being, essentially, a significant and substantial pro-claimant and anti-government change to the state of forfeiture law based on the problem of the government's abuse of forfeiture and the need to protect property owners. *See, e.g., U.S. v. Ferro*, 681 F.3d 1105, 1112 (9th Cir. 2012). But, as pertinent here, even if Owner is right that *1985 Mercedes* is *too* restrictive, the case nevertheless allowed for the selective prosecution defense. Thus, if even the *restrictive* case allows the defense, there can be no question that the defense is applicable.

In any event, even the portion of *1985 Mercedes* that is the core of the dispute between Owner and Plaintiff – whether Owner must make a showing to obtain discovery on the selective prosecution defense – has been satisfied by Owner. Owner has identified similarly situated property owners of different ethnicity and/or gender whose properties have not been persecuted. This is all that is needed to obtain discovery. *Armstrong*, *supra*, 517 U.S. at 469 (1996) (showing only requires "some evidence that similarly situated defendants of other races could have been prosecuted, but were not").

---

14

finding "some evidence" based on hearsay declarations that other individuals accused of misrepresentations to housing authority, but who were not purveyors of medical marijuana, had not been prosecuted). This discovery will allow the Owner to demonstrate to the Court that Plaintiff has failed to be as dedicated to seeking forfeiture of, for example, white male owners of properties housing compliant dispensaries, as it has been in seeking forfeiture of Owner's property. This showing will at the very least create a triable issue of fact and the MSJ would have to be denied.

Furthermore, the discovery directed toward Plaintiff's reasons for persecuting Owner – namely the lack of rational reasons for such – is relevant to the selective prosecution defense, as at least some courts interpreting federal law have indicated that "rational reasons" may be a valid counter to the selective prosecution defense. *See, e.g., People v. Serna*, 71 Cal.App.3d 229, 234 (2nd Dist. 1977) (citing *People v. Superior Court (Hartway)*, 19 Cal.3d 338 (1977) which in turn cited the 14th Amendment and *Yick Wo v. Hopkins*, 118 U.S. 356 (1886).) Also, even if Owner were not a member of a protected class such reasons would still be relevant to Owner's equal protection and due process defenses, which prohibit disparate treatment even in absence of protected classifications where there is no rational reason for the treatment. *See, e.g., Engquist v. Oregon Dept. of Agr.*, 553 U.S. 591, 601 (2008).

### 2.    The Excessive Fines Facts Would Defeat The MSJ

Second, the facts sought regarding Owner's Excessive Fines defense are relevant, and Excessive Fines is a valid defense to forfeiture, under well-established law requiring little discussion. The defense is available in forfeiture actions. *U.S. v. Bajakajian*, 524 U.S. 321, 333 (1998); *U.S. v. Ferro*, 681 F.3d 1105, 1113-14 (9th Cir. 2012) (recognizing that CAFRA abrogated the "instrumentality" exception to 8th Amendment doctrine, and therefore essentially all types of forfeiture are subject to 8th Amendment scrutiny). The facts sought by Owner, and Plaintiff's contentions to those facts, are stated above but can be summed up as (1) market value, (2) sentencing level, and (3) the harm and benefits of regulated medicinal cannabis.

(1) Market value is clearly relevant to the Excessive Fines analysis because the analysis must consider "the amount of the forfeiture." *Bajakajian, supra*, 524 U.S. at 334; *See also, e.g., U.S. v. 3814 NW Thurman Street, Portland, Or., A Tract of Real Property*, 164 F.3d 1191, 1198 (9th Cir.

1999) (using amount of mortgagor's equity in real property as amount of forfeiture for purposes of 8th amendment) (dictum superseded by CAFRA as noted in *Ferro, supra*, 681 F.3d at 1112).

(2) The sentencing guidelines are also a well-established factor under the Excessive Fines analysis. *Bajakajian, supra*, 524 U.S. at 338 (analyzing sentencing guidelines as a factor); *3814 NW Thurman, supra*, 164 F.3d at 1197 (noting that guidelines should be given more weight than statutory penalties).)

(3) Lastly, Owner seeks facts and Plaintiff's contentions as to the benefits and harm caused by regulated medicinal cannabis. Certainly, the harm caused by the conduct allegedly giving rise to forfeiture is a well-established factor. *Ferro, supra*, 681 F.3d at 1115. "Benefit" is the antonym, the opposite of "harm." (*Roget's 21st Century Thesaurus, Third Edition*. Philip Lief Group 2009. http://thesaurus.com/browse/harm (accessed: May 15, 2014).) Logically, it follows that evidence of the benefits of regulated medicinal cannabis would counter evidence of the harm thereof. In any event, these benefits would be relevant under the sentencing analysis anyway; hence, they are relevant to the Excessive Fines analysis. *See, e.g.*, USSG, § 5K2.11, 18 U.S.C.A. (reduce sentence where conduct committed to avoid greater harm)[9]; 18 U.S.C. § 3553(a)(1) (court shall consider the nature and circumstances of the offense), (b)(1) (court may consider mitigating circumstances not adequately addressed in sentencing guidelines).

### 3.    The Estoppel (et al.) Facts would Defeat the MSJ

Third, the facts sought applicable to estoppel and other affirmative defenses are indeed relevant to those defenses and such defenses would defeat forfeitability. It is well-established that estoppel is a valid defense against the government. *U.S. v. Hall*, 974 F.2d 1201, 1205 (9th Cir. 1992). "Although a governmental agency may not be estopped by the conduct of its officers or employees in every instance, where justice and right require it the doctrine will be applied." *Salton Community Services Dist. v. Southward*, 256 Cal.App.2d 526, 534 (4th Dist. 1967) (error not to admit evidence that agency told lessee it would not enforce lease provision); *See also, e.g., Farrell v. Placer County*,

---

[9] For example, the harm consisting of promoting criminal marijuana businesses (such as drug cartels) by eliminating access to non-criminal, state-regulated, lawful, compliant, secured, safe, tested, medicinal cannabis dispensaries.

23 Cal.2d 624, 628 (1944) ("It has been aptly said: If we say with Mr. Justice Holmes, 'Men must turn square corners when they deal with the Government', It is hard to see why the government should not be held to a like standard of rectangular rectitude when dealing with its citizens").

It is also established that estoppel is available as a defense to forfeitability. *U.S. v. One Parcel of Real Estate Located on Fellows Tracts C, D, E, and F of Pine Island Estates*, 715 F.Supp. 360, 363 (S.D. Fla. 1989) (estopping government from forfeiting property where government failed to post timely notice of forfeiture). In *U.S. v. Locke*, 471 U.S. 84 (1985), the defense of estoppel was not considered by the trial court, however the Supreme Court held that it would properly be considered on remand, based on a confusing pamphlet that indicated an incorrect filing deadline and the allegation that a government employee had also stated the same deadline. *See Locke* at 89 fn. 7.

Justice O'Connor, in a concurring opinion, went even further and indicated that if the facts alleged by the claimants were eventually proven in the trial court, such facts would successfully estop the government against forfeitability. *Id.* at 1801. *Locke* is similar to the present case, where Plaintiff has issued confusing and contradictory memoranda leaving state-law-compliant actors in a realm of high uncertainty regarding what conduct Plaintiff will pounce upon to forfeit property and what conduct Plaintiff will excuse, and then Plaintiff seeks to insulate itself by reference to anti-reliance disclaimers in the memoranda. In *Locke*, the government agency also had issued confusing pamphlets, and Justice O'Connor noted that regulations designed to disclaim the confusion would not defeat the estoppel claim: "Although BLM regulations clarify the filing deadlines contained in § 314, the existence of those regulations does not imply that appellees were unjustified in their confusion concerning the deadlines." *Id.*

Here, the uncomfortable posture of this case is solely the result of Plaintiff being contradictory, misleading, confusing, and engaging in double-speak as it attempts to straddle two sides of the political fence regarding medicinal cannabis. Owner's estoppel defense seeks to develop a record as to whether Plaintiff has behaved according to a "like standard of rectangular rectitude" that it seeks to penalize Owner for violating. Accordingly, Owner seeks discovery of Plaintiff's statements to the public as to whom it will pursue, and seeks discovery of facts and contentions establishing that Owner is a person Plaintiff said it will not pursue. Like in *Locke*, the legalese

17

disclaimers in Plaintiff's memoranda would not be dispositive that Owner's confusion was unjustified or unreasonable.

Furthermore, even if this Court would consider the legalese disclaimers to be a bar to estoppel, nevertheless Plaintiff's statements at the time of the lease resulting in her confusion are relevant to the Excessive Fines defense. The Excessive Fines analysis properly considers the culpability of the owner. *Ferro, supra*, 681 F.3d at 1115. Who is more culpable, a person who commits criminal conduct in a state of confusion and uncertainty as to doing so, with conflicting messages coming from all directions, federal and state, massive political uncertainty, state laws explicitly legalizing the conduct, while the same conduct is being committed with impunity across the state and in Colorado and Washington without being punished? Or a person who engages in criminal conduct that is outlawed everywhere, punished everywhere, conduct as to which there exists no uncertainty, no confusion, there have been no conflicting messages, there have been no memoranda from the federal government plausibly excusing such conduct, and there have been no state laws passed specifically legalizing such conduct?

Clearly, the latter is more culpable than the former. Owner cannot be denied the right to demonstrate that her low level of culpability means that forfeiture would constitute an Excessive fine. As such, the MSJ should be stayed until Plaintiff has complied with its discovery obligations to allow Owner to develop a full record on this issue.

**IV.     CONCLUSION**

Plaintiff, the United States of America, seeks to seize for itself the valuable property of Owner – who has been convicted of no crime. Plaintiff wants to obtain forfeiture of Owner's property speedily and without making any admission, or providing any information, in response to Owner's proper discovery requests. If Owner's property is to be forfeited, that decision should be

/ / /

/ / /

/ / /

/ / /

made upon a fully developed record. As such, Owner respectfully requests that this Court deny the MSJ, or in the alternative stay briefing and consideration of the MSJ until expiration of the new deadlines for fact and expert discovery.

DATED:  July 8, 2014                                    FLYNN RILEY BAILEY & PASEK LLP


_____/s/_____
David Tillotson
Attorneys for Owner of Record
Nahla Droubi

CLAIMANT'S MOTION TO DENY MOTION FOR SUMMARY JUDGMENT PURSUANT TO FED. R. CIV. PRO. RULE 56(d); IN THE ALTERNATIVE TO DEFER BRIEFING AND CONSIDERATION OF THE MSJ