UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA,<br>    Plaintiff,<br>      v.<br>REAL PROPERTY AND IMPROVEMENTS LOCATED AT 2366 SAN PABLO AVENUE, BERKELEY, CALIFORNIA,<br>    Defendant. | Case No. 13-cv-02027-JST   (MEJ)<br>**DISCOVERY ORDER**<br>Re: Dkt. No. 127 |
|---|---|

## INTRODUCTION

On June 16, 2014, the parties in this action filed a joint discovery letter regarding a dispute over a Request for Production served by Plaintiff United States of America ("the Government") on Claimant Berkeley Patients Group ("BPG"). Jt. Ltr., Dkt. No. 127. The Court held a telephonic hearing on the matter on June 27, 2014. After considering the parties' arguments and controlling authorities, the Court GRANTS the Government's Motion to Compel for the reasons set forth below.

## BACKGROUND

This is an in rem action for forfeiture of real property pursuant to 21 U.S.C. § 881(a)(7), brought by the Government against the defendant real property located at 2366 San Pablo Avenue, in Berkeley, California (the "Property"), on May 2, 2013. Compl., Dkt. No.1. BPG is a licensed medical cannabis dispensary that has operated in the City of Berkeley since 1999. Jt. Ltr. at 3 BPG currently operates a medical cannabis dispensary at the Property.

The Government first commenced its efforts to force closure of BPG in late 2011 or early 2012 by sending a "landlord letter" to BPG's former landlord at its former location at 2747 San Pablo Ave., Berkeley. *Id*. The former landlord was represented by attorneys Ramsey & Ehrlich.

*Id*. Representations were made at that time that a primary reason for the Government's actions was the proximity of BPG to schools in Berkeley. *Id.* In May 2012, BPG agreed to close its former location as a result of the Government's pressure and its representations. *Id*. In November 2012, BPG reopened at its present location at the Property, but only after extensive vetting by Berkeley officials to ensure it was located outside the vicinity of any schools. *Id*.

On April 30, 2013, the Government commenced this action seeking to forfeit BPG's new location, alleging that BPG was located within 1000 feet of Nia House Learning Center and Color Me Children Preschool, which BPG contends are daycare facilities for toddlers and preschoolers, not schools. *Id*. BPG has filed claims asserting a leasehold interest in the property and contests foreclosure of its interest via the forfeiture action. *Id*.

BPG asserted sixteen affirmative defenses to the forfeiture action. These defenses include: (1) failure to state a claim; (2) statute of limitations; (3) laches; (4) estoppel; (5) unclean hands; (6) waiver; (7) excessive fines; (8) vindictive prosecution; (9) selective prosecution; (10) unconscionable police conduct; (11) violation of due process; (12) violation of equal protection; (13) another action pending; (14) unconstitutional taking; (15) violation of the Tenth Amendment; and (16) other unknown defenses. Dkt. No. 42.

On March 7, 2014, the Government served BPG with 16 Requests for Production ("RFPs") aimed at discovering information relevant to each of the affirmative defenses BPG asserted to the forfeiture action. Jt. Ltr., Ex. 2. BPG served its Response on April 10, 2014. *Id*., Ex. 1. On June 16, 2014, the parties filed the present discovery letter regarding BPG's responses. The Government now seeks an order compelling production of these documents.

**DISCUSSION**

BPG objected to the entire set of RFPs on the basis of attorney work product privilege. Jt. Ltr., Ex. 1 at 3-13. The work product doctrine is set forth in Rule 26(b)(3) of the Federal Rules of Civil Procedure, which protects from discovery materials containing the mental impressions, conclusions, legal opinions, or legal theories of a party's attorney. Fed. R. Civ. P. 26(b)(3); *In re Grand Jury Subpoena*, 357 F.3d 900, 906 (9th Cir. 2004). "The work product doctrine protects from discovery documents and tangible things prepared by a party or his representative in

anticipation of litigation." *United States v. Richey*, 632 F.3d 559, 567 (9th Cir. 2011); *Hawker v. BancInsurance, Inc.*, 2013 WL 6843088, at *6 (E.D. Cal. Dec. 27, 2013). However, the work product doctrine typically "does not apply to information collected or communications made in the normal course of business." *Kelly v. City of San Jose*, 114 F.R.D. 653, 659 (citing *Hickman v. Taylor*, 329 U.S. 495 (1947)). The party asserting work-product protection over material bears the burden of establishing the applicability of the doctrine. *Skynet Elec. Co. v. Flextronics Int'l, Ltd.*, 2013 WL 6623874, at *2 (N.D. Cal. Dec. 16, 2013).

According to BPG, the Government's RFPs are an improper attempt to discover BPG counsels' work product. Jt. Ltr. at 4. BPG argues that producing the few documents out of thousands that "refer or relate to" BPG's affirmative defenses would reveal counsels' mental impressions and legal opinions, thus constituting privileged work product. *Id*.

The Government contends BPG has failed to meet its burden of establishing the applicability of the work product doctrine. *Id*. at 2. Furthermore, the Government argues that if any of the requested documents were prepared in the ordinary course of business, they are not protected by the doctrine and therefore are subject to discovery. *Id*.

The Court is not persuaded by BPG's argument that counsels' impressions and legal opinions will be revealed through the production of the underlying documents on which its affirmative defenses are based. This case is distinguishable from the case cited by BPG, *Sporck v. Peil*, 759 F.3d 312 (3d Cir. 1985). In *Sporck*, the Third Circuit held that the selection and compilation of certain documents out of the thousands of documents in a case was protected by the work product privilege. *Id.* at 315. It held that such grouping represented counsels' strategy and showed mental impressions and legal opinions. *Id*. However, in that case, those documents had previously been produced; at issue was the select grouping counsel had compiled in preparation for a deposition. *Id.* at 313. Here, the Government seeks all documents that are relevant to BPG's affirmative defenses. Jt. Ltr., Ex. 2 at 4-6. It does not seek to discover BPG's selective grouping of certain documents together. I*d.* at 2. As such, the production of all documents involved in the litigation cannot reveal BPG counsels' mental impressions or legal opinions about the case. BPG's work product objection is therefore overruled.

3

**CONCLUSION**

For the foregoing reasons, the Court GRANTS the Government's Motion to Compel responses to RFPs Nos. 1-16. To the extent BPG objects to RFPs Nos. 1-16 based on privilege, it shall provide a privilege log describing each document and the basis for the claim of privilege.

**IT IS SO ORDERED.**

Dated: July 9, 2014

_____
MARIA-ELENA JAMES
United States Magistrate Judge