1  MELINDA HAAG (CABN 132612)
   United States Attorney
2
   J. DOUGLAS WILSON (DCBN 412811)
3  Chief, Criminal Division

4  ARVON J. PERTEET (CSBN 242828)
   Assistant United States Attorney
5
        450 Golden Gate Avenue, Box 36055
6       San Francisco, California 94102-3495
        Telephone: (415) 436-6598
7       FAX: (415) 436-7234
        ARVON.PERTEET@USDOJ.GOV
8
   Attorneys for the United States of America
9

10              UNITED STATES DISTRICT COURT

11             NORTHERN DISTRICT OF CALIFORNIA

12
   UNITED STATES OF AMERICA,          )   CASE NO. CV 13-2027 JST
13                                     )
           Plaintiff,                  )   UNITED STATES' RESPONSE TO BERKELEY
14                                     )   PATIENTS GROUP, INC. AND NAHLA DROUBI
       v.                              )   OPPOSITION TO UNITED STATES MOTION
15                                     )   FOR SUMMARY JUDGMENT
   REAL PROPERTY AND IMPROVEMENTS      )
16 LOCATED AT 2366 SAN PABLO AVENUE,   )
   BERKELEY, CALIFORNIA,               )
17                                     )   Date:  August 28, 2014
           Defendant.                  )   Time:  2:00 p.m.
18 _____ )   Place: Courtroom 9, 19th Floor

19            MEMORANDUM OF POINTS AND AUTHORITIES

20      I.    STATEMENT OF RELEVANT FACTS

21      The complaint in this action was filed on May 2, 2013. (Doc. #1.)  The Plaintiff propounded

22 requests for documents related to the defenses asserted by Claimants BPG and Nahla Droubi.  BPG

23 responded with boilerplate objections, including improper assertions of Fifth Amendment privilege.

24 Notably, BPG stated that "responding party is not yet in a position to analyze or to categorize what

25 documents exist that may "refer or relate to" its affirmative defenses."  (Doc. #127 at Exhibit 1.)

26 Claimant Droubi responded to the same with request for production of documents with the following

27 assertion to each request: "Claimant's affirmative defense was asserted in anticipation of information to

28 be obtained during discovery including, but not limited to, discovery from **third** parties and the

Plaintiff." (emphasis added.) See Exhibit 7. Claimant Droubi propounded its written discovery request upon the Plaintiff on March 3, 2014, 10 months after this action was filed and just three months before the original discovery cutoff designated by the Court. The Plaintiff filed its after responding to Droubi written discovery request. Droubi then sought a meet confer regarding the Plaintiff's responses and filed it motion to compel further responses.

Now dismissed putative Claimant City of Berkeley propounded written discovery upon the Plaintiff and the Plaintiff subsequently filed a Motion to Strike the Claimant for lack of standing, which this Court later granted. The Plaintiff and the City of Berkeley understandably agreed to extend the time for the Plaintiff to respond to the City of Berkeley's written discovery until May 8, 2014 or within three days of a decision by the Court on the Motion to Strike the Claimant for lack of standing, whichever came first. The Plaintiff responded to the City of Berkeley's discovery request on May 9, 2014, with copies of the responses sent to counsel for all other claimants. See Exhibit 8.

## II.    LEGAL ARGUMENT

### A. The United States is Entitled to Summary Judgment that Defendant 2366 San Pablo Ave is Subject to Forfeiture.

Claimants BPG and Nahla Droubi do not dispute the applicable standards for summary judgment which the government set forth for a party moving for summary judgment who bears the burden of proof at trial. US SJ Mot., at 4-5. The moving party must establish material undisputed facts which entitle it to judgment as a matter of law.

The United States has established that claimants BPG and Nahla Droubi knowingly and intentionally engaged in the use of defendant 2366 San Pablo Avenue for the purpose of dispensing marijuana. US SJ Mot., at 7. BPG admits this in its Answer. *See* Answer of Claimant BPG, filed August 28, 2013. Droubi admits this in her Answer. *See* Claimant Nahla Droubi's Answer, etc., filed July 29, 2013. Neither BPG nor Droubi dispute the material facts which make defendant 2366 subject to forfeiture. *See* Droubi Opp.; BPG Opp. As a consequence, the United States is entitled to judgment that defendant 2366 is subject to forfeiture.

### B. The United States is Entitled to Summary Judgment on Each of Claimants' Affirmative Defenses on the Basis that Each is Insufficient on its Face and Claimants Have Failed to Adduce Sufficient Evidence to Avoid Summary Judgment.

1    The United States moved for summary judgment on each affirmative defense on the basis that

2  claimants, who bear the burden of proof at trial, have the burden of coming forward with sufficient

3  evidence of each defense. US SJ Mot., at 5. Specifically, where the non-moving party bears the burden

4  of proof at trial on a defense, the United States need only point out in argument the absence of evidence

5  to support that defense. *Id.* At that point, claimants have the burden to come forward with sufficient

6  evidence of each element of each defense to defeat summary judgment. Further, claimants had the

7  burden of coming forward with "sufficient" evidence such that taken in the light most favorable to

8  claimants a trier of fact would be able to find for claimants. *Id.* Claimants do not dispute this standard.

9  *See* Droubi Opp.; BPG Opp. As will be shown, applying these principles, claimants cannot defeat

10  summary judgment.

11    In this case, claimants assert that they need discovery pursuant to Rule 56(d) before they can

12  respond to the government's request for summary judgment on each of their affirmative defenses. Fed.

13  R. Civ. P. 56(d).[1]  If facts needed to oppose summary judgment are unavailable, then that party

14  opposing summary judgment must file an affidavit or declaration to meet specific criteria. Specifically,

15  the party opposing summary judgment bears the burden to (1) provide an affidavit or declaration which

16  (2) identifies the specific information needed, (3) supports that the information sought actually exists (4)

17  explains why it could not have been obtained and (5) demonstrates that, if obtained, that the information

18  would preclude summary judgment. *Blough v. Holland Realty, Inc.,* 574 F.3d 1084, 1091 (9th Cir. 2009)

19  (denied motion for discovery after summary judgment motion filed because the existence of the

20  information sought was not plausible); *Employers Teamsters Local Nos. 175 and 505 Pension Trust v.*

21  *The Clorox Company,* 353 F.3d 1125, 1129-30 (9th Cir. 2004); *accord Chance v. Pac-Tel Teletrac Inc.,*

22  242 F.3d 1151, 1161 n. 6 (9th Cir. 2001); *Barona Group of the Capitan Grande Band of Mission Indians*

23  *v. Amer. Mgmt. & Amusement, Inc.,* 840 F.2d 1394, 1400 (9th Cir. 1988). As will be shown, claimants

24  have failed to comply with these requirements and are not entitled to additional discovery.

25  ///

26  ///

27  ──────────────
   [1]  In 2010, Rule 56(d) carried forward without substantial changes former Rule 56(f). *See* Advisory Committee
28  Notes, 2010 Amendments, Section 56(d). Thus, cases decided prior to the change refer to Rule 56(f), but are now generally
   applicable to Rule 56(d).

1. **Each Affirmative Defense is Insufficient on its Face.**

Claimants' affirmative defenses are insufficient on their face. An affirmative defense must give a party fair notice not only of the legal basis of that defense but must also include a sufficient factual basis for that defense to be plausible. See Fed. R. Civ. P. 8(b)(1)(A); *Rodgers v. Claim Jumper Restaurant, LLC*, 2014 WL 1760959 (N.D. Cal 2014) (Gonzales-Rogers, J.); *Dodson v. Stragtegic Restaurants Acquisiiton Co II., LLC*, 289 F.R.D. 595, 603-04 (E.D. Cal. 2013); *Blackberry Ltd. v. Typo Products LLC*, 2014 WL 1867009 (N.D. Cal. 2014) (Orrick, J.); *Ramirez v. Ghilotti Bros. Inc.*, 941 F. Supp. 2d 1197 (N.D. Cal. 2013) (Breyer, J.); *Starbuzz Tobacco, Inc. v. Seed*, 2013 WL 6354438 (N.D. Cal. 2013) (Illston, J.); *Ujhelhi v. Vilsack*, 2013 WL 6174491 (N.D. Cal. 2013) (White, J.); *Madison v. Goldsmith and Hull*, 2013 WL 5769979 (N.D. Cal. 2013) (Davila, J.); *Surface Supplied, Inc. v. Kirby Morgan Dive Sys., Inc.*, 2013 WL 5496961 (N.D. Cal. 2013) (Chesney, J.); *Bonshahi v. Fedex Corp.*, 2012 WL 3638608 (N.D. Cal. 2012) (Henderson, J.); *Perez v. Gordon & Wong Law Group, P.C.*, 2012 WL 1029425, *8 (N.D. Cal. 2012) (Koh, J.); *Powertech Tech Inc. v. Tessera, Inc.*, 2012 WL 1746848 (N.D. Cal. 2012) (Wilken, J.); *J & J Sports Productions, Inc. v. Mendoza-Govan*, 2011 WL 1544886 (N.D. Cal. 2011) (Alsup, J.); *Erickson Productions, Inc. v. Kast*, 2014 WL 1652478 (N.D. Cal. 2014) (Lloyd, M.J.); *O'Sullivan v. AMN Services, Inc.*, 2012 WL 2912061 (N.D. Cal. 2012); *Barnes & Noble, Inc. v. LSI Corp.*, 849 F.Supp.2d 925 (N.D. Cal. 2012) (Chen, J.) (rule requiring giving fair notice of claim would seem to also apply to affirmative defenses); *Dion v. Fulton Friedman & Gullace LLP*, 2012 WL 160221 (N.D. Cal. 2012) (Conti, J.) ("Just as a plaintiff's complaint must allege enough supporting facts to nudge a legal claim across the line separating plausibility from mere possibility . . . a defendant's pleading of affirmative defenses must put a plaintiff on notice of the underlying factual bases of the defense"); *Barnes v. AT&T Pension Benefit Plan-Nonbargained Program*, 718 F.Supp.2d 1167, 1172 (N.D. Cal. 2010) (Patel, J.) (Rule 8 requires a factual basis be plead for an affirmative defense to give fair notice in the same way it requires a factual basis be plead to give fair notice of a claim); *CTF Dev. Inc. v. Penta Hospitality, LLC*, 2009 WL 3517617 (N.D. Cal. 2009) (Alsup, J.) (". . . the burden is on the defendant to proffer sufficient facts and law to support an affirmative defense.").

///

///

**2. Claimants Failed to Adduce Even Sufficient Facts to Make Any of their Affirmative Defenses Sufficient on its Face and Failed to Adduce Sufficient Facts to Avoid Summary Judgment.**

**a. US is Entitled to Summary Judgment on Claimants' Estoppel Defense.**

Claimants alleged in conclusory fashion that forfeiture is barred by estoppel without any supporting factual allegations which give defendant fair notice. *See* BPG Answer, at 5; Droubi Answer, at 4. On their face, these defenses are insufficient.

Further, claimants have failed to adduce any evidence to support the elements of their estoppel affirmative defense. It is well-established that a party seeking to estop the government bears a "heavy burden" requiring proof of the traditional elements of estoppel plus two additional elements. *See, e.g., Yerger v. Robertson,* 981 F.2d 460, 466 (9th Cir. 1992); *accord United States v. Watkins,* 875 F.2d 699, 707 (9th Cir. 1989) *(en banc), cert. denied,* 498 U.S. 1087 (1991). The four traditional elements of estoppel are that the party seeking estoppel is required to show that (1) the party to be estopped knew the true facts at the time the relevant conduct occurred; (2) the party to be estopped intended that the other party rely on his conduct or representation; (3) the party seeking estoppel was ignorant of the true facts; and (4) the party seeking estoppel relied to his detriment on the other party's conduct. In addition to these four elements, a party seeking to estop the government must also prove (5) affirmative misconduct on the part of the government going beyond mere negligence and (6) that a serious injustice would arise absent estopping the government and that the public interest will not be harmed by imposing estoppel. *Morgan v. Gonzales,* 495 F.3d 1084, 1091-92 (9th Cir. 2007), citing *United States v. Watkins,* 875 F.2d at 709.

The Claimants' unsuccessful attempt to convince the Court that a holding in a non-binding out-of-district case is unpersuasive, where the court held that the Government was estopped from proceeding with the forfeiture action due to a statutory violation that had been committed by Government in the delayed posting of the notice of action did not provide adequate notice to the new owner of the property that it was subject to forfeiture. *United States v. Parcel of Real Estate*, 715 F.Supp 360 (S.D. Fla 1989). In the matter before this Court, Droubi alleges that "Cole Memos" caused her to be confused about whether the Plaintiff would take action against her or her property. However, Droubi and BPG's actions factually state the opposite. The evidence shows that neither Droubi or BPG were confused about the

"Cole Memos", as Droubi and BPG made it clear in the lease agreement that use of the defendant property was in violation of federal law and so much so that Droubi provide a protective clause in the lease agreement whereby BPG would have to compensate her if a federal action were to take place regarding illegal conduct taking place at the defendant real property. Additionally, it appears that the Claimants are implying that they relied on a memorandum that was issued almost one year after they had already entered into the agreement to violate federal law. Thus, it is unreasonable for the Claimants to have relied on a document that did not exist at the time the illegal conduct began and only appeared one year later. Of note, it is clear that the Claimants' already possess the "Cole Memos" that they allegedly relied upon. Therefore, the Claimants are not in need of additional discovery to support this failing defense. Finally, as stated in the Plaintiff's motion for summary judgment, the Supreme Court has stated, "[e]stoppel is an equitable doctrine," and "[a]n equitable defense cannot be used to reward inequities nor to defeat justice." *Heckler v. Community Health Services of Crawford County, Inc.*, 467 U.S. 51, 60 (1984). Further, estoppel in this case "would compromise a governmental interest in enforcing the law' and would therefore be in appropriate. *Sacramento Nonprofit Collective v. Holder*, 2014 WL 128998 at *1, (9th Cir. 2014) citing *New Hampshire v. Maine*, 532 U.S. 734, 755. US SJ at 12.

Claimants have failed to allege any facts to support the six elements of estoppel in their affirmative defense and hence it is insufficient on its face. Claimants have failed to come forward with evidence of any of these six elements in opposing summary judgment. Finally, claimants have failed to demonstrate a basis for the Court granting discovery under Rule 56(d). In their affidavits, they do not (1) identify any specific information needed as to each element of the estoppel defense; (2) they make no showing that such information actually exists; (3) they fail to explain why they could not have obtained that information before; and (4) they have made no demonstration that specific information, if obtained, could be used to defeat summary judgment based on estoppel. The Claimants have also failed to address the holding in *Sacramento*.

**b. US is Entitled to Summary Judgment on Claimants' Statute of Limitations and Laches**

The Claimants have continued to allege that the Plaintiff's forfeiture action is taken in violation of the statute of limitations. *See* Droubi Answer. *See* BPG Answer. In fact, the claimant fails to specify

what statute of limitations is being violated. *Id.* Thus another example of the Claimants insufficiently pled defenses. However, assuming *arguendo*, that the Claimants are alleging a violation of 19 U.S.C. § 1621 and therefore would have to prove that the Plaintiff did not file its action within two years from the discovery of the involvement of the defendant property in violations of 21 U.S.C. §§ 841 and 856. However, this is impossible. Contrary to the Claimants assertions, the Claimant will not prevail as it is an undisputed fact that the defendant property was being actively being used to distribute marijuana at the time of the filing of the complaint by the Plaintiff, and both Claimants entered into a lease agreement whereby the sole purpose of the use of the property was to distribute marijuana by BPG at the defendant real property. Thus, there can be no contrary facts adduced by the claimant to create a dispute of material fact.

Claimants attempt to confuse the Court by stating that the illegal activity of claimant BPG at a separate and distinct real property also located in Berkeley and the alleged prior knowledge of the United States constitutes a violation of "statute of limitations" it has alleged. See BPG Opp. to SJ at 11. However, this is a complete misapplication of 19 U.S.C. § 1621 as the Plaintiff need only establish that the Plaintiff discovered the defendant property's involvement within 2-years of the action being filed, which the Plaintiff has done. Thus, the Claimants' assertion regarding the elements to be proven with respect to an innocent owner defense is a pure fiction that does not apply in this case and cannot be relied upon to defeat summary judgment in favor of the Plaintiff. Additionally, the Claimants' assertion that it needs to take discovery as it "may show" or lead to other evidence does not satisfy the requirement under Rule 56(d), where the party must show that the evidence actually exist and that it will sustain the claimants' affirmative defenses. *Id.* at 12.

### c. US is Entitled to Summary Judgment on Claimants' Innocent Owner Defense

Claimant Droubi has not and will not sustain her alleged Innocent Owner Defense. The Claimant has failed to adduce any facts to support her alleged Innocent Owner Defense. See Droubi Opp. to SJ. Additionally, Claimant will be unable to do so as the Plaintiff has adduced undisputed facts proving that Claimants BPG and Droubi knowingly and intelligently entered into a lease agreement for the defendant real property for the purpose of illegal distribution of marijuana at the defendant real property. See US SJ at 8. It is uncontested by the Claimants that Droubi and BPG knew that the

1 | defendant real property was going to be used to facilitate the distribution of marijuana when they entered
2 | into the lease agreement on June 27, 2012.  Additionally, the Claimants also agreed that the Droubi
3 | would be indemnified by BPG should any action be taken by the Government such as this one, and BPG
4 | would compensate Droubi for any loss she suffered.  Thus, Droubi would not be able to adduce facts to
5 | show (1) she did not know of the conduct giving rise to the forfeiture, or (2) that she was reasonably
6 | without case to believe that the property was subject to forfeiture,  as required to prove an innocent
7 | owner defense pursuant to 18 U.S.C. § 983(d).

8 | ### d. US is Entitled to Summary Judgment on Claimants' Excessive Fines Defense

9 | As previously stated, the Claimants have failed to states any facts in dispute that would sustain
10 | their any of their affirmative defenses, including their excessive fines defense.  CAFRA states that a
11 | claimant petitions the court to determine whether the forfeiture was constitutionally excessive." 18
12 | U.S.C. § 983(g)(1).  When a claimant makes this type of request, the court should compare the forfeiture
13 | to the "gravity of the offense, "and the claimant then has burden of establishing the forfeiture is "grossly
14 | disproportional" to the offense.  18 U.S.C. § 981(g)(2)-(3).  If the court then finds, by a preponderance
15 | of the evidence that the forfeiture is "grossly disproportional to the offense," it must "reduce or
16 | eliminate the forfeiture as necessary to avoid a violation of the Excessive Fines Clause of the Eighth
17 | Amendment of the Constitution."  Id at § 983(g)(3)-(4).  The Ninth Circuit reviewed and adopted the
18 | four factors stated in *United States v. $100,348 in Currency,* 354 F.3d 1110, 1121 (9th Cir. 2004)
19 | (internal quotations marks omitted).  The district court, however, mechanistically applied four factors
20 | stated by this court in $100,348 in Currency: "(1) the nature and extent of the crime, (2) whether the
21 | violation was related to other illegal activities, (3) the other penalties that may be imposed for the
22 | violation, and (4) the extent of the harm caused.  *D. Ct. Excessiveness Order* at 7 (citing *$100,348 in*
23 | *Currency*, 354 F.3d at 1122).   *United States v. Ferro*, 681 F.3d 1105, 1115 (9th Cir. 2012).

24 | Based on *Ferro*, the Court should not look to facts relating to harm, but all four of the factors
25 | that Ferro adopted in its analysis of an Excessive Fines defense.  Here, the nature and extent of the
26 | crimes the claimants are involved in far reaching.  BPG is the largest marijuana retail store in the City of
27 | Berkeley.  BPG, by its own admission, has been conducting its criminal enterprise since at least 1999,
28 | appears to extend the reach of its conduct outside the City of Berkeley into neighboring cities in the

1 counties of both Alameda and Contra Costa, and in the past to cities in Southern California.[2] Exhibit 12.

2 Thus, the extent of the criminal conduct is long and far reaching. BPG's conduct at the defendant real

3 property is not only in violation of 21 U.S.C. §§ 841 and 856, upon information and belief, BPG also

4 engages in the distribution of marijuana to minors in violation of 21 U.S.C. § 859, and finally, upon

5 information belief, BPG in engaged in a "Continuing criminal enterprise" in violation of 21 U.S.C. §

6 848. Based on a violation § 848 alone, BPG is required to forfeit all proceeds of its illegal conduct,

7 derived directly or indirectly, as the result of such violation, and any property used or intended to be use

8 used in any manner or part, to commit, or to facilitate the commission of such crime, and any interest in,

9 claims and property or contractual right affording a source of control over, the continuing criminal

10 enterprise. 21 U.S.C. §§ 853(a)(1)-(3). Finally, BPG and Droubi will not be able to adduce any facts to

11 show that the distribution of marijuana is not harmful. In the *United States v. Oakland Cannabis*

12 *Buyers' Cooperative*, 532 U.S. 483 (2001), the Supreme Court held that medical necessity is not a

13 defense to manufacturing and distributing marijuana: "In the case of the Controlled Substances Act, the

14 statute reflects a determination that marijuana has no medical benefits worthy of an exception (outside

15 the confines of a Government approved research project)." *Id* at 491. Thus, the only way the claimants

16 would be able to show that there is no harm involved in the distribution of marijuana would be introduce

17 evidence proving marijuana has some benefit, which the Supreme Court has held that it does not.

18 Accordingly, the harm factor of the Excessive Fines Clause cannot be overcome by the claimants, and

19 claimants fail to state any facts they will be able to adduce to show it can overcome the remaining

20 factors. Therefore, the claimants should not be able to go on a "fishing expedition" for evidence that

21 does not exist.

22 ///

23 ///

---

24 [2] The Plaintiff recently learned that Claimant BPG was involved a civil action, *Jay Mitchell LLC. v.*

25 *California Patients Group et al*, Case No. BC 463309 (Los Angeles Superior Court 2012), as a defendant related to the lease of a property for the purposes of operating a marijuana store in Southern California. See Exhibit 9.

26 Claimant BPG was represented by David Tillotson, also the attorney for Claimant Nahla Droubi. It appears that there may be a conflict of interest in Mr. Tillotson representing Ms. Droubi, as claimant Droubi has an adverse

27 action pending against BPG in an unlawful detainer action in Alameda County Superior, thus creating a possible conflict in the Duty of Loyalty owed to parties pursuant to Rule 3-310(B)(3) of the Rule of Professional Conduct

28 of the State Bar of California. Counsel for the Plaintiff provides this information to the Court in an effort to maintain the integrity of this ligation. By no means is counsel implying any impropriety by claimant counsel.

### e. US is Entitled to Summary Judgment on Claimants' Selective/Vindictive Prosecution Defense

"To succeed on a claim of selective prosecution, the defendant has a two-part burden. He must establish both 'that other similarly situated have not been prosecuted and that the allegedly discriminatory prosecution… was based on an impermissible motive." *United States v. One 1985 Mercedes*, 917 F.2d 415, 420 (9th Cir. 1989). Additionally, in order for the claimant to prevail on a defense of selective prosecution, the claimant must establish that the policy in question had the force and effect of law, i.e., that the policy "(1) prescribed[d] substantive rule – not interpretive rules, general statement of policy or rules of agency organization, procedure or practice—and, (2) conform[ed] to certain procedural requirements." *Id.* at 423. The claimants have both referred to the "Cole Memos" and other policies within United States Attorney's Office of the Northern District of California for their "fishing expedition". However, the fact they are seeking to "unearth" these alleged policies by attempting to obtain discovery of the United States Attorney's Office internal workings cannot be a policy that was disseminated to the public. *Id.* Therefore, no policy that claimants might find through discovery would have the force and effect of law and claimant will not be able to make a prima facie showing to entitle them to take discovery on this defense.

Claimants Droubi and BPG's Motion have consistently failed to plead facts sufficient to support either a selective or vindictive prosecution defense. Droubi asserts that she is a woman of Middle Eastern descent that is being selectively prosecuted. However, Droubi has failed to provide any facts that support this allegation. Droubi has neither filed a declaration or an affidavit in support of her claim that she is of Middle Eastern descent. Thus far, this claim is made as if it was a fact in her pleadings but no declaration or affidavit has been filed in support of allegation as required by Civ. L.R. 7-5(a). Thus this assertion should be stricken from the pleadings of Droubi. Additionally, "the fact that not all criminals are prosecuted…[T]he administration of such a matter lies in the discretion of the prosecuting attorney." *Id* at 421. Finally, BPG cannot establish any facts to support its vindictive or selective prosecution defenses, as (1) it is not in a protected class, (2), and the fact that BPG reached a stipulated settlement agreement with its prior landlord to vacate its tenancy at another property where it was

conducting illegal activity and then began conducting the same illegal activity knowing it was in violation of federal law was done of its own volition. See Exhibits 10 and 11.

### f. US is Entitled to Summary Judgment on Claimants' First, Tenth, and Fourteenth Amendment Defenses and Unclean Hands, and Remaining Defenses

The Claimants have failed offer a single shred of evidence that could be adduced to overcome the Plaintiff's Motion Summary Judgment as to these defense. The Plaintiff has presented legal authority support its position that the Claimants have not addressed in their opposition and have therefore waived the right to do so. Additionally, the claimants have failed to identify the existence of any facts or evidence that would support these asserted defenses.

## C. INSUFFICIENCY OF EVIDENCE SUBMITTED BY NAHLA DROUBI

### a. Declaration of Ravi D. Sahae does not overcome Hearsay Rule and the Exhibits are Inadmissible.

Claimant Droubi submits the declaration of Ravi D. Sahae in support of her motion to deny summary judgment. See Doc. #135-1. Mr. Sahae declares that the Exhibits A, B, C, and D to his declaration are true and correct copies of what he has described them to be. However, Claimant Droubi appears to be offering them for the truth of the matter asserted within those documents as factual support to her motion. However, Mr. Sahae has not laid the proper foundation to establish the admissibility of these documents other than the fact that he reviewed them. Fed. R. Evid. 801, 802. Notably, Exhibit B is alleged to be a true and correct copy of an article printed from Wikipedia. Neither Claimant Droubi nor Mr. Sahae purport to have personal knowledge of the information contained in the Wikipedia article and such information is inadmissible evidence that Court may not rely upon. *Straughter v. Raymond*, 2011 WL 3651350 *10, (C.D. Cal. 2011). See generally *Crispin v. Christian Audigier, Inc.*, 717 F. Supp.2d 965, 976 n. 19 (C.D. Cal. 2010) (summarizing evidentiary dangers of relying upon Wikipedia as authoritative evidence). Additionally, Mr. Rahae's statement that "It appears that of the owners….., none are a sole woman of middle eastern (sic) ethnicity is expert opinion testimony that is not foundational and should be stricken. In essence, all the Exhibits noted in Mr. Rahae's declaration are hearsay and are inadmissible pursuant to Federal Rules of Evidence 801 and 802 and should be stricken.

///

///

## III.    CONCLUSION

WHEREFORE, for all the reasons stated above, the Government respectfully requests that the Court grant this Motion for Summary Judgment and forfeit the defendant real property, and all rights, title and interest in the defendant real property to the United States or in the alternative grant a Motion for Summary Adjudication as to the forfeitability of the defendant real property, and all rights, title and interest in the defendant real property to the United States and in favor of the Plaintiff for the Estoppel, Innocent Owner, Statute of Limitations, Laches, Wavier, Excessive Fines, First Amendment, Tenth Amendment, Fourteenth Amendment, Unclean Hands, Selective and Vindictive Prosecution, and Unconstitutional Taking Defenses.

DATED: July 15, 2014

Respectfully submitted,

MELINDA HAAG
United States Attorney

/S/ *Arvon J. Perteet*
ARVON J. PERTEET
Assistant United States Attorney

# DECLARATION OF ARVON J. PERTEET

I, Arvon J. Perteet, declare and state as follows:

1.      I am an Assistant United States Attorney in the United States Attorney's Office for the Northern District of California. I am counsel of record for the United States in the above captioned case. I submit this declaration in support of the United States' Response to Claimants' Opposition to Motion for Summary Judgment. I make this declaration based on my personal knowledge and based on information I have learned during this case.

2.      Attached as Exhibit 7 is a true and correct Claimant Nahla Droubi's Response to the Plaintiff 's Request for Production of Documents Set Two.

3.      Attached as Exhibit 8 is a true and correct copy of the Certificate of Service regarding Plaintiff's Responses to the City of Berkeley's written Discovery Requests.

4.      Attached as Exhibit 9 is a true and correct copy of the Judgment in Jay Mitchell LLC v. California Patients Group, Case No. BC 463309, Los Angeles County Superior Court.

5.      Attached as Exhibit 10 is a true and correct copy of the Stipulated Judgment in San Pablo Avenue 2747 LLC v. Berkeley Patients Group, Case No. RG 12617513, Alameda County Superior Court.

6.      Attached as Exhibit 11 is a true and correct copy of letter from AUSA Stephanie Hinds to Berkeley City Councilman Daryl Moore, cc'd to Lara DeCaro, counsel for Claimant BPG.

7.      Attached as Exhibit 12 is a true and correct copy of Claimant BPG's Responses to Plaintiffs First Set of Interrogatories (Improperly captioned Second Set by BPG).

Sworn July 15, 2014, at San Francisco, California.

                                 /S/ _Arvon J. Perteet_
                                 ARVON J. PERTEET
                                 Assistant United States Attorney

EXHIBIT 7

FLYNN RILEY BAILEY & PASEK LLP
David B. Tillotson (No. 148162)
Ravi D. Sahae (No. 276113)
1010 B Street, Suite 200
San Rafael, CA 94901
Fax (415) 482-9939
(415) 461-1000

Attorneys for Owner of Record
Nahla Droubi

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>REAL PROPERTY AND IMPROVEMENTS LOCATED AT 2366 SAN PABLO AVENUE, BERKELEY, CALIFORNIA,<br><br>Defendant.<br>_____<br>NAHLA DROUBI,<br><br>Owner of Record. | Case No: CV 13-2027 JST<br><br>**CLAIMANT NAHLA DROUBI'S RESPONSE TO PLAINTIFF'S REQUEST FOR PRODUCTION AND/OR INSPECTION OF DOCUMENTS AND THINGS, SET TWO**<br><br>Trial Date: None Set |

PROPOUNDING PARTY:     UNITED STATES OF AMERICA

RESPONDING PARTY:     NAHLA DROUBI

SET NO.:     TWO

## <u>PRELIMINARY STATEMENT AND GENERAL OBJECTIONS</u>

1.    The following responses and objections are based upon the facts and information presently known and available to Responding Party and may not in any way be deemed to be an admission or representation that further facts, documents or witnesses having knowledge relevant to the subject matter of this Request for Production do not exist. Responding Party is continuing its

1

investigation and analysis of the facts and law relating to this case and has not completed its discovery or preparation for trial. As this action proceeds, Responding Party anticipates that further facts, witnesses and documents will be discovered or identified. Responding Party reserves the right to alter, supplement, amend, or otherwise modify these responses in any way at any time, and to provide further or different information in response to this Request for Production. These responses and production of documents are given without prejudice to using or relying on at trial, subsequently discovered facts or documents, facts or documents known but of which the relevance, significance or applicability has not yet been ascertained, or information omitted from these responses as a result of error or oversight.

2. By stating in these responses that it will produce documents, Responding Party does not represent that any document actually exists, but rather that it will make a diligent search and reasonable inquiry to ascertain whether the documents responsive to this request are in its possession or are under his custody and/or control.

3. These responses and production are made solely for the purpose of this action. Each response and production is subject to any and all objections as to competence, relevance, materiality, propriety and admissibility. Each response and production is subject to all additional and appropriate objections which would require the exclusion of any statement or produced document contained herein if the production were asked of, or any statement contained therein were made by, a witness present and testifying in court. Such objections and grounds are reserved and may be interposed at the time of trial.

4. Responding Party generally objects to the introductory definitions and instructions to this document request to the extent said definitions or instructions purport to enlarge, expand, or alter in any way Responding Party's obligations under the Federal Rules of Civil Procedure and/or the Federal Rules of Evidence or other applicable statutory or case authority.

5. Nothing herein contained is intended to be or should be construed as a waiver of any attorney-client privilege, work product protection, trade secret protection, or any other applicable privilege, doctrine or immunity, and to the extent any request may be construed as calling for

disclose of information protected by such privilege or doctrine, a continuing objection to each and every such request is hereby interposed.

6. Nothing contained in these responses should be construed as an admission respecting the relevance or admissibility of any document sought. The fact that Responding Party has responded or objected to any request, or any part thereof, should not be taken as an admission that Responding Party accepts that the response or production constitutes admissible evidence. The fact that Responding Party has responded to part or all of any request is also not intended and shall not be construed to be a waiver by Responding Party of all or any part of any objection to any request.

12. Responding Party incorporates by reference these general responses and every response set forth below.

## **RESPONSES**

### **REQUEST FOR PRODUCTION NO. 1:**

All documents that refer or relate to AFFIRMATIVE DEFENSE, Failure to State a Claim for Relief.

### **RESPONSE TO REQUEST NO. 1:**

Claimant's affirmative defense was asserted in anticipation of information to be obtained during discovery including, but not limited to, discovery from third parties and the Plaintiff. Subject to that qualification, Claimant will produce those non-public documents in her possession custody and control that are responsive to this request.

### **REQUEST FOR PRODUCTION NO. 2:**

All documents that refer or relate to AFFIRMATIVE DEFENSE, Statute of Limitations.

### **RESPONSE TO REQUEST NO. 2:**

Claimant's affirmative defense was asserted in anticipation of information to be obtained during discovery including, but not limited to, discovery from third parties and the Plaintiff. Subject

1 | to that qualification, Claimant will produce those non-public documents in her possession custody
2 | and control that are responsive to this request.

**REQUEST FOR PRODUCTION NO. 3:**

All documents that refer or relate to AFFIRMATIVE DEFENSE, Laches.

**RESPONSE TO REQUEST NO. 3:**

Claimant's affirmative defense was asserted in anticipation of information to be obtained during discovery including, but not limited to, discovery from third parties and the Plaintiff. Subject to that qualification, Claimant will produce those non-public documents in her possession custody and control that are responsive to this request.

**REQUEST FOR PRODUCTION NO. 4:**

All documents that refer or relate to AFFIRMATIVE DEFENSE, Estoppel.

**RESPONSE TO REQUEST NO. 4:**

Claimant's affirmative defense was asserted in anticipation of information to be obtained during discovery including, but not limited to, discovery from third parties and the Plaintiff. Subject to that qualification, Claimant will produce those non-public documents in her possession custody and control that are responsive to this request.

**REQUEST FOR PRODUCTION NO. 5:**

All documents that refer or relate to AFFIRMATIVE DEFENSE, Unclean Hands.

**RESPONSE TO REQUEST NO. 5:**

Claimant's affirmative defense was asserted in anticipation of information to be obtained during discovery including, but not limited to, discovery from third parties and the Plaintiff. Subject to that qualification, Claimant will produce those non-public documents in her possession custody and control that are responsive to this request.

1   **REQUEST FOR PRODCUTION NO. 6.**

2        All documents that refer or relate to AFFIRMATIVE DEFENSE, Waiver.

3   **RESPONSE TO REQUEST NO. 6:**

4        Claimant's affirmative defense was asserted in anticipation of information to be obtained

5   during discovery including, but not limited to, discovery from third parties and the Plaintiff. Subject

6   to that qualification, Claimant will produce those non-public documents in her possession custody

7   and control that are responsive to this request.

8

9   **REQUEST FOR PRODUCTION NO. 7:**

10       All documents that refer or relate to AFFIRMATIVE DEFENSE, Excessive Fines.

11   **RESPONSE TO REQUEST NO. 7:**

12       Claimant's affirmative defense was asserted in anticipation of information to be obtained

13   during discovery including, but not limited to, discovery from third parties and the Plaintiff. Subject

14   to that qualification, Claimant will produce those non-public documents in her possession custody

15   and control that are responsive to this request.

16

17   **REQUEST FOR PRODUCTION NO. 8:**

18       All documents that refer or relate to AFFIRMATIVE DEFENSE, Vindictive Prosecution.

19   **RESPONSE TO REQUEST NO. 8:**

20       Claimant's affirmative defense was asserted in anticipation of information to be obtained

21   during discovery including, but not limited to, discovery from third parties and the Plaintiff. Subject

22   to that qualification, Claimant will produce those non-public documents in her possession custody

23   and control that are responsive to this request.

24

25   **REQUEST FOR PRODUCTION NO. 9:**

26       All documents that refer or relate to AFFIRMATIVE DEFENSE, Selective Prosecution.

27

28

CLAIMANT NAHLA DROUBI'S RESPONSE TO PLAINTIFF'S REQUEST FOR PRODUCTION AND/OR
INSPECTION OF DOCUMENTS AND THINGS, SET TWO

1   **RESPONSE TO REQUEST NO. 9:**

2      Claimant's affirmative defense was asserted in anticipation of information to be obtained

3 during discovery including, but not limited to, discovery from third parties and the Plaintiff. Subject

4 to that qualification, Claimant will produce those non-public documents in her possession custody

5 and control that are responsive to this request.

6

7   **REQUEST FOR PRODUCTION NO. 10 :**

8      All documents that refer or relate to AFFIRMATIVE DEFENSE, Unconscionable Police

9 Conduct.

10   **RESPONSE TO REQUEST NO. 10:**

11      Claimant's affirmative defense was asserted in anticipation of information to be obtained

12 during discovery including, but not limited to, discovery from third parties and the Plaintiff. Subject

13 to that qualification, Claimant will produce those non-public documents in her possession custody

14 and control that are responsive to this request.

15

16   **REQUEST FOR PRODUCTION NO. 11 :**

17      All documents that refer or relate to AFFIRMATIVE DEFENSE, Violation of Due Process.

18   **RESPONSE TO REQUEST NO. 11:**

19      Claimant's affirmative defense was asserted in anticipation of information to be obtained

20 during discovery including, but not limited to, discovery from third parties and the Plaintiff. Subject

21 to that qualification, Claimant will produce those non-public documents in her possession custody

22 and control that are responsive to this request.

23

24   **REQUEST FOR PRODUCTION NO. 12.**

25      All documents that refer or relate to AFFIRMATIVE DEFENSE, Violation of Equal

26 Protection.

27

28

CLAIMANT NAHLA DROUBI'S RESPONSE TO PLAINTIFF'S REQUEST FOR PRODUCTION AND/OR
INSPECTION OF DOCUMENTS AND THINGS, SET TWO

**RESPONSE TO REQUEST NO. 12:**

Claimant's affirmative defense was asserted in anticipation of information to be obtained during discovery including, but not limited to, discovery from third parties and the Plaintiff. Subject to that qualification, Claimant will produce those non-public documents in her possession custody and control that are responsive to this request.

**REQUEST FOR PRODUCTION NO. 13:**

All documents that refer or relate to AFFIRMATIVE DEFENSE, Another Action Pending.

**RESPONSE TO REQUEST NO. 13:**

Claimant's affirmative defense was asserted in anticipation of information to be obtained during discovery including, but not limited to, discovery from third parties and the Plaintiff. Subject to that qualification, Claimant will produce those non-public documents in her possession custody and control that are responsive to this request.

**REQUEST FOR PRODUCTION NO. 14:**

All documents that refer or relate to AFFIRMATIVE DEFENSE, Unconstitutional Taking.

**RESPONSE TO REQUEST NO. 14:**

Claimant's affirmative defense was asserted in anticipation of information to be obtained during discovery including, but not limited to, discovery from third parties and the Plaintiff. Subject to that qualification, Claimant will produce those non-public documents in her possession custody and control that are responsive to this request.

**REQUEST FOR PRODUCTION NO. 15:**

All documents that refer or relate to AFFIRMATIVE DEFENSE, Violation of the Tenth Amendment.

**RESPONSE TO REQUEST NO. 15:**

Claimant's affirmative defense was asserted in anticipation of information to be obtained during discovery including, but not limited to, discovery from third parties and the Plaintiff. Subject

7

1 | to that qualification, Claimant will produce those non-public documents in her possession custody
2 | and control that are responsive to this request.

**REQUEST FOR PRODUCTION NO. 16:**

All documents that refer or relate to AFFIRMATIVE DEFENSE, Unknown Defense.

**RESPONSE TO REQUEST NO. 16:**

Claimant's affirmative defense was asserted in anticipation of information to be obtained during discovery including, but not limited to, discovery from third parties and the Plaintiff. Subject to that qualification, Claimant will produce those non-public documents in her possession custody and control that are responsive to this request.

**REQUEST FOR PRODUCTION NO. 17:**

All documents that refer or relate to AFFIRMATIVE DEFENSE, Innocent Owner.

**RESPONSE TO REQUEST NO. 17:**

Claimant's affirmative defense was asserted in anticipation of information to be obtained during discovery including, but not limited to, discovery from third parties and the Plaintiff. Subject to that qualification, Claimant will produce those non-public documents in her possession custody and control that are responsive to this request.

DATED:     June 18, 2014          FLYNN RILEY BAILEY & PASEK LLP

_____
David Tillotson
Attorneys for Owner of Record
Nahla Droubi

# PROOF OF SERVICE

**Case Name:**     *United States of America v. Real Property and Improvements Located at 2366 San Pablo Avenue, Berkeley, CA*

**Court and Case No:**  USDC NDCA SF CV 13-2027 JST

**Document Name:**

## CLAIMANT NAHLA DROUBI'S RESPONSE  DOCUMENT PRODUCTION BATES NUMBERED DROUBI – 000001-000022

I declare as follows:

I am over the age of 18 years and not a party to the above-mentioned action.  My business name and address is FLYNN RILEY BAILEY & PASEK LLP, 1010 B Street, Suite 200 San Rafael, California 94901.

On **June 18, 2014**, I caused to be served said document on the following parties involved as follows:

## SEE ATTACHED LIST

| | |
|---|---|
| x | BY MAIL:   I caused each such envelope above, with postage thereon fully prepaid, to be placed in the United States mail at San Rafael, California.  (CCP §1013 (a) (1)) |
| | BY PERSONAL DELIVERY:  I caused each such envelope above to be delivered by hand to the office of each addressee noted.  (CCP § 1010) |
| | VIA OVERNIGHT DELIVERY:     (CCP §1013 (c)) |
| | VIA FACSIMILE TRANSMISSION:     (CCP §1013) |

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration is executed on **June 18, 2014** in San Rafael, California.

*natalie young*

Natalie Young
Nyoung@flynnriley.com

N:\Droubi 440\Pleadings\POS - MASTER.doc

1

EXHIBIT 8

ORIGINAL

1   MELINDA HAAG (CABN 132612)
    Acting United States Attorney

2

3   J. DOUGLAS WILSON (DCBN 412811)
    Chief, Criminal Division

4   ARVON J. PERTEET (CABN 242828)
    Assistant United States Attorney

5

6       450 Golden Gate Avenue, Box 36055
      San Francisco, California 94102-3495
      Telephone: 415.436.7200

7       FAX: 415.436.7234
      arvon.perteet@usdoj.gov

8

  Attorneys for the United States of America

9

10               UNITED STATES DISTRICT COURT

11            NORTHERN DISTRICT OF CALIFORNIA

12               SAN FRANCISCO DIVISION

13

14   UNITED STATES OF AMERICA,     )  **CASE NO. CV 13-2027 JST**
                            )

15         Plaintiff,          )
                            )  **CERTIFICATE OF SERVICE**

16       v.               )
                            )

17   REAL PROPERTY AND IMRPOVEMENTS  )
  LOCATED AT 2366 SAN PABLO AVENUE,  )
  BERKELEY, CALIFORNIA,       )

18                            )
        Defendant.        )

19   _____)

20         The undersigned hereby certifies that he is an employee in the Office of the United States

21   Attorney for the Northern District of California and is a person of such age and discretion to be

22   competent to serve papers. The undersigned further certifies that he caused a copy of:

23       1.   RESPONSES TO INTERROGATORIES FOR UNITED STATES OF AMERICA, SET
          ONE;

24

25       2.   RESPONSES TO REQUEST FOR PRODUCTION AND/OR INSPECTION OF
          DOCUMENTS AND THINGS FOR UNITED STATES OF AMERICA, SET ONE;

26

27       3.   RESPONSES OF THE UNITED STATES TO CLAIMANT CITY OF BERKELEY'S
          REQUEST FOR ADMISSIONS TO PLAINTIFF UNITED STATES OF AMERICA; and

28   ///

4. CD LABELED GOVERNMENT RESPONSE TO CITY OF BERKELEY'S INTERROGATORIES, PRODUCTION OF DOCUMENTS AND ADMISSIONS,

to be served this date via FedEx mail delivery upon the person(s) below at the place(s) and address(es) which is/are the last known address(es):

| Tamar Todd, Esq.<br>Theshia Naidoo, Esq.<br>Drug Policy Alliance<br>918 Parker Street, Building A21<br>Berkeley, CA 94710<br>(Counsel for City of Berkeley) | Invoice:<br>Customer :<br>Phone # :<br>Dept : | Date : 09May14<br>Weight : 0.45 LBS<br>COD :<br>DV :          0.00<br>Svcs: PRIORITY OVERNIGHT<br>TRCK: 4721 9146 2143 | Shipping : 5.19<br>Special : 0.36<br>Handling : 0.00<br>Total : 5.55 |

and to be served this date via United States first-class mail delivery upon the person(s) below at the place(s) and address(es) which is/are the last known address(es):

| Henry George Wykowski, Esq.<br>Henry G. Wykowski & Assoc.<br>235 Montgomery Street, Suite 657<br>San Francisco, CA 94104<br>(Counsel for BPG) | David B. Tillotson, Esq.<br>Flynn, Riley, Bailey & Pasek<br>1010 B Street, Suite 200<br>San Rafael, CA 94901<br>(Counsel for Real Property/DROUBI) |
|---|---|
| Sara M. Taylor, Esq.<br>235 Montgomery Street, Suite 400<br>San Francisco, CA 94104<br>(Counsel for Claimants McCalope, Smith, Fontan, Bishop, Bishop and Davis) | Lara Leslie DeCaro, Esq.<br>Leland, Parachini, Steinberg, Matzger & Melnick, LLP<br>199 Fremont Street, 21st Floor<br>San Francisco, CA 94105<br>(Counsel for Berkeley Patients Group, Inc) |

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

Executed this 9th day of May, 2014, at San Francisco, California.

HECTOR LOPEZ
FSA Paralegal/Legal Tech.

EXHIBIT 9

JUD-100

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, state bar number, and address): | FOR COURT USE ONLY |
|---|---|

TELEPHONE NO.:          FAX NO. (Optional):

E-MAIL ADDRESS (Optional):

ATTORNEY FOR (Name):

**FILED**
LOS ANGELES SUPERIOR COURT

SEP 1 2 2012

JOHN A. CLARKE, CLERK

BY N. RAYA, DEPUTY

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Central

PLAINTIFF: Jay Mitchell

DEFENDANT: California Patients Group, Inc.

| JUDGMENT | | | | CASE NUMBER: |
|---|---|---|---|---|
| ☐ By Clerk | ☐ By Default | ☑ After Court Trial | | BC463309 |
| ☐ By Court | ☐ On Stipulation | ☐ Defendant Did Not Appear at Trial | | |

**JUDGMENT**

1. ☐ **BY DEFAULT**
   a. Defendant was properly served with a copy of the summons and complaint.
   b. Defendant failed to answer the complaint or appear and defend the action within the time allowed by law.
   c. Defendant's default was entered by the clerk upon plaintiff's application.
   d. ☐ **Clerk's Judgment** (Code Civ. Proc., § 585(a)). Defendant was sued only on a contract or judgment of a court of this state for the recovery of money.
   e. ☐ **Court Judgment** (Code Civ. Proc., § 585(b)). The court considered
      (1) ☐ plaintiff's testimony and other evidence.
      (2) ☐ plaintiff's written declaration (Code Civ. Proc., § 585(d)).

2. ☐ **ON STIPULATION**
   a. Plaintiff and defendant agreed (stipulated) that a judgment be entered in this case. The court approved the stipulated judgment and
   b. ☐ the signed written stipulation was filed in the case.
   c. ☐ the stipulation was stated in open court ☐ the stipulation was stated on the record.

3. ☑ **AFTER COURT TRIAL.** The jury was waived. The court considered the evidence.
   a. The case was tried on (date and time): September 10, 2012
      before (name of judicial officer): Judge Yvette M. Palazuelos
   b. Appearances by:
      ☐ Plaintiff (name each):                          ☑ Plaintiff's attorney (name each):
         (1)                                                (1) Paul Kroeger
         (2)                                                (2) Nicole Cohen
      ☐ Continued on Attachment 3b.

      ☑ Defendant (name each):                         ☑ Defendant 's attorney (name each):
         (1) Don Duncan, In Pro Per                        (1) David Tillotson
         (2)                                                (2)
      ☐ Continued on Attachment 3b.

   c. ☐ Defendant did not appear at trial. Defendant was properly served with notice of trial.
   d. ☑ A statement of decision (Code Civ. Proc., § 632) ☑ was not ☐ was    requested.

Page 1 of 2

| PLAINTIFF: Jay Mitchell | CASE NUMBER: |
|---|---|
| DEFENDANT: California Patients Group, Inc. | BC463309 |

**JUDGMENT IS ENTERED AS FOLLOWS BY:** [✓] THE COURT    [ ] THE CLERK

4. [✓] **Stipulated Judgment.** Judgment is entered according to the stipulation of the parties.

5. **Parties.** Judgment is

  a. [✓] for plaintiff *(name each)*:

    Jay Mitchell, LLC

    and against defendant *(names)*:

    Don Duncan

    [ ] Continued on Attachment 5a.

  b. [ ] for defendant *(name each)*:

  c. [ ] for cross-complainant *(name each)*:

    and against cross-defendant *(name each)*:

    [ ] Continued on Attachment 5c.

  d. [✓] for cross-defendant *(name each)*:

    Debby Goldsberry, Etienne Fontan and Berkeley Patients Group, Inc.

6. **Amount.**

  a. [✓] Defendant named in item 5a above must pay plaintiff on the complaint:

| | | | |
|---|---|---|---|
| (1) | [✓] | Damages | $ 289,856.16 |
| (2) | [ ] | Prejudgment interest at the annual rate of 10 % | $ |
| (3) | [✓] | Attorney fees | $ per motion |
| (4) | [✓] | Costs | $ per memo |
| (5) | [ ] | Other *(specify)*: | $ |
| (6) | | **TOTAL** | $ |

  c. [ ] Cross-defendant named in item 5c above must pay cross-complainant on the cross-complaint:

| | | | |
|---|---|---|---|
| (1) | [ ] | Damages | $ |
| (2) | [ ] | Prejudgment interest at the annual rate of % | $ |
| (3) | [ ] | Attorney fees | $ |
| (4) | [ ] | Costs | $ |
| (5) | [ ] | Other *(specify)*: | $ |
| (6) | | **TOTAL** | $ |

  b. [ ] Plaintiff to receive nothing from defendant named in item 5b.

    [ ] Defendant named in item 5b to recover costs $

    [ ] and attorney fees $

  d. [✓] Cross-complainant to receive nothing from cross-defendant named in item 5d.

    [✓] Cross-defendant named in item 5d to recover costs $ per memo

    [✓] and attorney fees $ per motion

7. [ ] Other *(specify)*:

Date: September 12, 2012

[✓] _JUDICIAL OFFICER_
**YVETTE M. PALAZUELOS**

Date: _____

[ ] Clerk, by _____, Deputy

---

**CLERK'S CERTIFICATE** *(Optional)*

I certify that this is a true copy of the original judgment on file in the court.

Date: _____

(SEAL)

Clerk, by _____, Deputy

JUD-100 [New January 1, 2002]    **JUDGMENT**

EXHIBIT 10

The Shepherd Law Group
Attn: Shepherd, Michael
4100 - 10 Redwood Road,
Suite 155
Oakland, CA  94619

Leland, Parachini, Steinberg, Matzger
& Melnick
Attn:  DeCaro, Lara L
199 Fremont, 21 st Floor
San Francisco, CA   94105

## Superior Court of California, County of Alameda
## Rene C. Davidson Alameda County Courthouse

| | |
|---|---|
| San Pablo Avenue 2747, LLC<br>Plaintiff/Petitioner(s)<br><br>VS<br><br>Berkeley Patients Group<br>Defendant/Respondent(s)<br>(Abbreviated Title) | No. RG12617513<br><br>Stipulation and Order Re: Entry of<br>Judgment Granted |

IT IS ORDERED that the Plaintiff's Stipulation and Order Re: Entry of Judgment is granted.

Dated: 02/27/2012

_____
Judge C  Don Clay



*10033470*

ATTORNEY OR PARTY WITHOUT ATTORNEY *(name and state bar number, and address):*
Michael Shepherd (#197168), The Shepherd Law Group
4100-10 Redwood Road, Suite 155
Oakland, CA 94619
TELEPHONE NO.: 510-531-0129    FAX NO. *(Optional):* 510-530-5931
E-MAIL ADDRESS *(Optional):* theshepherdlawgroup@netzero.net
ATTORNEY FOR *(name):* San Pablo Avenue 2747, LLC

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Alameda
STREET ADDRESS: 1225 Fallon Street
MAILING ADDRESS:
CITY AND ZIP CODE: Oakland, CA 94612
BRANCH NAME:

PLAINTIFF: San Pablo Avenue 2747, LLC

DEFENDANT: Berkeley Patients Group and DOES 1-5

**STIPULATION FOR ENTRY OF JUDGMENT**
(Unlawful Detainer)

FILED
ALAMEDA COUNTY
FEB 28 2012
CLERK OF THE SUPERIOR COURT
By _____ Deputy

CASE NUMBER:
RG 12617513

1. IT IS STIPULATED by plaintiff *(name each):* San Pablo Avenue 2747, LLC                                                          and
   defendant *(name each):* Berkeley Patients Group and DOES 1-5                                                     is awarded

2. ☑ Plaintiff ☐ Defendant *(specify name):* San Pablo Avenue 2747, LLC
   a. ☑ possession of the premises located at *(street address, apartment number, city, and county):*
      2747 San Pablo Avenue, Berkeley, CA 94702

   b. ☐ cancellation of the rental agreement.   ☑ forfeiture of the lease.
   c. ☐ past due rent $
   d. ☐ total holdover damages $
   e. ☑ attorney fees $ up to $33,000
   f. ☐ costs $                                          ☐ See item 3.
   g. ☑ deposit of $ 6,000
   h. ☑ other *(specify):* Rent for March & April 2012 at $15,000/month; Rent for May 2012 at $11,500/month
   i. ☐ Total $ 74,500   to be paid by ____ *(date):*        ☑ installment payments (see item 5)

3. ☐ Deposit. If not awarded under item 2g, then plaintiff must
   a. ☐ return deposit of $                              to defendant by *(date):*
   b. ☐ give an itemized deposit statement to defendant within three weeks after defendant vacates the premises
        (Civ. Code, § 1950.5).
   c. ☐ mail the ☐ deposit ☐ itemized statement   to the defendant at *(mailing address):*

4. ☑ A writ of possession will issue immediately, but there will be no lockout before *(date):* June 1, 2012

5. ☑ AGREEMENT FOR INSTALLMENT PAYMENTS
   a. ☐ Defendant agrees to pay $ 15,000            on the *(specify day)* first    day of each month beginning
        on *(specify date)* March 1, 2012   until paid in full.
   b. ☐ If any payment is more than *(specify)*              days late, the entire amount in item 2i will become immediately due and
        payable plus interest at the legal rate.

6. a. ☑ Judgment will be entered now.
   b. ☐ Judgment will be entered only upon default of payment of the amount in item 2i or the payment arrangement in item 5a.
        The case is calendared for dismissal on *(date and time):*                                                          in
        department *(specify):*                    unless plaintiff or defendant otherwise notifies the court
   c. ☐ Judgment will be entered as stated in Judgment—Unlawful Detainer Attachment (item UD-110S), which is attached.
   d. ☐ Judgment will be entered as stated in item 7.

Page 1 of 2

Form Approved for Optional Use
Judicial Council of California
UD-115 [New January 1, 2003]

**STIPULATION FOR ENTRY OF JUDGMENT**
(Unlawful Detainer)

Code of Civil Procedure, § 664.6

| PLAINTIFF: San Pablo Avenue 2747, LLC | CASE NUMBER: |
|---|---|
| DEFENDANT: Berkeley Patients Group and DOES 1-5 | RG 12617513 |

7. ☑ Plaintiff and defendant further stipulate as follows (specify):

a) Defendant Berkeley Patients Group agrees to cease all cannabis-related activities and remove all cannabis-related property from the premises by May 1, 2012. Defendant may access the premises until June 1, 2012 to remove remaining non-cannabis related equipment. Any property of Defendant remaining on the premises after the surrender of possession shall be deemed abandoned.

b) The parties agree that there will be no further commitments on the lease after June 1, 2012.

c) The parties agree that the Court enter an order retaining jurisdiction of this case and over the parties personally until final performance of the settlement agreement stated herein. This includes tolling of any applicable statute, rules, or court order affecting timely prosecution of this action.

8. a. The parties named in item 1 understand that they have the right to (1) have an attorney present and (2) receive notice of and have a court hearing about any default in the terms of this stipulation.

b. Date: February 22, 2012

Michael Shepherd , counsel to Plaintiff
(TYPE OR PRINT NAME)

_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PLAINTIFF OR ATTORNEY)

▶ _____
(SIGNATURE OF PLAINTIFF OR ATTORNEY)

☐ Continued on Attachment 8b (form MC-025).

c. Date: February 22, 2012

Etienne Fontan
(TYPE OR PRINT NAME)

Lara DeCaro, counsel to Defendant
(TYPE OR PRINT NAME)

_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF DEFENDANT OR ATTORNEY)

▶ _____
(SIGNATURE OF DEFENDANT OR ATTORNEY)

▶ _____
(SIGNATURE OF DEFENDANT OR ATTORNEY)

☐ Continued on Attachment 8c (form MC-025).

9. IT IS SO ORDERED.

Date: 2-28-12

_____
JUDICIAL OFFICER

C. DON CLAY

EXHIBIT 11



**U.S. Department of Justice**

*United States Attorney*
*Northern District of California*

*11th Floor, Federal Building*          *(415) 436-7200*
*450 Golden Gate Avenue, Box 36055*
*San Francisco, California 94102-3495*     *FAX:(415) 436-7234*

April 12, 2012

Darryl Moore
Councilmember District 2
2180 Milvia Street
Berkeley, CA 94704

Dear Councilmember Moore:

    I received your letter dated April 11, 2012 seeking an extension of time for Berkeley Patients Group (hereinafter "BPG") to vacate its current location at 2747 San Pablo Avenue. While I recognize that BPG is located within your district, since you neither represent BPG nor the current property owners, I cannot discuss this case with you. As a reminder, the distribution of marijuana for any purpose is a violation of federal law and any premises used to facilitate said distribution is subject to seizure and forfeiture.

    Very truly yours,

MELINDA HAAG
United States Attorney

STEPHANIE M. HINDS
Assistant United States Attorney

cc: Lara L. Decaro, Esquire
    Ismail Ramsey, Esquire

EXHIBIT 12

Lara L. DeCaro (State Bar No. 226037)
**LELAND, PARACHINI, STEINBERG,**
**MATZGER & MELNICK, L.L.P.**
199 Fremont St., 21st Floor
San Francisco, CA 94105
Telephone: (415) 957-1800
Facsimile: (415) 974-1520

Henry G. Wykowski (State Bar No. 068255)
**HENRY G. WYKOWSKI & ASSOCIATES**
235 Montgomery Street, Suite 657
San Francisco, CA 94104
Telephone: (415) 788-4545
Facsimile: (415) 788-4546

*Attorneys for Claimant*
BERKELEY PATIENTS GROUP, INC.

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CV 13-2027 JST |
| Plaintiff, | **CLAIMANT BERKELEY PATIENTS GROUP, INC.'S RESPONSES TO PLAINTIFF UNITED STATES OF AMERICA'S SECOND SET OF INTERROGATORIES** |
| v. | |
| REAL PROPERTY AND IMPROVEMENTS LOCATED AT 2366 SAN PABLO AVE., BERKELEY, CALIFORNIA | **The Honorable Jon S. Tigar** |
| Defendant. | |

PROPOUNDING PARTY:    Plaintiff UNITED STATES OF AMERICA

RESPONDING PARTY:    Claimant BERKELEY PATIENTS GROUP

SET NO.    TWO (Nos. 1 - 14)

Claimant BERKELEY PATIENTS GROUP ("Claimant" of "BPG") hereby responds to Plaintiff UNITED STATES OF AMERICA's ("Plaintiff") Interrogatories, Set Two, pursuant to Rule 33 of the Federal Rules of Civil Procedure as follows:

## PRELIMINARY STATEMENT

1.    The objections made herein are made solely for the purpose of this action.  Each Interrogatory is subject to all objections as to competence, relevance, materiality, propriety, admissibility, and any and all other objections and grounds which would require the exclusion of any statement if any Interrogatories were asked of, or any statements contained here were made by, a witness present and testifying in court, all of which objections and grounds are reserved and may be interposed at the time of trial.

2.    The following objections are based upon information presently available to Claimant and, except for explicit facts admitted herein, no incidental or implied admissions are intended hereby. The fact that Claimant has objected to an Interrogatory or any part thereof should not be taken as an admission that Claimant accepts or admits the existence of any facts set forth as assumed by any such Interrogatory, or that such objections constitute admissible evidence.  The fact that Claimant has objected to part or all of any Interrogatory is not intended, and shall not the construed, to be a waiver by Claimant of all or any part of any objections to any Interrogatory.

3.    Discovery of this matter is continuing, and Claimant's investigation of the matters raised by these Interrogatories is still ongoing.  Accordingly, with respect to each and every Interrogatory herein, Claimant expressly reserves her right to introduce and rely upon any information not provided in these Objections and Responses to Interrogatories at trial, or at any other stage of this proceeding.

HENRY G.
WYKOWSKI &
ASSOCIATES
ATTORNEYS AT LAW

4.  Claimant and Claimant's attorneys are continuing their investigation of this matter, have not completed discovery in this action, and have not completed their preparation for trial.  At this point in time, Claimant's analysis of the information and documents gathered is incomplete.  Claimant's present responses, therefore, are based upon the information specifically known to the individuals responding to this discovery at this time.  It is anticipated that further discovery, independent investigation, and legal research and analysis will supply additional facts, add meaning to known facts, and establish entirely new factual conclusions and legal contentions, all of which may lead to substantial additions, changes, and variations to the following responses.  Claimant makes these responses without prejudice to Claimant's rights to produce evidence of any and all relevant facts if necessary, at any time, including trial.  The following answers are made in a good faith effort to supply as much factual information as it is presently known, but should in no way prejudice Claimant in relation to further discovery, research, or analyses.

5.  All of the above paragraphs and objections are expressly made applicable to each and every Interrogatory and are hereby incorporated by reference as it fully set forth herein.  Subject to and without limiting these objections, Claimant responds to Plaintiff's Second Set of Interrogatories as follows:

## RESPONSES TO INTERROGATORIES

**Interrogatory No. 1:** State the total marijuana sales that have occurred at the defendant real property since June 1, 2012 to the present.

**Response to Interrogatory No. 1:** Objection.  Claimant hereby incorporates by reference the Preliminary Statement set forth above.

Claimant further objects to this interrogatory on the grounds that the information sought is protected by Claimant's right to privacy, and by the taxpayer privilege.  Claimant further objects

that this interrogatory is not reasonably calculated to lead to the discovery of admissible evidence. Claimant additionally objects on the basis of the Fifth Amendment, as there is no authorized person associated with responding party who could respond to this request without the possibility of compulsory self-incrimination.

Claimant further objects in that in Judge James' June 6, 2014 Amended Order Granting Motion to Quash Subpoena (Docket no. 88) states specifically that the Government may serve "an interrogatory requesting BPG's total and projected sales figures for the relevant time periods." This interrogatory does not conform to the letter or spirit of Judge James' prior discovery ruling and thus is impermissibly overbroad and unduly burdensome.

**Interrogatory No. 2:** State the names of all employees of BPG at the defendant real property since June 1, 2012 to the present.

**Response to Interrogatory No. 2:** Objection. Claimant hereby incorporates by reference the Preliminary Statement set forth above.

Claimant further objects to this interrogatory on the grounds that the information sought is protected by Claimant's right to privacy and third party right to privacy. Claimant further objects that this interrogatory is not reasonably calculated to lead to the discovery of admissible evidence, is overbroad and is unduly burdensome. Claimant additionally objects on the basis of the Fifth Amendment, as there is no authorized person associated with responding party who could respond to this request without the possibility of compulsory self-incrimination.

**Interrogatory No. 3:** State the amount of marijuana purchased from vendors of BPG since June 1, 2012 to the present.

1    **Response to Interrogatory No. 3:** Objection. Claimant hereby incorporates by reference

2    the Preliminary Statement set forth above.

3         Claimant further objects to this interrogatory on the grounds that the information sought is

4    protected by Claimant's right to privacy, third party right to privacy, and by the taxpayer

5    privilege. Claimant further objects that this interrogatory is not reasonably calculated to lead to

6    the discovery of admissible evidence. Claimant additionally objects on the basis of the Fifth

7    Amendment, as there is no authorized person associated with responding party who could

8    respond to this request without the possibility of compulsory self-incrimination.

9

10        Claimant further objects in that in Judge James' June 6, 2014 Amended Order Granting

11   Motion to Quash Subpoena (Docket no. 88) states specifically that the Government may serve "an

12   interrogatory requesting BPG's total and projected sales figures for the relevant time periods."

13   This interrogatory does not conform to the letter or spirit of Judge James' prior discovery ruling

14   and thus is impermissibly overbroad and unduly burdensome.

15

16

17

18   **Interrogatory No. 4:** State the location of where BPG stored its marijuana from June 1,

19   2012 to the present.

20   **Response to Interrogatory No. 4:** Objection. Claimant hereby incorporates by reference

21   the Preliminary Statement set forth above.

22        Claimant further objects to this interrogatory on the grounds that the information sought is

23   protected by Claimant's right to privacy, third party right to privacy, and by the taxpayer

24   privilege. Claimant further objects that this interrogatory is not reasonably calculated to lead to

25   the discovery of admissible evidence. Claimant additionally objects on the basis of the Fifth

26

27

28

Amendment, as there is no authorized person associated with responding party who could respond to this request without the possibility of compulsory self-incrimination.

Claimant further objects in that in Judge James' June 6, 2014 Amended Order Granting Motion to Quash Subpoena (Docket no. 88) states specifically that the Government may serve "an interrogatory requesting BPG's total and projected sales figures for the relevant time periods." Similarly, as the Government could serve an interrogatory asking where claimant stores its inventory (rather than where claimant stores its marijuana), this interrogatory does not conform to the letter or spirit of Judge James' prior discovery ruling and thus is impermissibly overbroad and unduly burdensome.

**Interrogatory No. 5:** Identify the names, addresses and telephone number of the board of directors of BPG from June 1, 2012 to the present.

**Response to Interrogatory No. 5:** Objection. Claimant hereby incorporates by reference the Preliminary Statement set forth above.

Claimant further objects to this interrogatory on the grounds that the information sought is protected by Claimant's right to privacy and third party right to privacy. Claimant further objects that this interrogatory is not reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding and without waiving the foregoing objections, claimant responds as follows:

Debra Goldsberry

6575 Ascot Drive

Oakland, CA 94611

Phone: 510- 812-9538.

HENRY G.
WYKOWSKI &
ASSOCIATES
ATTORNEYS AT LAW

Etienne Fontan

1440 4th Street, Suite D, Berkeley, CA 94710

Any contact should be solely through undersigned counsel.


Timothy D. Schick

1440 4th Street, Suite D, Berkeley, CA 94710

Any contact should be solely through undersigned counsel.


**Interrogatory No. 6:** Identify all bank accounts held in the name of BPG, and/or behalf of BPG since June 1, 2012 to the present.

**Response to Interrogatory No. 6:** Objection. Claimant hereby incorporates by reference the Preliminary Statement set forth above.

Claimant further objects to this interrogatory on the grounds that the information sought is protected by Claimant's right to privacy, third party right to privacy, and by the taxpayer privilege. Claimant further objects that this interrogatory is not reasonably calculated to lead to the discovery of admissible evidence, is overbroad and is unduly burdensome. Claimant additionally objects on the basis of the Fifth Amendment, as there is no authorized person associated with responding party who could respond to this request without the possibility of compulsory self-incrimination.


**Interrogatory No. 7:** Identify the names and addresses of the tax preparer(s) for BPG since January 2009 to the present.

HENRY G.
WYKOWSKI &
ASSOCIATES
ATTORNEYS AT LAW

**Response to Interrogatory No. 7:** Objection. Claimant hereby incorporates by reference the Preliminary Statement set forth above.

Claimant further objects to this interrogatory on the grounds that the information sought is protected by Claimant's right to privacy, third party right to privacy, and by the taxpayer privilege. Claimant further objects that this interrogatory is not reasonably calculated to lead to the discovery of admissible evidence, is overbroad and is unduly burdensome. Claimant additionally objects on the basis of the Fifth Amendment, as there is no authorized person associated with responding party who could respond to this request without the possibility of compulsory self-incrimination.

**Interrogatory No. 8:** Identify all items sold and their prices at the defendant real property by BPG from June 1, 2012 to the present.

**Response to Interrogatory No. 8:** Objection. Claimant hereby incorporates by reference the Preliminary Statement set forth above.

Claimant further objects to this interrogatory on the grounds that the information sought is protected by Claimant's right to privacy, third party right to privacy, and by the taxpayer privilege. Claimant further objects that this interrogatory is not reasonably calculated to lead to the discovery of admissible evidence, is overbroad, and is unduly burdensome. Claimant additionally objects on the basis of the Fifth Amendment, as there is no authorized person associated with responding party who could respond to this request without the possibility of compulsory self-incrimination.

Claimant further objects in that in Judge James' June 6, 2014 Amended Order Granting Motion to Quash Subpoena (Docket no. 88) states specifically that the Government may serve "an

interrogatory requesting BPG's total and projected sales figures for the relevant time periods."

As this interrogatory asks for a detailed breakdown and listing of all items sold (including, presumably, marijuana), this interrogatory does not conform to the letter or spirit of Judge James' prior discovery ruling and thus is impermissibly overbroad and unduly burdensome on this additional ground.

**Interrogatory No. 9:** Identify all cities and counties in which BPG makes deliveries of marijuana from January 1, 2012 to the present.

**Response to Interrogatory No. 9:** Objection. Claimant hereby incorporates by reference the Preliminary Statement set forth above.

Claimant further objects to this interrogatory on the grounds that the information sought is protected by Claimant's right to privacy, third party right to privacy, and by the taxpayer privilege. Claimant further objects that this interrogatory is not reasonably calculated to lead to the discovery of admissible evidence. Claimant additionally objects on the basis of the Fifth Amendment, as there is no authorized person associated with responding party who could respond to this request without the possibility of compulsory self-incrimination.

Claimant further objects in that in Judge James' June 6, 2014 Amended Order Granting Motion to Quash Subpoena (Docket no. 88) states specifically that the Government may serve "an interrogatory requesting BPG's total and projected sales figures for the relevant time periods." Similarly, as the Government could serve an interrogatory asking where claimant makes deliveries (rather than where claimant "makes deliveries of marijuana"), this interrogatory does not conform to the letter or spirit of Judge James' prior discovery ruling and thus is impermissibly overbroad and unduly burdensome.

**Interrogatory No. 10:** Identify all business licenses held by BPG from January 1, 2012 to present.

**Response to Interrogatory No. 10:** Objection. Claimant hereby incorporates by reference the Preliminary Statement set forth above.

Claimant further objects to this interrogatory on the grounds that the information sought is protected by Claimant's right to privacy, third party right to privacy, and by the taxpayer privilege. Claimant further objects that this interrogatory is not reasonably calculated to lead to the discovery of admissible evidence, is overbroad, and is unduly burdensome. Notwithstanding and without waiving the foregoing objections, claimant responds as follows:

City of Berkeley 2012 Business License, License No. 12 00033999

City of Berkeley 2013 Business License, License No. 13 00033999

City of Berkeley 2014 Business License, License No. BL-033999

**Interrogatory No. 11:** Identify the total amount of sales non marijuana items at BPG from January 1, 2012 to the present.

**Response to Interrogatory No. 11:** Objection. Claimant hereby incorporates by reference the Preliminary Statement set forth above.

Claimant further objects to this interrogatory on the grounds that the information sought is protected by Claimant's right to privacy, third party right to privacy, and by the taxpayer privilege. Claimant further objects that this interrogatory is not reasonably calculated to lead to the discovery of admissible evidence. Claimant additionally objects on the basis of the Fifth

HENRY G.
WYKOWSKI &
ASSOCIATES
ATTORNEYS AT LAW

Amendment, as there is no authorized person associated with responding party who could respond to this request without the possibility of compulsory self-incrimination.

Claimant further objects in that in Judge James' June 6, 2014 Amended Order Granting Motion to Quash Subpoena (Docket no. 88) states specifically that the Government may serve "an interrogatory requesting BPG's total and projected sales figures for the relevant time periods." Answering this interrogatory, which asks instead for "non-marijuana sales", would necessarily imply that claimant also has "marijuana sales". Thus, this interrogatory does not conform to the letter or spirit of Judge James' prior discovery ruling and thus is impermissibly overbroad and unduly burdensome.

**Interrogatory No. 12:** Identify what percentage of BPG's overall sales is non marijuana related from January 1, 2012 to the present.

**Response to Interrogatory No. 12:** Objection. Claimant hereby incorporates by reference the Preliminary Statement set forth above.

Claimant further objects to this interrogatory on the grounds that the information sought is protected by Claimant's right to privacy, third party right to privacy, and by the taxpayer privilege. Claimant further objects that this interrogatory is not reasonably calculated to lead to the discovery of admissible evidence. Claimant additionally objects on the basis of the Fifth Amendment, as there is no authorized person associated with responding party who could respond to this request without the possibility of compulsory self-incrimination.

Claimant further objects in that in Judge James' June 6, 2014 Amended Order Granting Motion to Quash Subpoena (Docket no. 88) states specifically that the Government may serve "an interrogatory requesting BPG's total and projected sales figures for the relevant time periods."

Answering this interrogatory, which asks instead for the percentage of "non-marijuana related" sales, would necessarily imply that claimant also has a percentage of "marijuana-related sales". Thus, this interrogatory does not conform to the letter or spirit of Judge James' prior discovery ruling and thus is impermissibly overbroad and unduly burdensome.

**Interrogatory No. 13:** Identify all person(s) and or entities, their addresses and telephone numbers that are stockholders of BPG, Inc.

**Response to Interrogatory No. 13:** Objection. Claimant hereby incorporates by reference the Preliminary Statement set forth above.

Claimant further objects to this interrogatory on the grounds that the information sought is protected by Claimant's right to privacy, third party right to privacy. Claimant further objects that this interrogatory is not reasonably calculated to lead to the discovery of admissible evidence, is overbroad and unduly burdensome. Notwithstanding and without waiving the foregoing objections, claimant responds as follows:

Etienne Fontan

1440 4th Street, Suite D, Berkeley, CA 94710

Any contact should be solely through undersigned counsel.

Timothy D. Schick

1440 4th Street, Suite D, Berkeley, CA 94710

Any contact should be solely through undersigned counsel.

**Interrogatory No. 14:** Identify the corporate headquarters of BPG, Inc.

**Response to Interrogatory No. 14:**  Objection.  Claimant hereby incorporates by reference the Preliminary Statement set forth above.

Claimant further objects to this interrogatory on the grounds that the information sought is protected by Claimant's right to privacy, third party right to privacy.  Claimant further objects that this interrogatory is not reasonably calculated to lead to the discovery of admissible evidence.  Notwithstanding and without waiving the foregoing objections, claimant responds as follows:

1440 4th Street, Suite D, Berkeley, CA 94710

Dated: July 2, 2014                    HENRY G. WYKOWSKI & ASSOCIATES

                                By:    _____
                                       HENRY G. WYKOWSKI
                                       *Attorneys for Claimant*
                                       BERKELEY PATIENTS GROUP, INC.

## VERIFICATION

I am Chief Executive Officer of Claimant BERKELEY PATIENTS GROUP, INC. ("BPG"); I am authorized to make this verification on behalf of Claimant; I declare under penalty of perjury that I am familiar with the facts of this case and have read the foregoing CLAIMANT BERKELEY PATIENTS GROUP, INC.'S RESPONSES TO PLAINTIFF UNITED STATES OF AMERICA'S FIRST SET OF INTERROGATORIES, SET TWO, and that I know the contents thereof and believe them to be true. Executed this 2ND day of July, 2014 at Berkeley, California.

By: _____
TIM SCHICK, as CEO of Claimant
BPG

I, <u>Devin R. Shoop</u> declare

I am over the age of eighteen (18) years and not a party to the within action. I am a citizen of the United States and employed in the City and County of San Francisco. My business address is 235 Montgomery Street, Suite 657, San Francisco, California, 94104.

On <u>July 2, 2014</u>, I served the within:

**CLAIMANT BERKELEY PATIENTS GROUP, INC.'S RESPONSES TO PLAINTIFF'S SECOND SET OF INTERROGATORIES**

In said action by sending a true and correct copy via **U.S MAIL** and to the following:

Arvon J. Perteet
Assistant United States Attorney
450 Golden Gate Avenue, Box 36055
San Francisco, CA 94102-3495

Lindsay Aimee LaSalle
Tamar Todd
Drug Policy Alliance
918 Parker Street, Building A21
Berkeley, CA 94710

Sara M Taylor
Attorney at Law
235 Montgomery Street, Suite 400
San Francisco, CA 94104
Attorney for Claimants, C. Smith, G. McCalope,
E. Fonton, J. Bishop, R. Bishop, and M. Davis

David B. Tillotson
Flynn Riley Bailey Pasek LLP
1010 B Street, Suite 200
San Rafael, CA 94901

Lara Leslie DeCaro, Esq.
Leland, Parachini, Steinberg, Matzger & Melnick, LLP
199 Fremont Street, 21st Floor
San Francisco, CA 94105

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 2nd day of July, <u>2014</u> in San Francisco, California.

*[signature]*

Devin R. Shoop

HENRY G.
WYKOWSKI &
ASSOCIATES
ATTORNEYS AT LAW