UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>REAL PROPERTY AND IMPROVEMENTS LOCATED AT 2366 SAN PABLO AVENUE, BERKELEY, CALIFORNIA,<br><br>  Defendant. | Case No. 13-cv-02027-JST<br><br>**ORDER DENYING MOTION FOR SUMMARY JUDGMENT WITHOUT PREJUDICE**<br><br>Re: ECF Nos. 97, 135, 136 |

Before the Court is the United States' motion for summary judgment, and Claimants Nahla Droubi and Berkeley Patients Group's motions to deny the motion for summary judgment. ECF Nos. 97, 135, 136. For the reasons discussed below, the Court DENIES the motion for summary judgment without prejudice and GRANTS Claimants' motion to deny the motion for summary judgment pursuant to Rule 56(d) of the Federal Rules of Civil Procedure.[1]

**I.   BACKGROUND**

The United States filed this action in May 2013 for forfeiture of property that is used as a medical marijuana dispensary. ECF No. 1 at 2-3. Claimant Nahla Droubi is the owner/lessor of the property, id. at 3, and Berkeley Patients Group is the lessee of the property, ECF No. 12 at 2.

The parties have been engaged in discovery for some months, and have become entangled in a discovery dispute regarding Berkeley Patients Group's November 2013 discovery requests.

---

[1] Pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the Court finds that the parties' briefs have thoroughly addressed the issues, rendering the matter suitable for disposition without oral argument. The hearing on this matter is therefore VACATED. Because this order vacates the hearing set for August 28, 2014, the parties' stipulation to continue that hearing, ECF No. 146, is TERMINATED as moot.

ECF No. 78 & Exs.  In particular, Berkeley Patients Group requested information in the United States' possession that relates to specified affirmative defenses.  Id.  To date, the United States has not produced this discovery, and Judge James is currently in the process of resolving a motion to reconsider her order requiring the United States to turn it over.  ECF No. 133.  In her initial ruling on this discovery dispute, Judge James not only ordered the United States to provide this discovery, but also stated that any discovery the United States turned over was likely to lead to further discovery.  ECF No. 113 at 6.  Similarly, Claimant Droubi argues that she has requested discovery related to her affirmative defenses, but the United States has unjustifiably refused to respond to her requests.  ECF No. 104 at 3.

Because of these ongoing, unresolved disputes, this Court has extended case deadlines, including discovery deadlines, by one year.  ECF No. 126.  Currently, the fact discovery period extends to May 5, 2015.  Id. at 1.

The United States filed a motion for summary judgment on April 14, 2014.  ECF No. 97.  In lieu of an opposition to the motion for summary judgment, Claimants timely filed counter-motions; they asked the Court to deny the United States' motion for summary judgment pursuant to Rule 56(d).  ECF Nos. 135, 136.

## II.     LEGAL STANDARD

Rule 56(d) of the Federal Rules of Civil Procedure provides:

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition [to a motion for summary judgment], the court may: (1) defer considering the motion [for summary judgment] or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order.

Generally, then, Rule 56(d) allows a court to deny or postpone a motion for summary judgment "if the nonmoving party has not had an opportunity to make full discovery."  Celotex Corp. v. Catrett, 477 U.S. 317, 326 (1986).

To prevail on a Rule 56(d) motion, "the parties opposing a motion for summary judgment must make (a) a timely application [that] (b) specifically identifies (c) relevant information,

2

(d) where there is some basis for believing that the information sought actually exists." Blough v. Holland Realty, Inc., 574 F.3d 1084, 1091 n.5 (9th Cir. 2009) (citations and internal quotations omitted). Courts generously grant Rule 56(d) motions, "unless the non-moving party has not diligently pursued discovery of the evidence." Burlington N. Santa Fe R. Co. v. Assiniboine & Sioux Tribes of Fort Peck Reservation, 323 F.3d 767, 773-74 (9th Cir. 2003) (citations omitted).

The nonmoving party also must indicate how the information sought could defeat summary judgment, but does not have to prove the discovery it seeks necessarily will do so: "Summary judgment should not be granted while [an] opposing party timely seeks discovery of potentially favorable information." Garret v. City & Cnty. of S.F., 818 F.2d 1515, 1519 (9th Cir. 1987) (citation omitted). Finally, "[s]ummary denial [of a Rule 56(d) motion] is especially inappropriate where . . . the material sought is also the subject of outstanding discovery requests." Burlington, 323 F.3d at 775 (citations omitted).

## III.  DISCUSSION

The Court finds that Claimants have not had an opportunity to make full discovery in this case and that they have satisfied the criteria for granting a Rule 56(d) motion.

First, Claimants have timely submitted, with their Rule 56(d) motions, declarations specifying the reasons they cannot present facts they believe are essential to their opposition to the motion for summary judgment. See ECF No. 135 & Exs.; ECF No. 136 & Exs. Second, the declarations specify relevant information they seek in discovery—i.e., information in the United States' possession related to their affirmative defenses and any follow-up discovery. Id.

Third, Claimants have shown a basis for believing that the information they seek exists. For example, Claimant Droubi seeks facts related to the affirmative defense of selective prosecution. ECF No. 135 at 11-12. In particular, Droubi requests information related to other similarly situated owners of property on which medical marijuana dispensaries are located, and which of those owners the United States has pursued forfeiture actions against. Id. This

3

information is likely to exist. Likewise, Berkeley Patients Group has pointed to information they seek in discovery that is likely to exist, including information related to when the United States became aware of Berkeley Patients Group and its operations. ECF No. 136 at 11.

Fourth, Claimants have shown that the additional discovery they request could potentially lead to evidence that would defeat the summary judgment motion. The outstanding discovery Claimants seek from the United States—according to Judge James' order requiring the United States to provide the discovery—is essential to Claimants in their effort to oppose summary judgment, as it relates to multiple affirmative defenses that are "core issues in the case and represent Berkeley Patient Group's only avenue to challenge the forfeiture action." ECF No. 113 at 3. At the very least, without further exposition of the facts, Claimants potentially will be unable to raise a genuine dispute of material fact in order to oppose summary judgment. See Burlington, 323 F.3d at 774-75 (holding that the trial court abused its discretion in denying a Rule 56(d) motion where, because of limited discovery, the party against whom summary judgment was filed was unable to show a genuine issue of material fact). But with additional discovery, Claimants could potentially uncover facts showing that at least one of their affirmative defenses, if proven, is viable. And as Judge James has pointed out, any additional discovery she orders pertaining to the affirmative defenses could lead to further discovery, which Claimants might also be able to use to oppose the motion for summary judgment.

Fourth, Claimants have diligently pursued discovery. For months they have challenged the United States' refusal to provide this discovery, ECF No. 80, and they have moved to compel its production, ECF No. 78, and have vigorously opposed the United States' motion for reconsideration of Judge James' order requiring the United States to produce the discovery and the United States' motion to stay Judge James' order, ECF Nos. 128, 140, 141.

Finally, because discovery requests are outstanding in this action, this Court is cautious to deny the Rule 56(d) motion. Also, substantial factual development could still occur in this case:

4

the Court recently extended all case deadlines, including discovery deadlines—fact discovery now closes on May 5, 2015—so the Court would be spinning its wheels by considering a summary judgment motion when the parties have not had time to develop an adequate factual record. In such circumstances, a court should generously grant relief pursuant to Rule 56(d). Accordingly, the Court finds that a ruling on the motion for summary judgment here would be premature.

Somewhat surprisingly, the United States responds to the Rule 56(d) motion by arguing only that Claimants have been unable to adduce sufficient facts to support the affirmative defenses they wish to prove. See ECF No. 142 at 5-11. There is an unconvincing, have-one's-cake-and-eat-it-too quality to this argument: on the one hand, the United States has refused to produce the information Claimants say they need to defend the case, and on the other it criticizes Claimants for not having enough information. That Magistrate Judge James originally determined that Claimants were entitled to the disputed information – a determination that stands, at least as of now – is a sufficient basis for the Court to conclude that the United States' motion should be denied until Claimants have had a fair opportunity to develop the record.

## CONCLUSION

For the foregoing reasons, the motion for summary judgment is DENIED without prejudice and the motion to deny the motion for summary judgment is GRANTED. The United States may re-notice its motion for summary judgment once the record in this case is complete.

**IT IS SO ORDERED.**

Dated: July 24, 2014

_____
JON S. TIGAR
United States District Judge