UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>REAL PROPERTY AND IMPROVEMENTS LOCATED AT 2366 SAN PABLO AVENUE, BERKELEY, CALIFORNIA,<br><br>    Defendant. | Case No. 13-cv-02027-JST (MEJ)<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION**<br><br>Re: Dkt. No. 116 |

## INTRODUCTION

Pending before the Court is Plaintiff United States of America's ("the Government") Motion for Reconsideration of the Court's May 22, 2014 Discovery Ruling. Dkt. No. 116. The Government seeks reconsideration of the Court's May 22, 2014 Order (Dkt. No. 113) as it relates to the scope of discovery pending the Government's Motion for Summary Judgment (Dkt. No. 97).

## BACKGROUND

This is an in rem action for forfeiture of real property pursuant to 21 U.S.C. § 881(a)(7), brought by the Government against the defendant real property located at 2366 San Pablo Avenue, in Berkeley, California (the "Property"), on May 2, 2013. Compl., Dkt. No. 1. Claimant Berkeley Patients Group ("BPG") is a licensed medical cannabis dispensary that has operated in the City of Berkeley since 1999. Dkt. No. 127 at 3.

On November 27, 2013, BPG served the Government with interrogatories, Requests for Admissions ("RFA"), and Requests for Production ("RFP") relating to each of its affirmative defenses. Dkt. No. 78, Ex. 1; Dkt. No. 79, Ex. 1; Dkt. No. 80, Ex. 1. On January 29, 2014, the

Government and BPG filed three joint discovery letters relating to those interrogatories, RFPs, and RFAs. Dkt. Nos. 78-80. This Court ordered the Government to respond to BPG's interrogatories, RFPs, and RFAs on May 22, 2014. Dkt. No. 113. However, between the filing of the letters and the Court's order, on April 14, 2014, the Government filed a Motion for Summary Judgment pursuant to Federal Rules of Civil Procedure 56. Dkt. No. 97.

On May 30, 2014, the Government filed a Request for Leave to File a Motion for Reconsideration of the Court's May 22, 2014 Discovery Ruling. On June 27, 2014, the Court granted both the Government's Motion and the Government's request that the Court's May 22, 2014 discovery order be stayed, effective pending the resolution of issues addressed in the Government's Motion for Reconsideration. Dkt. No. 133.

In its Motion for Reconsideration, the Government raises three arguments: (1) in order to defeat summary judgment, BPG has the burden to come forward with evidence of each element of each defense; (2) Rule 56(d) limits discovery once a party files a motion for summary judgment; and (3) the Government should not be required to make discovery or produce a privilege log relating to BPG's affirmative defenses when summary judgment may eliminate BPG as a party. Mot. at 3-7.

Claimant BPG filed an Opposition on July 10, 2014 (Dkt. No. 140), and the Government filed a Reply on July 18, 2014 (Dkt. No. 144).

**LEGAL STANDARD**

Motions for reconsideration are governed by Local Rule 7–9, which states,

> (a) Before the entry of a judgment adjudicating all of the claims and the rights and liabilities of all the parties in a case, any party may make a motion before a Judge requesting that the Judge grant the party leave to file a motion for reconsideration of any interlocutory order made by that Judge on any ground set forth in Civil L.R. 7–9(b). No party may notice a motion for reconsideration without first obtaining leave of Court to file the motion.

A motion for leave to file a motion for reconsideration must show:

> (1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought.

2

> The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order;
>
> (2) The emergence of new material facts or change of law occurring after the time of such order; or
>
> (3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

Civil L.R. 7-9(b).

## DISCUSSION

### A. Whether BPG Must Make a Prima Facie Showing of Each Defense to Defeat Summary Judgment

In its Motion, the Government first argues that "BPG has no evidence to support a number of the affirmative defenses it has asserted." Mot. at 3. The Government argues that BPG has the burden of establishing the elements of each defense. *Id*. at 4. While this is true, the Court finds this argument irrelevant to the discovery matter presently before the Court. As discussed below, the determination of whether to defer consideration of a motion for summary judgment is a determination to be made solely by the judge hearing the summary judgment motion, not the discovery judge.

### B. Whether Rule 56(d) Limits Discovery Pending a Motion for Summary Judgment

The Government next argues that pursuant to Federal Rules of Civil Procedure 56(d), "civil discovery is significantly limited by the filing of a motion for summary judgment." Mot. at 5. The Government contends that if BPG needs facts to oppose summary judgment, it must file an affidavit pursuant to Rule 56(d). *Id*.

In response, BPG argues that Rule 56 does not govern the scope of discovery. Opp'n at 4, Dkt. No. 140. Specifically, BPG contends that Rule 56(d) does not impose a "discovery stay" pending a motion for summary judgment. *Id*. BPG further argues that, if the Rule 56(d) drafters had wanted to impose discovery limitations pending summary judgment, they could have written it into the Rule. *Id*. at 5. BPG compares Rule 56(d) to 15 U.S.C. § 77z-1(b)(1), a statute that governs private securities fraud litigation, to show that when Congress intends to restrict discovery, it will draft a statute that does so. *Id*.

1    In its Reply, the Government argues Rule 56(d) "requires a stay of discovery until the
2    Court addressing the summary judgment motion determines whether or not additional discovery is
3    necessary, and if necessary, the scope of the necessary discovery." Reply at 3, Dkt. No. 144. It is
4    the Government's position that compliance with the May 22, 2014 discovery order would "defeat
5    the spirit of the law." *Id*.

6    Under Rule 56(d), "[i]f a nonmovant shows by affidavit or declaration that, for specified
7    reasons, it cannot present facts essential to justify its opposition, the court may:

> (1) defer considering the motion or deny it;
> (2) allow time to obtain affidavits or declarations or to take discovery; or
> (3) issue any other appropriate order.

Fed. R. Civ. P. 56(d).

The Court disagrees with the Government's interpretation of Rule 56(d). Neither the text of Rule 56(d) nor the legal precedent indicates that the rule limits the scope of discovery. Rather, Rule 56(d) applies to situations where there has been an opportunity to conduct discovery and the nonmoving party requires additional discovery in order to oppose summary judgment. *See Baker v. Adventist Health, Inc.*, 260 F.3d 987, 996 (9th Cir. 2001) ("To merit a continuance for additional discovery under Rule 56(f), the party opposing summary judgment must file an affidavit specifying the facts that would be developed through further discovery."); *Margolis v. Ryan*, 140 F.3d 850, 853 (9th Cir. 1998) (Rule 56(d) applies to "a party opposing summary judgment [who] demonstrates a need for further discovery in order to obtain facts essential to justify the party's opposition"); *Hall v. Tehrani*, 2013 WL 1326879, at *3 (N.D. Cal. March 29, 2013) (parties permitted to conduct discovery for four years when plaintiff requested additional discovery under Rule 56(d)); *Flowers v. Alameda Cnty. Sheriff's Dep't*, 2012 WL 1038744, at *4 (N.D. Cal. Mar. 27, 2012) ("Rule 56(d) … allows a party to avoid summary judgment when such party has not had sufficient opportunity to discover affirmative evidence necessary to oppose the motion.").

The Government relies on *Blough v. Holland Realty, Inc.*, 574 F.3d 1084 (9th Cir. 2009). Mot. at 5; Reply at 2. In that case, the defendants moved for summary judgment "more than two

4

years after the action was filed and after much discovery had been conducted." *Id.* at 1091. The class action plaintiffs filed a Rule 56(f) application requesting more time and discovery to determine whether other class members would have purchased the at-issue product. *Id*. Subsequent to filing their Rule 56(f) application, but before the district court ruled on the motion for summary judgment, the plaintiffs "filed a motion to compel discovery to the same end." *Id*. The district court denied the Rule 56(f) motion on the basis that the plaintiffs had not met their burden of identifying relevant information and also denied the motion to compel as moot "after giving [the plaintiffs] an opportunity to brief why it was not." *Id*. The Ninth Circuit affirmed, holding that the district court properly considered the merits of the Rule 56(f) application and the motion to compel before "conclud[ing] there was no point to pursuing information whose existence was implausible." *Id*.

In this case, BPG seeks initial discovery relating to its affirmative defenses. *See* Dkt. Nos. 78-80. The parties in *Blough* had time to conduct discovery before the defendants filed a motion for summary judgment. *See Blough*, 574 F.3d at 1091 ("much discovery had been conducted" when defendants moved for summary judgment). However, unlike those parties, BPG has not yet had the opportunity to conduct any discovery. BPG does not seek additional discovery to oppose summary judgment; it seeks responses to its initial written discovery that is relevant to its affirmative defenses.

The Court finds the Government has not proven that discovery should be limited once a motion for summary judgment has been filed. Accordingly, the Court DENIES the Government's Motion for Reconsideration based on these grounds.

**C.     Whether the Government Should Produce Discovery Relating to BPG's Affirmative Defenses**

Finally, the Government argues that BPG is not entitled to discovery because it failed to provide a factual basis for each affirmative defense in its Answer. Mot. at 6. The Government contends BPG is on a "fishing expedition" for evidence to support its affirmative defenses. *Id*. The Government further argues that Federal Rule of Civil Procedure 26(b)(1) does not apply "[u]nless BPG can defeat summary judgment as to one or more affirmative defenses." *Id*. The

1  Government further argues discovery is "unduly burdensome," as it "would be an enormous drain
2  on its limited resources, particularly if the United States is correct that BPG's affirmative defenses
3  cannot survive summary judgment." *Id*. at 6-7.  It is the Government's position that Rule 56(d) is
4  now the only means for BPG to obtain that discovery. *Id*. at 7.

5       In response, BPG argues "receipt of this discovery is the only avenue for it to fairly
6  prepare its defense in the case." Opp'n at 7.

7       Rule 26(b)(1) allows "[p]arties [to] obtain discovery regarding any matter, not privileged,
8  that is relevant to the claim or defense of any party…. Relevant information need not be
9  admissible at trial if the discovery appears reasonably calculated to lead to the discovery of
10 admissible evidence."

11      Despite the Government's contention, the application of Rule 26(b)(1) does not depend on
12 a party's ability to defeat summary judgment.  Instead, Rule 26 only limits discovery to matters
13 that are relevant.  Fed. R. Civ. P. 26(b)(1).  A relevant matter is "any matter that bears on, or that
14 reasonably could lead to other matters that could bear on, any issue that is or may be in the case."
15 *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).  As BPG has demonstrated the
16 discovery is relevant to its affirmative defenses, it is entitled to discovery on the matter.
17 Accordingly, the Court DENIES the Government's Motion for Reconsideration on these grounds.

**D.  Whether the Government Has Met the Procedural Requirements for a Motion for Reconsideration**

20      In its Opposition, BPG argues the Government does not specifically show why it brings its
21 Motion for Reconsideration pursuant to Civil Local Rule 7-9(b).  Opp'n at 6.  BPG argues the
22 Government's motion is procedurally defective, and reconsideration should therefore be denied on
23 this ground. *Id*.

24      The Government contends that during the telephonic hearing on June 27, 2014, the Court
25 indicated it was unaware the Government had moved for summary judgment before the Honorable
26 Jon S. Tigar, the presiding judge in this case. Reply at 2.  The Government asserts the Court
27 granted the Government leave to file the instant Motion for that reason. *Id.*  As such, it is the
28 Government's position that its Motion complies with Civil Local Rule 7-9(b) as it notified the

6

Court of a new fact, that is, the pending summary judgment. *Id.*

Civil Local Rule 7-9(b) requires the moving party to "specifically show reasonable diligence in bringing the motion, and one of the following:

> (1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order;
>
> (2) The emergence of new material facts or change of law occurring after the time of such order; or
>
> (3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order."

The Court granted the Government leave to file its Motion as the Government's motion for summary judgment was a new fact that was not taken into consideration at the time the Court issued its May 22, 2014 order. However, as the Court has denied the Government's Motion on other grounds, it need not consider BPG's procedural argument.

## CONCLUSION

Based on the foregoing analysis, the Government has failed to meet its burden in proving a new material fact has emerged that affects the scope of discovery. Accordingly, the Court DENIES the Government's Motion for Reconsideration.

**IT IS SO ORDERED.**

Dated: August 11, 2014

_____
MARIA-ELENA JAMES
United States Magistrate Judge