UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>REAL PROPERTY AND IMPROVEMENTS LOCATED AT 2366 SAN PABLO AVENUE, BERKELEY, CALIFORNIA,<br><br>　　　　Defendant. | Case No. 13-cv-02027-JST<br><br>**ORDER GRANTING MOTION FOR ENTRY OF FINAL JUDGMENT AND ENTERING FINAL JUDGMENT AGAINST CLAIMANT CITY OF BERKELEY**<br><br>Re: ECF No. 137 |

Now before the Court is Claimant City of Berkeley's unopposed motion for entry of final judgment brought pursuant to Federal Rule of Civil Procedure 54(b). ECF No. 137. For the reasons discussed below, the Court will GRANT the motion.

**I.　BACKGROUND**

In its June 23, 2014 order, the Court granted the United States' motion to strike Claimant City of Berkeley from this forfeiture action for lack of standing. ECF No. 130. As a basis for its standing, the City asserted an interest in tax proceeds generated by the medical cannabis dispensary that operated on the property subject to forfeiture ("Property"). ECF No. 16. The City also asserted an interest in its ability to regulate and control medical cannabis dispensaries located within its jurisdiction. Id. The Court found that the City of Berkeley's interest in the Property was insufficient to confer on the City standing to proceed here. ECF No. 130. While the City is no longer part of this action, Claimants Nahla Droubi (the owner/lessor of the Property) and Berkeley Patients Group (the lessee) remain in the action and challenge the Property' forfeiture.

On July 7, 2014, the City of Berkeley filed the instant motion for entry of final judgment pursuant to Rule 54(b). The City contends that, if the Court grants the motion, the City will be able immediately to appeal the issue of standing, and thereby to preserve the City's interests and,

if successful, seek redress in this Court. ECF No. 137 at 1-2. On July 22, 2014, the United States filed a statement of non-opposition to the City's motion. ECF No. 145.

## II.   LEGAL STANDARD

In relevant part, Federal Rule of Civil Procedure 54(b) provides: "when multiple parties are involved [in an action], the court may direct entry of a final judgment as to one or more, but fewer than all . . . parties only if the court expressly determines that there is no just reason for delay."

The U.S. Supreme Court has interpreted Rule 54(b) to require a district court facing a Rule 54(b) motion, first, to determine whether the motion concerns a final judgment. Curtiss-Wright Corp. v. General Elec. Co., 446 U.S. 1, 7-8 (1980). A judgment is final for the purposes of Rule 54(b) when it "terminates the litigation between the parties . . . and leaves nothing to be done but to enforce by execution what has been determined." Parr v. United States, 351 U.S. 513, 518 (1956).

After a district court has determined whether a judgment is final, it must determine whether, in its discretion, any "just reason for delay" exists. The court does so by balancing judicial administrative interests and the equities involved. Curtiss-Wright, 446 U.S. 8, 10. In particular, a court should "consider such factors as whether the claims under review [a]re separable from the others remaining to be adjudicated and whether the nature of the claims already determined was such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals." Id. at 8.

## III.   DISCUSSION

The instant motion meets the standards for entry of final judgment under Rule 54(b).

### A.   Finality of Judgment

The Court's order granting the United States' motion to strike the City of Berkeley for lack of standing disposed of all claims between the City and the United States in this action. The City is no longer a participant here, and "nothing [remains] to be done but to enforce by execution what [the Court has] determined." The Court finds that it is faced with a final judgment for the purposes of Rule 54(b).

### B.   Reason for Delay

The Court finds no just reason for delay of entry of final judgment against the City of

Berkeley. Entry of judgment will not cause additional administrative burdens on the courts, and the equities weigh in favor of allowing the City to appeal now to the Ninth Circuit.

### i. Administrative interests

No judicial administrative interests prevent entry of final judgment here. Of significant concern when evaluating a motion for entry of final judgment is "the historic federal policy against piecemeal appeals," Sears, Roebuck & Co. v. Mackey, 351 U.S. 427, 438 (1956), which can precipitate duplication of the judiciary's time and effort. But here, as the City asserts, any appeal the City brings now would concern the issue of standing—a discrete question separate from the merits (which the remaining parties might appeal later); allowing the City to appeal now would not present a risk of duplicative appeals before the Ninth Circuit. See Curtiss-Wright, 446 U.S. at 8 (holding that entry of judgment pursuant to Rule 54(b) was appropriate where "the claims under review were separable from the others remaining to be adjudicated[, and] the nature of the claims already determined was such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals.").

In particular, the Court notes that, in any subsequent appeal that may be filed on the merits of the forfeiture action, the Ninth Circuit would not have to rely on and delve into the same facts and law it relied on to resolve the standing issue. See Noel v. Hall, 568 F.3d 743, 747 (9th Cir. 2009) (affirming district court's entry of judgment under Rule 54(b) where "the factual bases of many of the claims differ as to each defendant."); cf. Wood v. GCC Bend, LLC, 422 F.3d 873 (9th Cir. 2005) (reversing entry of separate judgment because of complete factual overlap between the claim for which final judgment was entered and the extant claims in the district court action).

Here, the factual and legal bases of the standing issue and any merits issue have virtually no overlap, besides the basic premise of the action. On appeal of the standing issue, the Ninth Circuit would analyze the U.S. Supreme Court's standing jurisprudence as applied to facts regarding the City's interest in tax proceeds and its ability to regulate medical cannabis dispensaries, whereas an appeal of the forfeiture claims on the merits would most likely hinge on the validity of the forfeiture or non-forfeiture of the Property under federal forfeiture statutes.

### ii. Equities

The City of Berkeley asserts that the equities weigh heavily in favor of granting final

3

1  judgment here because, "were the City forced to wait until all claims are adjudicated, its appeal
2  would be moot if the property were ultimately forfeited." ECF No. 137 at 5-6.

3  While it is not certain that denial of the instant motion would render the City's appellate
4  claims moot, the City has raised a sufficient concern that its rights will be prejudiced to tip the
5  balance of equities in its favor. Cf. Purdy Mobile Homes, Inc. v. Champion Home Builders Co.,
6  594 F.2d 1313, 1316-17 (9th Cir. 1979) (affirming a finding of no just reason for delay in entry of
7  final judgment as to some claims where issues of law were unsettled because reversal of the
8  district court's judgment likely would result in the need for a second trial). And because no party
9  has objected to the City's motion, it appears that no other party is concerned that it would be
10 prejudiced by entry of final judgment. Accordingly, the equities appear to point clearly in favor of
11 granting the City's Rule 54(b) motion.

## CONCLUSION

For the foregoing reasons, the Court hereby GRANTS the City of Berkeley's motion for entry of final judgment pursuant to Rule 54(b), and ENTERS final judgment against the City and in favor of the United States.

**IT IS SO ORDERED.**

Dated: September 25, 2014

_____
JON S. TIGAR
United States District Judge

4