UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>REAL PROPERTY AND IMPROVEMENTS LOCATED AT 2366 SAN PABLO AVENUE, BERKELEY, CALIFORNIA,<br><br>  Defendant. | Case No. 13-cv-02027-JST   (MEJ)<br><br>**DISCOVERY ORDER**<br><br>Re: Dkt. No. 155 |

## INTRODUCTION

On October 10, 2014, the parties in this action filed a joint discovery letter regarding a dispute over Requests for Production served by Plaintiff United States of America ("the Government") on Claimant Berkeley Patients Group ("BPG"). Jt. Ltr., Dkt. No. 155. After considering the parties' arguments and controlling authorities, the Court GRANTS IN PART AND DENIES IN PART the Government's Motion to Compel for the reasons set forth below.

## BACKGROUND

This is an in rem action for forfeiture of real property pursuant to 21 U.S.C. § 881(a)(7), brought by the Government against the defendant real property located at 2366 San Pablo Avenue, in Berkeley, California (the "Property"), on May 2, 2013. Compl., Dkt. No.1. BPG is a licensed medical cannabis dispensary that has operated in the City of Berkeley since 1999. Jt. Ltr. at 1. BPG currently operates a medical cannabis dispensary at the Property. *Id.*

On February 18, 2014, BPG responded to the Government's Requests for Production, Set One ("RFPs"). Jt. Ltr., Ex. 2. On October 10, 2014, the parties filed the present discovery letter, through which the Government seeks to compel BPG to provide further responses to its RFPs.

**DISCUSSION**

BPG raises objections to each of the Government's nine RFPs. The Court shall address each RFP in turn.

1. RFP 1 – California State Board of Equalization Tax Documents

The Government's first RFP seeks documents relating to BPG and the California State Board of Equalization from January 1, 1999 to the present. Jt. Ltr., Ex. 2 at 3. BPG objects on the grounds of taxpayer privilege, privacy, the public policy against disclosure of tax documents, and the Fifth Amendment. *Id.* at 4. This is not the first time this issue has come before the Court in this case. On January 13, 2014, the Court held that the Government was not entitled to seek production of these documents because it had not yet propounded any written discovery in this case, and therefore had not utilized and exhausted less intrusive discovery methods as required before seeking production of tax returns. Dkt. No. 75 at 2. On June 6, 2014, the Court held that the Government was "again seeking tax documents relating to BPG without first exhausting other available discovery mechanisms to obtain the information it seeks in the tax records." Dkt. No. 124 at 4. The Court made this ruling without prejudice to the Government re-serving its subpoena seeking these records at a later time, provided it could not obtain the necessary "information from BPG through an interrogatory requesting BPG's total and projected sales figures for the relevant time periods." *Id.* According to BPG, the Government has thus far chosen not to propound this interrogatory. Jt. Ltr. at 4. Accordingly, the Court finds that the Government is, once again, seeking these tax documents without first exhausting other available discovery avenues and therefore sustains BPG's objection based upon the established public policy protecting tax records from unnecessary disclosure.

2. RFP 2 – Lease and Rental Documents

BFG objects to this RFP on work product, attorney-client privilege, and Fifth Amendment grounds. *Id.*, Ex. 2 at 4.

The work product doctrine is set forth in Rule 26(b)(3) of the Federal Rules of Civil Procedure, which protects from discovery materials containing the mental impressions, conclusions, legal opinions, or legal theories of a party's attorney. Fed. R. Civ. P. 26(b)(3); *In re*

2

*Grand Jury Subpoena*, 357 F.3d 900, 906 (9th Cir. 2004). "The work product doctrine protects from discovery documents and tangible things prepared by a party or his representative in anticipation of litigation." *United States v. Richey*, 632 F.3d 559, 567 (9th Cir. 2011); *Hawker v. BancInsurance, Inc.*, 2013 WL 6843088, at *6 (E.D. Cal. Dec. 27, 2013). However, the work product doctrine typically "does not apply to information collected or communications made in the normal course of business." *Kelly v. City of San Jose*, 114 F.R.D. 653, 659 (citing *Hickman v. Taylor*, 329 U.S. 495 (1947)). The party asserting work-product protection over material bears the burden of establishing the applicability of the doctrine. *Skynet Elec. Co. v. Flextronics Int'l, Ltd.*, 2013 WL 6623874, at *2 (N.D. Cal. Dec. 16, 2013).

The attorney-client privilege protects from discovery "confidential communications between attorneys and clients, which are made for the purpose of giving legal advice." *United States v. Richey*, 632 F.3d 559, 566 (9th Cir. 2011) (citation omitted). The privilege attaches when "(1) legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) unless the protection be waived." *Id.* (internal quotations omitted). The privilege is strictly construed. *United States v. Ruehle*, 583 F.3d 600, 607 (9th Cir. 2009).

The Government argues that, because BPG has failed to provide a privilege log, it is impossible to tell whether the asserted privileges apply to the documents sought in this RFP. Jt. Ltr. at 2-3. On July 9, 2014, the Court ruled on a similar issue in this case and ordered BPG to provide a privilege log describing each document and the basis for its claim of privilege. Dkt. No. 139 at 4. According to the Government, BPG has thus far failed to provide a privilege log as to the documents at issue in the Court's prior Order. Jt. Ltr. at 1. Without a privilege log, the Court cannot properly rule on this matter. Therefore BPG is ORDERED to provide the Government a privilege log describing each document sought by this RFP, and the basis for the claim of privilege. With respect to each communication for which a claim of privilege or work product is made, BPG must identify: (a) all persons making or receiving the privileged or protected communication; (b) the steps taken to ensure the confidentiality of the communication, including

affirmation that no unauthorized persons have received the communication; (c) the date of the communication; and (d) the subject matter of the communication.

3. RFP 3 – Improvements and Construction Documents

BFG also objects to this RFP on work product, attorney-client privilege, and Fifth Amendment grounds. *Id.*, Ex. 2 at 5. For the same reasons set forth above, BPG is ORDERED to provide a privilege log (in the format set forth above) describing each document sought by this RFP, and the basis for the claim of privilege.

4. RFP 4 – Documents Identifying BPG Employees from 1999 to Present

BPG objects to this RFP on the ground of overbreadth, privacy, and the Fifth Amendment. *Id.* The Court agrees that the Government has failed to demonstrate how the identities of BPG employees prior to June 1, 2012 are relevant, and further finds that the production of documents identifying such individuals would be unduly burdensome. However, the Court ORDERS BPG to provide the Government with a list of the names, positions, and addresses of all BPG employees at the subject premises from June 1, 2012 to the present.

5. RFP 5 – Documents Identifying BPG Shareholders from 1999 to Present

BPG objects to this RFP on the same grounds as RFP 4, and further argues that it has already provided the Government with the substance of what it seeks in its response to Government Interrogatory No. 13. *See* Jt. Ltr., Ex. 1 at 12. To the extent that BPG had different shareholders than those identified in that interrogatory response – which sought information only for the period after June 1, 2012 – the Court finds that the Government has failed to demonstrate how that information might be relevant in this case. Accordingly, BPG's objections to this RFP are sustained.

6. RFP 6 – Documents Identifying BPG Officers from 1999 to Present

BPG objects to this RFP on the same grounds as RFPs 4 and 5, and further argues that it has already provided the Government with the substance of what it seeks in its response to Government Interrogatory No. 5 which sought the names, addresses, and phone number of BPG's board of directors from June 1, 2012 to the present. *See* Jt. Ltr., Ex. 1 at 6. BPG further states that, to the extent the board of directors comprises different individuals from the officers, BPG is

willing to provide that information to the Government in interrogatory form. For the same reasons set forth in the Court's analysis of RFPs 4 and 5, BPG's objections to this RFP are sustained. However, BPG is ORDERED to provide the Government with a list of the names, addresses, and phone numbers of its officers to the extent they differ from the board of directors, for the period of June 1, 2012 to the present.

7. RFP 7 – Documents Reflecting Marijuana Sales at the Defendant Property

BPG objects to this RFP on privacy and Fifth Amendment grounds, and further asserts that, if the Government serves it with the interrogatory requesting BPG's total and projected sales figures for the relevant time periods, as the Court previously suggested, BPG will provide a response that should supply the Government with the information it seeks without implicating the Fifth Amendment rights of any responding individuals.

The Government argues that the Fifth Amendment does not apply in this context. Jt. Ltr. at 2. However, BPG asserts that there it has no authorized person who could comply with this request without implicating that individual's Fifth Amendment protection against self-incrimination. Jt. Ltr., Ex. 2 at 7. In some circumstances, even where the contents of documents are not privileged, the act of producing those documents may have testimonial aspects and therefore be subject to the privilege against self-incrimination. *United States v. Doe*, 465 U.S, 605, 612 (1984). Accepting BPG's assertion as true that it has no individual authorized to produce the records sought without implicating the Fifth Amendment, the Court will not order these records produced at this time and therefore sustains BPG's objection. However, the Court makes no finding at this time regarding whether the Fifth Amendment is in fact implicated, and this ruling is without prejudice to the Government renewing this request if the suggested interrogatory fails to yield the expected information.

8. RFP 8 – BPG Bank Records from 1999 to Present

BPG objects to this RFP on privacy and Fifth Amendment grounds. The Court finds that the Government has failed to demonstrate the relevance of this RFP and therefore sustains BPG's objection.

1  9. <u>RFP 9 – Documents Reflecting Marijuana Purchases at Defendant Property</u>

2  BPG objects to this RFP on privacy and Fifth Amendment grounds, and further asserts
3  that, if the Government serves it with the interrogatory requesting BPG's total and projected sales
4  figures for the relevant time periods, as the Court previously suggested, BPG will provide a
5  response that should supply the Government with the information it seeks without implicating the
6  Fifth Amendment rights of any responding individuals.

7  For the same reasons set forth in the Court's analysis of RFP 7, the Court sustains BPG's
8  objection at this time, without deciding whether the Fifth Amendment is in fact implicated, and
9  without prejudice to the Government renewing this request if the suggested interrogatory fails to
10 yield the expected information.

**CONCLUSION**

For the foregoing reasons, the Court GRANTS IN PART AND DENIES IN PART the Government's Motion to Compel responses to its RFPs.  To the extent the Court has ordered BPG to provide additional information to the Government, BPG shall comply with those orders within 21 days of the date of this Order.

**IT IS SO ORDERED.**

Dated: October 17, 2014

_____
MARIA-ELENA JAMES
United States Magistrate Judge